IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA     RECEIVED

JENNIFER P. CLARK,                    *       2008 MAR 12 P 2: 22
   PLAINTIFF,                         *
                                      *       DEBRA P. HACKETT, CLK
VS.                                   *       U.S. DISTRICT COURT
                                      *       MIDDLE DISTRICT ALA
JASON J. DEAL, AND                    *       2:08-cv-173- MHT
E. PAUL STANLEY,                      *
   DEFENDANTS.                        *

### COMPLAINT

COMES NOW, JENNIFER P. CLARK, the Plaintiff in the above-styled case, and brings forth this cause of action for defamation and preliminary and permanent injunctive relief, and as grounds thereto, submits the following:

### JURISDICTION

1. That this Court retains jurisdiction and venue over this matter due to diversity of citizenship between the Plaintiff and the defendants, and due to the defendants' publication of certain defamatory statements with the Alabama State Bar Association located in Montgomery, Alabama.

2. That the Plaintiff is a resident of Mobile, Alabama, over the age of nineteen years, and licensed to practice law in the state of Alabama.

3. That the Alabama State Bar Association is headquartered in Montgomery, Alabama, which lies within Alabama's Middle District of the United States District Court.

4. That Jason Deal is over the age of nineteen years, and a Georgia resident employed in Gainesville, Georgia.

5. That Paul Stanley is a resident of Georgia and over the age of nineteen years and a Georgia resident employed in Gainesville, Georgia.

6. That on February 13, 2008, the Plaintiff served an ante litem notice upon the State of Georgia, Department of Administrative Services, Risk Management Division as dictated by O.C.G.A. §50-21-26, and said correspondence is attached as EXHIBIT G, and referenced as if fully incorporated herein.

**DEFAMATION**

7. That the preceding paragraphs are realleged and reincorporated as if fully set forth herein.

8. That on March 29, 2007, in the clear absence of all jurisdiction, Jason Deal caused to be published a defamatory "court order" falsely alleging ex parte communications by the undersigned. Said Order is attached as EXHIBIT A, and referenced as if fully incorporated herein.

2

9. That said defamatory "order" of March 29, 2007, was
   published as a matter of public record in Hall County
   Superior Court via Larry Clark v. City of Flowery Branch,
   Georgia, et al., 2003-CV-2830-C, with the Alabama State Bar
   Association.

10.    That said defamatory "order" was published with the
   Alabama State Bar Association ("ASB") in Montgomery,
   Alabama which elected to pursue a full investigation of
   said allegation and is considering disciplinary sanctions
   against the Plaintiff.  The ASB's letter to Plaintiff dated
   January 7, 2008, is attached as EXHIBIT K, and referenced
   as if fully incorporated herein.

11.    That Paul Stanley gained access to said defamatory
   "order" and published same with the Alabama State Bar
   Association and has refused to give a public retraction for
   said false and baseless allegations of ex parte
   communications.

12.    That Jason Deal refused to give a public retraction of
   said false and baseless allegation of ex parte
   communications.

13.    That Jason Deal who is employed as a Superior Court
   Judge in Hall County, Georgia, does not enjoy judicial
   immunity because he was not acting in an official capacity
   when he entered this defamatory "order" dated March 29,

3

2007.  By publishing this defamatory "order", Deal acted in the clear absence of personal or subject matter jurisdiction and does not enjoy judicial immunity.  Deal had no involvement with said case whatsoever as he had recused himself twenty nine (29) days earlier from Clark v. Flowery Branch, et al., 2003-CV-2830-C due to the undersigned filing a complaint with the Judicial Qualifications Commission based upon his defamatory order dated July 14 and 15, 2006.  Said Order of Recusal dated February 28, 2007, is attached as EXHIBIT B, and referenced as if fully incorporated herein.

### REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION

14.    That the preceding paragraphs are realleged and reincorporated as if fully set forth herein.

15.    The Plaintiff requests injunctive relief quashing and holding for naught two "orders" written by Deal.  The first defamatory "order" was dated July 15, 2006, but file stamped a day earlier, July 14, 2006.  This "order" is referenced as "order of July 14 and 15, 2006.  That defamatory "order" is attached as EXHBIT C and referenced as if fully incorporated herein.

16.    The Plaintiff's immediate response to that defamatory "order", dated July 20, 2006, is attached as EXHIBIT D, which was served upon all counsel of record (EXHIBIT E),

4

and both exhibits are referenced as if fully incorporated herein.

17.     Thereafter, on February 28, 2007, Deal recused himself from Clark v. Flowery Branch, et al, 2003-CV-2830-C, and said Order is attached as EXHIBIT B, and referenced as if fully incorporated herein.  As grounds for his recusal, Deal cites the fact that the Plaintiff had filed a Complaint with the Judicial Qualifications Commission based upon his defamatory "order" of July 14 and 15, 2006.  Said Complaint to the Judicial Qualifications Commission ("JQC")dated February 23, 2007, and filed stamped with the Hall County Superior Court Clerk's office on February 26, 2007, is attached as EXHIBIT H, and referenced as if fully incorporated herein.  Said Complaint contains:

(a)  Grievance form dated February 23, 2007;

(b)  Letter to JQC dated February 23, 2007;

(c)  Deal's defamatory "Order On Application for Admission" dated July 14 and 15, 2006;

(d)  Plaintiff's response to Deal's "Order On Application for Admission" dated July 20, 2006;

(e)  Letter to all counsel of record serving them with Plaintiff's letter of July 20, 2006.

5

18.    On March 21, 2007, the Plaintiff acting in good faith,
gave Deal a final opportunity to correct the record and
give public retraction for the defamatory allegations of
professional misconduct alleged in said "order" of July 14
and 15, 2006.  Plaintiff's letter to Deal dated March 21,
2007 is attached as EXHIBIT F, and referenced as if fully
incorporated herein.  Deal refused to give said public
retraction and thereafter arrogantly entered a second
defamatory "order" alleging ex parte communications in the
matter of Clark v. Flowery Branch, et al., 2003-CV-2830-C.
Said "order" is attached as EXHIBIT A, and referenced as if
fully incorporated herein.

19.    Both of Deal's defamatory Orders were entered
knowingly or with reckless disregard for the truth and the
Plaintiff has suffered damages due to Deal's defamatory
statements.  Deal's statement in the form of an "order"
dated March 29, 2007, is not a legitimate Order, and the
Plaintiff requests that it be stricken from public record
and held for naught both in Georgia and Alabama due to the
fact that Deal had no involvement whatsoever in that
litigation styled Clark v. Flowery Branch, et al, 2003-CV-
2830-C, as he had recused himself on February 28, 2007.
Said "order" was written twenty-nine (29) days after his
recusal from the case, and written in the clear absence of

any jurisdiction whatsoever, and accordingly Deal is not
entitled to judicial immunity.

20.    That the allegations of professional misconduct and
the status of her pro hac vice status in the July 14 and
15, 2006 "order" are not true.  The Plaintiff's request for
public retraction was set forth in her letters to Deal
dated July 20, 2006, and March 21, 2007, which are attached
as EXHIBITS D and F, respectively, and referenced as if
fully incorporated herein.  Deal refused to make public
retraction of said allegations.

21.    That the Plaintiff is entitled to the requested
injunctive relief and submits the following:  (1) that she
has a substantial likelihood of success on the merits of
the underlying case when it is ultimately tried; (2) that
irreparable injury during the pendency of the suit will be
suffered unless the injunction issues immediately; (3) the
threatened injury to the movant outweighs whatever damage
the proposed injunction may cause the opposing party; and
(4) that if issued, the injunction would not be adverse to
the public interest, and (5) that there is no other
adequate remedy at law available to the Plaintiff.

22.    The Plaintiff respectfully requests a hearing on these
matters.

7

## DAMAGES – DEFENDANT STANLEY

23.    That the preceding paragraphs are realleged and reincorporated as if fully set forth herein.

24.    That defendant Paul Stanley knowingly or with reckless disregard for the truth, published a defamatory document making the false allegation of ex parte communications which resulted in investigation by the Alabama State Bar Association and possibly the compromise of the Plaintiff's law license.  Stanley was provided evidence by the Plaintiff that said allegation was false and he refused to give a public retraction for same.  Moreover, more than five days prior to the filing of this Complaint, Plaintiff served Stanley with a request for public retraction pursuant to Alabama Code §6-5-186, and he refused to comply.  Said letter is attached as EXHIBIT I, and referenced as if fully incorporated herein.  Accordingly, Plaintiff is seeking punitive damages against Stanley for said defamation.

25.    That the Plaintiff has suffered damage to her professionally due to this baseless allegation, and due to the Alabama State Bar's investigation of same.

26.    That the Plaintiff demands damages from defendant Stanley in the amount of $10,000,000.00 including actual,

8

incidental, compensatory, punitive and all damages
available at law.

## DAMAGES – DEFENDANT DEAL

27.    That the preceding paragraphs are realleged and
reincorporated as if fully set forth herein.

28.    That defendant Deal knowingly or with reckless
disregard for the truth, published false allegations of ex
parte communications as a matter of public record, and said
public record was published with the Alabama State Bar, who
is conducting a full investigation of these defamatory
allegations against the Plaintiff.

29.    That the Plaintiff was served with defendant Deal was
given evidence of his false allegations, and he refused to
give a public retraction of same.  Moreover, more than five
days prior to the filing of this Complaint, Plaintiff
served Deal with a request for public retraction pursuant
to Alabama Code §6-5-186, and he refused to comply.  Said
letter is attached as EXHIBIT J, and referenced as if fully
incorporated herein.  Accordingly, Plaintiff is seeking
punitive damages against Deal for said defamation.

30.    That the Plaintiff demands damages from defendant Deal
in the amount of $10,000,000.00 including actual,
incidental, compensatory and punitive damages, and all
damages available at law.

9

## JURY DEMAND

The Plaintiff respectfully demands trial by jury as to both defendant Stanley and defendant Deal.

Respectfully submitted,

JENNIFER P. CLARK (CLA075)
PRO SE
107 Saint Francis Street, #2403
Mobile, Alabama  36602
251-432-7977

## EXHIBIT LIST

EXHIBIT A:     Defamatory Court Order of March 29, 2007 falsely alleging ex parte communications by the Plaintiff.

EXHIBIT B:     Deal's Order of February 28, 2007, recusing himself from Clark v. Flowery Branch, et al., 2003-CV-2830-C.

EXHIBIT C:     Deal's defamatory court order dated July 14 and 15, 2006 alleging professional misconduct.

EXHIBIT D:     Plaintiff's letter dated July 20, 2006 responding to Deal's defamatory Order of July 14 and 15, 2006.

EXHIBIT E:     Plaintiff's letter to counsel of record serving them with her letter of July 20, 2006.

EXHIBIT F:     Plaintiff's letter to Deal dated March 21, 2007 addressing his defamatory statements and request for public retraction.

EXHIBIT G:     Plaintiff's ante-litem notice to Department of Administrative Services regarding Deal's conduct pursuant to O.C.G.A. §50-21-26.

EXHIBIT H:     Plaintiff's Complaint of February 23, 2007, filed against Deal with the Judicial Qualifications Commission of the state of Georgia based upon his defamatory statements and publication.

EXHIBIT I:     Plaintiff's letter to defendant Stanley dated February 26, 2008 requesting public retraction of alleged ex parte communications by Plaintiff.

EXHIBIT J:     Plaintiff's letter to defendant Deal dated February 11, 2008 requesting public retraction of defamatory statements alleging professional misconduct.

EXHIBIT K:     Letter to Plaintiff dated January 7, 2008, from the Alabama State Bar notifying her of its formal investigation regarding defendant Stanley's allegations of ex parte communications.

# EXHIBIT A

IN THE SUPERIOR COURT OF HALL COUNTY

STATE OF GEORGIA

FILED
HALL CO., GA

2007 MAR 29 PM 4:27

DIGHT S. WOOD, CLERK
SUPERIOR STATE COURT
BY ____ ____

| | | |
|---|---|---|
| LARRY H. CLARK, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION |
| | § | |
| vs. | § | FILE NO. 03-CV-2830-C |
| | § | |
| THE CITY OF FLOWERY BRANCH, | § | |
| GEORGIA, GENE REED, ITS MAYER, | § | |
| DENNIS BERGIN, ITS CITY MANAGER, | § | |
| JOHN THOMAS, CITY SERVICE | § | |
| SUPERVISOR, POND & COMPANY, | § | |
| CHUCK WARBINGTON, LARRY | § | |
| PRITCHETT, ACTING MAYOR & CITY | § | |
| COUNCILMAN, ED LEZAJ, CITY | § | |
| COUNCILMAN, JIM HEROLD, CITY | § | |
| COUNCILMAN, JAN SMITH, CITY | § | |
| COUNCILMAN and BRYAN PUCKETT, | § | |
| MAYOR OF FLOWERY BRANCH, | § | |
| | § | |
| Defendants. | § | |

SCANNED

## ORDER PURSUANT TO UNIFORM SUPERIOR COURT RULE 4.1

Communication regarding this case was received by Court from Jennifer P. Clark.

Pursuant to Uniform Superior Court Rule 4.1, which prohibits ex parte communications, any

communication with the Court must be revealed to parties and their counsel and for this purpose

the Court orders said written materials to be made a part of the record in the case and served

upon the other party.

SO ORDERED, this 29 day of March, 2007.

JASON J. DEAL, JUDGE
SUPERIOR COURTS
NORTHEASTERN JUDICIAL CIRCUIT

cc:   Mr. Larry Clark, Pro Se
cc:   Jennifer Clark, Esq.
cc:   William J. Casey, Esq.
cc:   Richard A. Carothers, Esq./Christopher J. Hamilton, Esq.

EXHIBIT
H

EXHIBIT B

FILED
HALL CO., GA

2007 FEB 28 PM 2: 2

DWIGHT S. WOOD, CLER
SUPERIOR STATE COUR

BY

## IN THE SUPERIOR COURT OF HALL COUNTY

## STATE OF GEORGIA

LARRY H. CLARK,                                    )
                                                   )
          Plaintiff                                )
                                                   )
v.                                                 )          CASE NO. 2003-CV-2830-C
                                                   )
THE CITY OF FLOWERY BRANCH,                        )
GEORGIA, et al,                                    )
                                                   )
          Defendants.                              )
_____                  )

### ORDER ON PLAINTIFF'S MOTION TO RECUSE

The Plaintiff having filed a Motion for Trial Court to Recuse and non-party Jennifer

Clark having filed a complaint with the Judicial Qualifications Commission against the

undersigned regarding Civil Action File No. 03-CR-2830-C, the Court hereby finds that

although there does not appear to be a valid legal basis requiring recusal, out of an abundance

of caution and in the interest of propriety, pursuant to Uniform Superior Court Rule 25.1 et

seq., the case is hereby transferred to Chief Judge C. Andrew Fuller for reassignment.

SO ORDERED this _28_ day of _Feb_____, 2007.

_____
The Honorable Jason J. Deal
Judge, Superior Courts
Northeastern Judicial Circuit

cc:  Larry Clark, Plaintiff pro se
     Christopher Hamilton, Attorney for the Defendant

EXHIBIT C

03-CV-283DC

IN THE SUPERIOR COURT OF HALL COUNTY

STATE OF GEORGIA



LARRY H. CLARK,                        )
                                       )
        Plaintiff                      )          CIVIL ACTION FILE
                                       )
v.                                     )          CASE NO. 2003-C
                                       )
THE CITY OF FLOWERY BRANCH,            )
GEORGIA, et al,                        )
                                       )
        Defendants.                    )
_____)

ORDER ON APPLICATION FOR ADMISSION

        This matter is before the Court on the submission of an Application for

Admission by Jennifer P. Clark, Esquire, for permission to appear *pro hac vice* in the

above-styled civil action.  The applicant petitioned this Court on July 9, 2006.  After a

review of the applicable law and in consideration of prior proceedings in this case, the

Court hereby enters the following order:

        Pursuant to Rule 4.4 of the Uniform Rules of Superior Courts, this Court has

authority to consider the applicant's request. CSX Transp., Inc. v. McCord, 202 Ga. App.

365 (1991), cert. denied, 202 Ga. App. 905, 414 S.E.2d 508 (1991).  A court may, in its

discretion, deny such application if the court finds *inter alia* that such admission: a) may

be detrimental to the prompt, fair and efficient administration of justice; b) may be

detrimental to the legitimate interests of parties to the proceedings other than the client

the applicant proposes to represent; or c) one or more of the clients the applicant proposes

EXHIBIT
6

to represent may be at risk of receiving inadequate representation and cannot adequately appreciate that risk. See U.S.C.R. 4.4(D)(3). Furthermore, admission to appear *pro hac vice*, once granted, may be revoked for any of the reasons listed in Section (D)(3) above. See U.S.C.R. 4,4(D)(4).

Reviewing the procedural history of the instant matter, Plaintiff filed this suit for damages on October 30, 2003. Thereafter, Ms. Clark was permitted to appear *pro hac vice* by Order of the Court dated November 12, 2003. The Court notes that since that time, the proceedings have been marked by combative behavior between the parties as well as repeated delay in the progression of discovery, scheduling of mediation and compliance with the Court's instructions. The parties have been admonished by the undersigned and Judge John E. Girardeau, to whom the case was formerly assigned, through recurring orders of contempt, protective orders and orders compelling discovery or quashing discovery motions. Moreover, the Court has on multiple occasions awarded attorney's fees against Plaintiff while represented by Ms. Clark as co-counsel, along with two different in-state attorneys.

With regard to Ms. Clark's status, this Court entered an Order dated November 14, 2005 whereby Ms. Clark and attorney William Casey were ordered to withdraw from the case by November 15, 2005, or as soon as practicable. The Court further stated that Ms. Clark and Mr. Casey were to have no further involvement in the proceedings in the above-styled case. See Civil Action File No. 2003-CV-2830-C, Consent Order, dated November 14 2005 and Order, Dated March 30, 2005, reaffirming same. At that time, attorney E. Paul Stanley was substituted as lead counsel in the case, with out-of-state attorney Braxton Blake Lowe remaining with *pro hac vice* permission.

Based on the foregoing Order unequivocally revoking Ms. Clark's *pro hac vice* status, and the Court's review of Ms. Clark's involvement in the above-styled case prior to this Court revoking her permission to appear, the Application for Admission is hereby **DENIED.**

It is the understanding of this Court that Mr. John D. Stone and Mr. Braxton Blake Lowe intend to represent the Plaintiff as in-state counsel and counsel *pro hac vice*, respectively, unless and until the Court is otherwise notified.

**SO ORDERED**, this _15_ day of _July_____, 2006.



The Honorable Jason J. Deal
Judge, Hall County Superior Court
Northeastern Judicial Circuit

cc:    Jennifer P. Clark, Applicant
       Braxton Blake Lowe, John D. Stone, Attorneys for Plaintiff
       Christopher Hamilton, Attorney for Defendants
       Deborah Grant, Office of the General Counsel, State Bar of Georgia

3

# EXHIBIT D

**JENNIFER P. CLARK**
Attorney at Law
222 South Dearborn Street
Mobile, Alabama 36602

251-432-7977 (Telephone)                                           251-432-7978 (Facsimile)

FILED
HALL CO., GA

2006 JUL 24  AM 8:

DWIGHT S. WOOD, CL
SUPERIOR STATE CO

July 20, 2006

Jason J. Deal
Superior Court
P.O. Box 49
Gainesville, Georgia  30503

    Re:  Order on Application for Admission
         2003-CV-2830-C

Dear Judge Deal,

    I received you order dated July 14, 2006.  The court's
order makes certain factual allegations upon which it
relies in deciding this motion.  Page two of this court's
order reads:

         "Reviewing the procedural history of the instant
         matter, Plaintiff filed this suit for damages on
         October 30, 2003.  Thereafter, Ms. Clark was
         permitted to appear pro hac vice by Order of the
         Court dated November 12, 2003.  The Court notes
         that since that time, the proceedings have been
         marked by combative behavior between the parties
         as well as repeated delay in the progression of
         discovery, scheduling of mediation and compliance
         with the Court's instructions."

    Undersigned applicant submits that she has exercised
professional behavior in every encounter before this court
and during the entire process of representing the Plaintiff
in this case.  She specifically asks the court to identify
the combative behavior upon which it relies in denying her
admission to represent the Plaintiff under Rule 4.4,
Uniform Superior Court Rules.  The court should note that
it is inherent in our judicial system that the process of
litigation is an adversarial one, and that even in Georgia,



Jason Deal
July 20, 2006
Page Two

it is fairly typical that opposing parties have different perspectives on issues relating to their respective posture in the case. In order for this process to be effective, the court must be impartial and unbiased, and this court's order does not appear to be that. If this court finds minor discovery disputes inappropriate or offensive, perhaps he should recuse himself, and have the clerk's office assign the case to another Superior Court judge more capable of handling such issues.

Also, the Plaintiff has supplied every piece of discovery requested by the defendants without the necessity of a hearing. The defendant's, on the other hand, refused to provide specific official city minutes upon request by the Plaintiff. The single outstanding piece of discovery by the Plaintiff constituted a lease agreement between the Plaintiff and tenant, Rip Burch. Not only did the city have a key to Mr. Burch's residence from the early phase of discovery, but they had absolute access to the premises to conduct any test, survey or evaluation that it deemed necessary. Without a hearing or any type of evidentiary finding, Judge Girardeau entered an order for attorney's fees with respect to this single issue of the lease agreement. Accordingly, the undersigned asks this court to identify the substantive portion of discovery marked as a "repeated delay".

With respect to discovery issues, the court will be advised that the defendants have consistently abused the rules of discovery throughout this case. Plaintiff's counsel was not noticed for the taking of witness depositions. Acting in good faith, as he has throughout the course of this litigation, his counsel of record appeared for depositions, whether noticed or not, without filing objections with the court in an effort to effectuate prompt discovery and move the case forward.

The court's order goes on to imply that, somehow, the undersigned applicant was responsible for problems with the scheduling of mediation. If not for the undersigned's participation in following up with Stanley and Lowe, the mediation would have never been scheduled in a timely

Jason Deal
July 20, 2006
Page Three

manner.

Incidentally, the court will note that the undersigned applicant had withdrawn when it was agreed upon to pursue mediation. If anything, undersigned counsel would have prevented any problems with scheduling of mediation. Also, the court will note that it was the defendants who refused to agree to mediate while the undersigned was Plaintiff's counsel of record. The problems with mediation would have been prevented with the representation of the undersigned applicant, so long as the court upheld its order to the parties to mediate.

It is perplexing that this court has assigned these issues as being the Plaintiff's responsibility, and cited as authority to deny the undersigned's admission. The defendants have never requested mediation, and certainly the Plaintiff has never refused to mediate. In fact, the defendants have only acted reluctantly to the court's order to pursue mediation.

The order accuses undersigned counsel of failing to comply with the court's instructions. Undersigned counsel knows of no instruction by Judge Girardeau or this court that she or the Plaintiff has failed to abide by. She asks this court to identify the instruction or instructions that it relies upon in that statement.

The court's order accuses undersigned applicant of "recurring orders of contempt". The undersigned applicant has never been held in contempt of court in this, nor any other jurisdiction. She asks this court to identify the said order upon which it relies in making that statement. The allegation of the undersigned's contemptuous conduct, presumably in this court, is untrue and certainly demonstrates a bias against this applicant and the Plaintiff.

The court's order next states that the court has "on multiple occasions awarded attorney's fees against Plaintiff while represented by Ms. Clark as co-counsel, along with two different in-state attorneys." Former Judge

Jason Deal
July 20, 2006
Page Four

Girardeau, on a single occasion and without a hearing, awarded attorney's fees on the single discovery issue regarding the lease of the property made the basis of this litigation as discussed in the preceding paragraphs. This particular lease was produced at the deposition of Hilda Clark, however Mr. Hamilton waived its production by not requesting it. There has never been a showing of how this lease is material to the city's case, and the trial court has shown absolutely no interest in the Plaintiff's position on any issue including discovery matters. Each and every request for hearing on discovery matters by the Plaintiff was summarily denied. The undersigned applicant asks this court to identify the "multiple occasions" upon which this court awarded attorney's fees, and state grounds upon which same is justified.

Also, this court sarcastically addresses the Plaintiff's retention of two different in-state attorneys. This court allowed the withdrawal of attorney Paul Stanley stating that there were no objections by the client. Apparently, the court did not read its own order before executing it, or it patently disregarded the testimony taken at the hearings of February 27 and April 26, 2006, at which numerous issues surrounding local counsel were addressed. Paul Stanley addressed the court as follows:

> "Your Honor, I am withdrawing my motion to withdraw. And I will state to the court and opposing counsel that I have now been compensated for the entire case, so I will be here through the duration of the case."

It is inconceivable that the court could find Stanley's withdrawal appropriate after his statement to the court and after the following portion of the Plaintiff's exchange with the court on April 26, 2006.

> "I never asked him to resign. I never asked him to quit. I never asked him to withdraw."

The court's order allowing Stanley's withdrawal contains factual misstatements and is ethically questionable.

Jason Deal
July 20, 2006
Page Five

This court's contrite order allowing Stanley to withdraw
from this case under these conditions was factually
incorrect, ethically questionable and left the Plaintiff
without local counsel to whom attorney's fees had been paid
in full.

The court's order is more questionable concerning the
court's bias against the Plaintiff due to the fact that it
was filed with the Hall County Clerk's office on July 14,
2006, however it was not executed until July 15, 2006.

Because of the foregoing pages of misstated facts
relied upon in denying the undersigned applicant's motion
to enroll as counsel for Plaintiff, she can only assume
that this court did not read its order before executing it
or ignored material facts relevant to these issues.
Undersigned applicant further asks this Court to state
whether the defendants supplied the court's Order On
Application for Admission. The undersigned notes that it
was filed July 14, 2006, but not executed until the
following day.

Based upon the previous pages of misstated facts
relied upon in the court's denial of undersigned
applicant's motion to enroll pro hac vice, it is obvious
that this court is biased and cannot and/or will not give
the Plaintiff a fair trial in this cause of action.

I will appreciate your immediate response to these
inquiries. If you have questions or wish to discuss this
correspondence with me further, you may call me.

Sincerely,

*Signed in Original*

JENNIFER P. CLARK (CLA075)

# EXHIBIT E

JENNIFER P. CLARK
Attorney at Law
222 South Dearborn Street
Mobile, Alabama 36602

251-432-7977 (Telephone)                                                   251-432-7978 (Facsimile)

July 21, 2006

Chris Hamilton, Esq.                              Braxton Blake Lowe
Carothers & Mitchell, LLC                         P.O. Box 1028
278 West Main Street                              Alexander City, AL 35011
Buford, GA 30518

Albert L. Norton, Jr.                             John D. Stone
4725 Peachtree Corners Circle                     McCurdy & Stone, LLP
Norcross, GA 30092                                4046 Wetherburn Way, Suite 6
                                                  Norcross, GA 30092

State Bar of Georgia
ATTN: General Counsel
104 Marietta Street, NW
Suite #100
Atlanta, GA 30303

Re: *Clark v. City of Flowery Branch, et al.*
2003-CV-2830-C

Dear Counsel,

Enclosed please find a courtesy copy of the letter sent to Judge Deal in response to his Order on Application For Admission. Along with the Plaintiff, I am an owner of the property made the basis of this litigation. Unfortunately, based upon the course of this litigation and the court's latest Order, I find the court to have an overbearing bias against the Plaintiff's interest, and in order to protect that interest, this letter was necessary.

If you have questions or need additional information, please call me at the number above.

Sincerely,

JENNIFER P. CLARK

# EXHIBIT F

JENNIFER P. CLARK
Attorney
222 Dearborn Street, South
Mobile, Alabama 36602

251.432.7977 - Telephone                                        251.432.7978 – Facsimile

March 21, 2007



Jason J. Deal
Hall County Superior Court
Post Office Box 49
Gainesville, Georgia 30503

Re: *Order Dated July 14, 2006 Denying Application For Admission*
*Case No. 2003-CV-2830-C*

Dear Mr. Deal,

This correspondence will be my final attempt to have you correct your Order dated July 14, 2006 denying my Application For Admission in the above-styled case. You denied that Application based on the following statements:

"Reviewing the procedural history of the instant matter, Plaintiff filed this suit for damages on October 30, 2003. Thereafter, Ms. Clark was permitted to appear pro hac vice by order of the Court dated November 12, 2003. The Court notes that since that time, the proceedings have been marked by combative behavior between the parties as well as repeated delay in the progression of discovery, scheduling of mediation and compliance with the Court's instructions. The parties have been admonished by the undersigned and Judge John E. Girardeau, to whom the case was formerly assigned, through recurring orders of contempt, protective orders and orders compelling discovery or quashing discovery motions."

As I have previously stated to you, those allegations are not true. I have never been combative in your courtroom, nor has there been a repeated delay in progression of discovery on my part or the Plaintiff's. Moreover, I have never been the cause of a delay in the scheduling of

Jason J. Deal
March 21, 2007
Page Two

mediation, nor have I failed to abide by a legitimate court order, and I have certainly never been held in contempt of court in this, nor any other jurisdiction. Lastly, I have never been admonished by former Judge Girardeau, and never by this Court prior to this order.

I have addressed this issue with you numerous times in open court, via correspondence, and with the Judicial Qualifications Commission, however you refuse to identify the conduct made the basis of that Order. As a member of a State Bar Association, I find your refusal to address these issues, and more importantly, your refusal to correct your error, to be most unprofessional. Also, your conduct and baseless order has seriously jeopardized the Plaintiff's posture with respect to legal representation. I have given you several opportunities to correct yourself, and you have refused to do so.

It appears from your Order that you have published it with the Office of the General Counsel of the State Bar of Georgia, and it remains a public record in the Hall County court file. I believe those allegations to be slanderous and/or libelous to my professional reputation, as I take great pride in my professional conduct, and accordingly, am left with no choice but to file suit against you if those statements are not withdrawn, and a formal apology made to me immediately. If I do not hear from you regarding this matter by March 30, 2007, I intend to file a civil suit against you based upon your statements.

If you wish to discuss this matter further, you may call me at the number above.

Sincerely,

JENNIFER P. CLARK

cc:    Office of the General Counsel, State Bar of Georgia
       Judicial Qualifications Commission

# EXHIBIT G

Jennifer P. Clark
Attorney
107 Saint Francis Street, #2403
Mobile, Alabama  36602

251-432-7977 – Telephone                                            251-432-7978 – Facsimile

February 13, 2008

State of Georgia
Department of Administrative Services
Risk Management Division
ATTN:  CANDY KIDD, DIRECTOR
200 Piedmont Avenue
Suite 1208, West Tower
Atlanta, Georgia  30334

*Via Certified Mail*

Re:  *Ante-Litem Notice as Required by O.C.G.A. §50-21-26*

Dear Ms. Kidd,

This correspondence is submitted pursuant to O.C.G.A. §50-21-26, as the required ante litem notice against a state official.  Jason J. Deal is a Superior Court Judge in and for the Northeastern Judicial Circuit.  He has entered two defamatory Orders against me.

On July 14 & 15, 2006, he stated the following:

"Reviewing the procedural history of the instant matter, Plaintiff filed this suit for damages on October 30, 2003.  Thereafter, Ms. Clark was permitted to appear pro hac vice by order of the Court dated November 12, 2003.  The Court notes that since that time, the proceedings have been marked by combative behavior between the parties as well as repeated delay in the progression of discovery, scheduling of mediation and compliance with the Court's instructions.  The parties have been admonished by the undersigned and Judge John E. Girardeau, to whom the case was formerly assigned, through recurring orders of contempt, protective orders and orders compelling discovery or quashing discovery motions.

Based on the foregoing Order unequivocally revoking Ms. Clark's pro hac vice status, and the Court's review of Ms. Clark's involvement in the above-styled case prior to this Court revoking her permission to appear, the Application for Admission is hereby DENIED."

Ms. Candy Kidd, Director
Risk Management Division
February 13, 2008
Page Two

As I have stated on the record with Deal on several occasions, the undersigned has never been combative in a courtroom, or responsible for the delay in the progression of discovery and the scheduling of mediation. The undersigned has never been admonished by former Judge John Girardeau. In fact, Girardeau never gave this case the benefit of a hearing on any pending motion, including the award of attorney's fees. At that time, the undersigned had never been held in contempt of court in the Georgia courts nor any other jurisdiction. Moreover, she has never had her pro hac vice status revoked in the Georgia nor any other jurisdiction.

On March 29, 2007, Deal published a second defamatory Order alleging improper ex parte communications by the undersigned. Certain relative documents are submitted for your review of that false and malicious allegation. These documents were previously submitted to you via certified mail on February 11, 2008.

Deal's Orders were made a matter of public record in Clark v. Flowery Branch, et al., 2003-CV-2830-C, and upon information and belief, were also were published with the Georgia State Bar. As a result of said Orders, the Alabama State Bar, which the undersigned is currently a member in good standing, is conducting an investigation and considering disciplinary sanctions.

The following information is submitted pursuant to O.C.G.A. §50-21-26(5).

(a) Jason J. Deal, Superior Court Judge, Northeastern Judicial Circuit;
(b) July 14 & 15, 2006 and March 29, 2007;
(c) Made public in court file of Hall County Clerk's Office, 2003-CV-2830-C, and the State Bar of Georgia;
(d) Defamation to professional reputation;
(e) $10,000,000.00
(f) Jason Deal's Court Orders of July 14 & 15, 2006 and March 29, 2007.

If you have questions or need additional information pertaining to this matter, please call me at the number above.

Sincerely,

JENNIFER P. CLARK

c:  Robert Lusk, Esq.     (Via Certified Mail)
    Richard Shields, Esq.  (Via U.S. Mail)

# EXHIBIT H



# JUDICIAL QUALIFICATIONS COMMISSION
## State of Georgia

8206 Hazelbrand Road
Suite C
Covington, GA 30014
(770) 784-3189
Fax (770) 784-2454

### COMPLAINT FORM

This form is designed to provide the Commission with information required to make an initial evaluation of your complaint.

PLEASE READ THE ENTIRE FORM AND THE ENCLOSED BROCHURE EXPLAINING THE COMMISSION'S FUNCTION, JURISDICTION AND PROCEDURES BEFORE ATTEMPTING TO COMPLETE THIS FORM.

PLEASE NOTE: COMPLAINT FORM MUST BE TYPED OR LEGIBLY HAND PRINTED, DATED AND SIGNED BEFORE IT WILL BE CONSIDERED.

I. Person Making Complaint

Name _Clark_____ _Jennifer_____ _Paige_____
Mr.        (last)                  (first)                 (middle)
Ms.
Mrs.

Address _222 Dearborn Street, South_____
_Mobile, Alabama 36602_____

Telephone (Day) _251-432-7977____ (Eve) _251-458-9418_

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

II. Judge Against Whom Complaint is Made

Name _Deal_____ _Jason_____ _J._____
        (last)                  (first)                 (middle)

Address _Post Office Box 49_____
_Gainesville, Georgia 30503_____

Judicial Office Held _Superior____ County/Judicial Circuit _Northeastern_
(i.e. Magistrate, Superior, Etc.)

III. Statement of Facts

Please provide in as much detail as possible the information of which you have knowledge which you believe constitutes judicial misconduct or disability. Include names, dates, places, addresses and telephone numbers which may assist the Commission.

Note: In the Code of Judicial Conduct, "knowledge" denotes actual knowledge of the fact in question and may be inferred from circumstances.

False Statements made as ground to deny re-enrollment as Plaintiffs Counsel and Slander of Professional integrity causing prejudice to the undersigned and to the Plaintiff in 2003-CV-2830-C. (Clark v. Flowery Branch, etal.)

Please see attached correspondence as it is incorporated into this Complaint.

If additional space is required, attach and number additional pages

IV. Additional Information   (if available)

a. If your complain arises out of a court case, please answer the following
   questions:

   1. What is the name and number of the case?

      Case name: _Clark v. Flowery Branch_ Case Number _2003-CV-2830-C_
      _et al._

   2. What kind of case is it?

      ☑ civil    ☐ criminal    ☐ domestic relations    ☐ probate

      ☐ small claims    ☐ traffic    ☐ other (specify)

   3. What is your relationship to the case?

      ☐ plaintiff/petitioner          ☐ defendant/respondent

      ☑ attorney for _Plaintiff_          : _____

      ☐ witness for _____      : _____

      ☐ other (specify)

b. If you were represented by an attorney in this matter at the time of the
   judge's conduct, please identify the attorney:

   Name _____

   Address _____

   _____

   Phone _____

c. List and attach copies of any relevant documents which you believe support
   your claim that the judge has engaged in judicial misconduct or has a
   disability. (Note: These documents may not be returned to you and you
   should retain a copy for your records.)

   _Please see 3 page letter attached hereto along_
   _with exhibits A & B. (Court Order and letter dated_
   _July 20, 2006_

d. Identify, if you can, any other witnesses to the conduct about which you
   complain:

   Name(s): _Larry H. Clark_ _____

   Addresses: _P.O. Box 446  Flowery Branch, GA 30542_

IN FILING THIS COMPLAINT, I UNDERSTAND THAT THE COMMISSION'S RULES PROVIDE THAT ALL PROCEEDINGS OF THE COMMISSION, INCLUDING COMPLAINTS FILED WITH THE COMMISSION, SHALL BE KEPT CONFIDENTIAL UNTIL THIS COMPLAINT HAS BEEN RESOLVED. I FURTHER UNDERSTAND THAT THIS RULE OF CONFIDENTIALITY ATTACHES AND BECOMES EFFECTIVE UPON THE FILING OF THIS COMPLAINT AND THAT ANY VIOLATION COULD RESULT IN A CITATION FOR CONTEMPT OF THE SUPREME COURT.

V.  Under penalty of perjury, I declare that I have examined and understand this
complaint form and to the best of my knowledge and belief, the above
information is true, correct and complete and submitted of my own free will.

2-23-2007                                                                
_____        _____
(Date)                              (Complainant's Signature)

( Only signed complaints will be considered.)

Please note that the Commission only has authority to investigate allegations of judicial misconduct or permanent disability by persons holding state judicial positions. The Commission has no jurisdiction over and does not consider complaints against Federal Judges, lawyers, police, court personnel or District Attorneys. The Commission does not act as an appellate court and cannot review, reverse or modify a legal decision made by a judge in the course of a court proceeding. For example, the Commission does not investigate claims that a judge wrongfully excluded evidence; imposed an improper sentence; awarded custody to the wrong party; incorrectly awarded alimony or child support; incorrectly resolved a legal issue or believed perjured testimony.

You should also be aware that in the course of the investigation, the Commission may find it necessary to disclose your identity and the existence of this complaint to the involved judge. By filing this complaint, you expressly consent to any such disclosure.

If after reviewing this form and the accompanying brochure, you have further questions, the Commission will welcome your inquiry. Be assured that any complaint which lies within the jurisdiction of the Commission will be carefully considered.

Please return this form and direct all future communications to:

Judicial Qualifications Commission
Suite   C
8206 Hazelbrand Road
Covington, GA   30014

If you need additional forms, permission is granted to make copies of this form.

JENNIFER P. CLARK
ATTORNEY AT LAW
222 South Dearborn Street
Mobile, Alabama 36602

251.432.7977 - Telephone

251.432.7978 - Facsimile

February 23, 2007

Judicial Qualifications Commission
State of Georgia
ATTN: COMPLAINT DIVISION
8206 Hazelbrand Road
Suite C
Covington, Georgia 30014

Re: Judge Jason J. Deal
Superior Court, Northeastern Judicial Circuit
Larry H. Clark v. City of Flowery Branch, et al.
2003-CV-2830-C

Dear Sir or Madam:

Please accept this correspondence as a formal grievance against Superior Court Judge Jason J. Deal of the Northeastern Judicial Circuit. I am an attorney licensed in the state of Alabama, and enrolled in 2003 as counsel, pro hac vice, to the Plaintiff, Larry H. Clark, who is joining me in this grievance. I filed the initial Complaint, and was attorney of record for approximately three years of litigation. Other attorneys enrolled as counsel to the Plaintiff and later withdrew. The Plaintiff was left without counsel, and I then applied to re-enroll as his counsel. That application to re-enroll was denied Judge Jason Deal citing a litany of false allegations as follows:

"[C]ombative behavior, repeated delay in progression of discovery, scheduling of mediations and compliance with the Court's instructions. The parties have been admonished by the undersigned and Judge John E. Girardeau, to whom the case was formerly assigned, through recurring orders of contempt, protective orders and orders compelling discovery or quashing discovery motions." (Order Attached as Exhibit A).

Judicial Qualifications Commission
February 23, 2007
Page Two

I am an attorney licensed in the state of Alabama in good standing, and have never been held in contempt of court in the Northeastern Judicial Circuit, nor any other jurisdiction. I have never been admonished by Jason Deal prior to this court order, nor John Girardeau, in fact, Girardeau has never given this case the benefit of a hearing on any pending motion, including the award of attorney's fees. Moreover, I have never acted in a combative manner in a courtroom in any jurisdiction, nor have I failed to comply with a legitimate court order. Upon receiving this order, I immediately filed with the court a letter addressing his false statements and requested his immediate attention in identifying or correcting the facts made the basis of his ruling. (Exhibit B). He refused to respond to that inquiry. Moreover, at the hearing on December 12, 2006, I addressed the issue on the record, and he refused to respond or offer justification for his ruling. His statements were slanderous to my professional reputation, and flatly false. I have ordered the transcript of December 12, 2006, and will immediately mark it as an exhibit to this grievance when received.

I take great pride in my profession, and conduct myself accordingly. I take very seriously the slanderous and unprofessional statements made by Jason Deal in his public court order, and have given him every opportunity to correct himself. These allegations are without merit, and he has refused to tender a rationale for his behavior. Because of Deal's unprofessional behavior and refusal to address his false statements, I am left with the unfortunate alternative of filing this grievance with your agency. I am requesting your assistance in addressing this matter as it directly affects the appearance of my professional integrity, as well as the appearance of fairness, impartiality and integrity of the Georgia bench. I look forward to your assistance.

Sincerely,

JENNIFER P. CLARK (CLA075)
State Bar of Alabama Number: (CLA075)

LARRY H. CLARK
Post Office Box 446
Flowery Branch, Georgia 30542
770-967-6307

Judicial Qualifications Commission
February 23, 2007
Page Three


Attachments:
Exhibit A: Court Order Denying Application to Re-enroll
Exhibit B: Letter to Deal dated July 20, 2006

JUL-17-2006  10:46  FROM  DX-1000  (NAM)U1.05  5M  TO  12514327978          P.02/04

IN THE SUPERIOR COURT OF HALL COUNTY

STATE OF GEORGIA

McCURDY & STONE, LLP

JUL 1 7 2006

Received in Office

LARRY H. CLARK,                    )
                                   )
    Plaintiff               )                    CIVIL ACTION FILE
                                   )
v.                                 )                    CASE NO. 2003-CV-2830-C
                                   )
THE CITY OF FLOWERY BRANCH,        )
GEORGIA, et al,                    )
                                   )
    Defendants.             )

## ORDER ON APPLICATION FOR ADMISSION

    This matter is before the Court on the submission of an Application for

Admission by Jennifer P. Clark, Esquire, for permission to appear *pro hac vice* in the

above-styled civil action. The applicant petitioned this Court on July 9, 2006. After a

review of the applicable law and in consideration of prior proceedings in this case, the

Court hereby enters the following order:

    Pursuant to Rule 4.4 of the Uniform Rules of Superior Courts, this Court has

authority to consider the applicant's request. CSX Transp., Inc. v. McCord, 202 Ga. App.

365 (1991), cert. denied, 202 Ga. App. 905, 414 S.E.2d 508 (1991). A court may, in its

discretion, deny such application if the court finds *inter alia* that such admission: a) may

be detrimental to the prompt, fair and efficient administration of justice; b) may be

detrimental to the legitimate interests of parties to the proceedings other than the client

the applicant proposes to represent; or c) one or more of the clients the applicant proposes



to represent may be at risk of receiving inadequate representation and cannot adequately appreciate that risk. See U.S.C.R. 4.4(D)(3). Furthermore, admission to appear *pro hac vice*, once granted, may be revoked for any of the reasons listed in Section (D)(3) above. See U.S.C.R. 4.4(D)(4).

Reviewing the procedural history of the instant matter, Plaintiff filed this suit for damages on October 30, 2003. Thereafter, Ms. Clark was permitted to appear *pro hac vice* by Order of the Court dated November 12, 2003. The Court notes that since that time, the proceedings have been marked by combative behavior between the parties as well as repeated delay in the progression of discovery, scheduling of mediation and compliance with the Court's instructions. The parties have been admonished by the undersigned and Judge John E. Girardeau, to whom the case was formerly assigned, through recurring orders of contempt, protective orders and orders compelling discovery or quashing discovery motions. Moreover, the Court has on multiple occasions awarded attorney's fees against Plaintiff while represented by Ms. Clark as co-counsel, along with two different in-state attorneys.

With regard to Ms. Clark's status, this Court entered an Order dated November 14, 2005 whereby Ms. Clark and attorney William Casey were ordered to withdraw from the case by November 15, 2005, or as soon as practicable. The Court further stated that Ms. Clark and Mr. Casey were to have no further involvement in the proceedings in the above-styled case. See Civil Action File No. 2003-CV-2830-C, Consent Order, dated November 14 2005 and Order, Dated March 30, 2005, reaffirming same. At that time, attorney E. Paul Stanley was substituted as lead counsel in the case, with out-of-state attorney Braxton Blake Lowe remaining with *pro hac vice* permission.

2

JUL-17-2006  10:47   FROM  DX-1000  (NAM)V1.05  5M    TO  12514327978              P.04/04

Based on the foregoing Order unequivocally revoking Ms. Clark's *pro hac vice*

status, and the Court's review of Ms. Clark's involvement in the above-styled case prior

to this Court revoking her permission to appear, the Application for Admission is hereby

**DENIED.**

It is the understanding of this Court that Mr. John D. Stone and Mr. Braxton

Blake Lowe intend to represent the Plaintiff as in-state counsel and counsel *pro hac vice*,

respectively, unless and until the Court is otherwise notified.

**SO ORDERED,** this _15_ day of ___July___, 2006.

_____
The Honorable Jason J. Deal
Judge, Hall County Superior Court
Northeastern Judicial Circuit

cc:     Jennifer P. Clark, Applicant
        Braxton Blake Lowe, John D. Stone, Attorneys for Plaintiff
        Christopher Hamilton, Attorney for Defendants
        Deborah Grant, Office of the General Counsel, State Bar of Georgia

3

**JENNIFER P. CLARK**
Attorney at Law
222 South Dauphin Street
Mobile, Alabama 36602

251-432-7977 (Telephone)

251-432-7978 (Facsimile)

FILED
HALL CO., GA

2006 JUL 24 AM 8:

DWIGHT S. WOOD, CLE
SUPERIOR STATE COU

July 20, 2006

Jason J. Deal
Superior Court
P.O. Box 49
Gainesville, Georgia  30503

Re:  *Order on Application for Admission*
*2003-CV-2830-C*

Dear Judge Deal,

I received you order dated July 14, 2006.  The court's order makes certain factual allegations upon which it relies in deciding this motion.  Page two of this court's order reads:

> "Reviewing the procedural history of the instant matter, Plaintiff filed this suit for damages on October 30, 2003.  Thereafter, Ms. Clark was permitted to appear pro hac vice by Order of the Court dated November 12, 2003.  The Court notes that since that time, the proceedings have been marked by combative behavior between the parties as well as repeated delay in the progression of discovery, scheduling of mediation and compliance with the Court's instructions."

Undersigned applicant submits that she has exercised professional behavior in every encounter before this court and during the entire process of representing the Plaintiff in this case.  She specifically asks the court to identify the combative behavior upon which it relies in denying her admission to represent the Plaintiff under Rule 4.4, Uniform Superior Court Rules.  The court should note that it is inherent in our judicial system that the process of litigation is an adversarial one, and that even in Georgia,



Jason Deal
July 20, 2006
Page Two

it is fairly typical that opposing parties have different
perspectives on issues relating to their respective posture
in the case.  In order for this process to be effective,
the court must be impartial and unbiased, and this court's
order does not appear to be that.  If this court finds
minor discovery disputes inappropriate or offensive,
perhaps he should recuse himself, and have the clerk's
office assign the case to another Superior Court judge more
capable of handling such issues.

   Also, the Plaintiff has supplied every piece of discovery
requested by the defendants without the necessity of a
hearing.  The defendant's, on the other hand, refused to
provide specific official city minutes upon request by the
Plaintiff.  The single outstanding piece of discovery by
the Plaintiff constituted a lease agreement between the
Plaintiff and tenant, Kip Burch.  Not only did the city
have a key to Mr. Burch's residence from the early phase of
discovery, but they had absolute access to the premises to
conduct any test, survey or evaluation that it deemed
necessary.  Without a hearing or any type of evidentiary
finding, Judge Girardeau entered an order for attorney's
fees with respect to this single issue of the lease
agreement.  Accordingly, the undersigned asks this court to
identify the substantive portion of discovery marked as a
"repeated delay".

   With respect to discovery issues, the court will be
advised that the defendants have consistently abused the
rules of discovery throughout this case.  Plaintiff's
counsel was not noticed for the taking of witness
depositions.  Acting in good faith, as he has throughout
the course of this litigation, his counsel of record
appeared for depositions, whether noticed or not, without
filing objections with the court in an effort to effectuate
prompt discovery and move the case forward.

   The court's order goes on to imply that, somehow, the
undersigned applicant was responsible for problems with the
scheduling of mediation.  If not for the undersigned's
participation in following up with Stanley and Lowe, the
mediation would have never been scheduled in a timely

Jason Deal
July 20, 2006
Page Three

manner.

Incidentally, the court will note that the undersigned
applicant had withdrawn when it was agreed upon to pursue
mediation. If anything, undersigned counsel would have
prevented any problems with scheduling of mediation. Also,
the court will note that it was the defendants who refused
to agree to mediate while the undersigned was Plaintiff's
counsel of record. The problems with mediation would have
been prevented with the representation of the undersigned
applicant, so long as the court upheld its order to the
parties to mediate.

It is perplexing that this court has assigned these
issues as being the Plaintiff's responsibility, and cited
as authority to deny the undersigned's admission. The
defendants have never requested mediation, and certainly
the Plaintiff has never refused to mediate. In fact, the
defendants have only acted reluctantly to the court's order
to pursue mediation.

The order accuses undersigned counsel of failing to
comply with the court's instructions. Undersigned counsel
knows of no instruction by Judge Girardeau or this court
that she or the Plaintiff has failed to abide by. She asks
this court to identify the instruction or instructions that
it relies upon in that statement.

The court's order accuses undersigned applicant of
"recurring orders of contempt". The undersigned applicant
has never been held in contempt of court in this, nor any
other jurisdiction. She asks this court to identify the
said order upon which it relies in making that statement.
The allegation of the undersigned's contemptuous conduct,
presumably in this court, is untrue and certainly
demonstrates a bias against this applicant and the
Plaintiff.

The court's order next states that the court has "on
multiple occasions awarded attorney's fees against
Plaintiff while represented by Ms. Clark as co-counsel,
along with two different in-state attorneys." Former Judge

Jason Deal
July 20, 2006
Page Four

Girardeau, on a single occasion and without a hearing,
awarded attorney's fees on the single discovery issue
regarding the lease of the property made the basis of this
litigation as discussed in the preceding paragraphs.  This
particular lease was produced at the deposition of Hilde
Clark, however Mr. Hamilton waived its production by not
requesting it.  There has never been a showing of how this
lease is material to the city's case, and the trial court
has shown absolutely no interest in the Plaintiff's
position on any issue including discovery matters.  Each
and every request for hearing on discovery matters by the
Plaintiff was summarily denied.  The undersigned applicant
asks this court to identify the "multiple occasions" upon
which this court awarded attorney's fees, and state grounds
upon which same is justified.

     Also, this court sarcastically addresses the Plaintiff's
retention of two different in-state attorneys.  This court
allowed the withdrawal of attorney Paul Stanley stating
that there were no objections by the client.  Apparently,
the court did not read its own order before executing it,
or it patently disregarded the testimony taken at the
hearings of February 27 and April 26, 2006, at which
numerous issues surrounding local counsel were addressed.
Paul Stanley addressed the court as follows:

          "Your Honor, I am withdrawing my motion to
     withdraw.  And I will state to the court and opposing
     counsel that I have now been compensated for the
     entire case, so I will be here through the duration of
     the case."

It is inconceivable that the court could find Stanley's
withdrawal appropriate after his statement to the court and
after the following portion of the Plaintiff's exchange
with the court on April 26, 2006.

          "I never asked him to resign.  I never asked him
     to quit.  I never asked him to withdraw."

     The court's order allowing Stanley's withdrawal contains
factual misstatements and is ethically questionable.

Jason Deal
July 20, 2006
Page Five

This court's contrite order allowing Stanley to withdraw
from this case under these conditions was factually
incorrect, ethically questionable and left the Plaintiff
without local counsel to whom attorney's fees had been paid
in full.

The court's order is more questionable concerning the
court's bias against the Plaintiff due to the fact that it
was filed with the Hall County Clerk's office on July 14,
2006, however it was not executed until July 15, 2006.

Because of the foregoing pages of misstated facts
relied upon in denying the undersigned applicant's motion
to enroll as counsel for Plaintiff, she can only assume
that this court did not read its order before executing it
or ignored material facts relevant to these issues.
Undersigned applicant further asks this Court to state
whether the defendants supplied the court's Order On
Application for Admission. The undersigned notes that it
was filed July 14, 2006, but not executed until the
following day.

Based upon the previous pages of misstated facts
relied upon in the court's denial of undersigned
applicant's motion to enroll pro hac vice, it is obvious
that this court is biased and cannot and/or will not give
the Plaintiff a fair trial in this cause of action.

I will appreciate your immediate response to these
inquiries. If you have questions or wish to discuss this
correspondence with me further, you may call me.

Sincerely,

*Signed in Original*

JENNIFER P. CLARK (CLA075)

### JENNIFER P. CLARK
Attorney at Law
222 South Dearborn Street
Mobile, Alabama  36602

251-432-7977 (Telephone)                                                     251-432-7978 (Facsimile)

July 21, 2006

Chris Hamilton, Esq.                          Braxton Blake Lowe
Carothers & Mitchell, LLC                     P.O. Box 1028
278 West Main Street                          Alexander City, AL  35011
Buford, GA  30518

Albert L. Norton, Jr.                         John D. Stone
4725 Peachtree Corners Circle                 McCurdy & Stone, LLP
Norcross, GA  30092                           4046 Wetherburn Way, Suite 6
                                              Norcross, GA  30092

State Bar of Georgia
ATTN:  General Counsel
104 Marietta Street, NW
Suite #100
Atlanta, GA  30303

*Re:  Clark v. City of Flowery Branch, et al.*
*2003-CV-2830-C*

Dear Counsel,

    Enclosed please find a courtesy copy of the letter sent to Judge Deal in response to his Order on Application For Admission.  Along with the Plaintiff, I am an owner of the property made the basis of this litigation.  Unfortunately, based upon the course of this litigation and the court's latest Order, I find the court to have an overbearing bias against the Plaintiff's interest, and in order to protect that interest, this letter was necessary.

    If you have questions or need additional information, please call me at the number above.

Sincerely,

JENNIFER P. CLARK

# EXHIBIT I

# Jennifer P. Clark
## Attorney
### 107 Saint Francis Street, #2403
### Mobile, Alabama  36602

251-432-7977 – Telephone                                    251-432-7978 – Facsimile

February 26, 2008

E. Paul Stanley
c/o Hawkins & Parnell, LLP
ATTN:  CHRISTI DICKSON FEENEY
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308

*Re:  Request for Public Retraction of Defamatory Allegations of Ex Parte Communications*

Dear Ms. Feeney,

This correspondence will request that E. Paul Stanley make a full and public retraction of his defamatory allegations published against the undersigned alleging unauthorized practice of law pertaining to the exercise of the undersigned's Power of Attorney over Larry Clark's affairs, and ex parte communications in 2007-CV-2830-C.  Said allegations are not true and if Mr. Stanley does not make said full and public retraction by Friday, March 7, 2008, I intend to file suit against Stanley and all proper defendants seeking legal remedy, including punitive damages.

Your immediate attention is appreciated.

Sincerely,

JENNIFER P. CLARK

c:    Robert Lusk, Esq.
      Richard Shields, Esq.

EXHIBIT J

# Jennifer P. Clark
## Attorney
### 107 Saint Francis Street, #2403
### Mobile, Alabama  36602

251-432-7977 – Telephone                                    251-432-7978 – Facsimile

February 11, 2008

Jason J. Deal
Hall County Superior Court
Post Office Box 49
Gainesville, Georgia  30503

*Re: Orders Dated July 14 and 15, 2006 and*
*March 29, 2007*
*2003-CV-2830-C*

Mr. Deal,

This correspondence will serve as my final request that you take the necessary legal action to withdraw and hold for naught your Orders dated July 14 and 15, 2006 and March 29, 2007 in the above-styled case. These Orders contain blatant dishonest and defamatory allegations regarding professional conduct, pro hac vice status and ex parte communications, and both were entered without personal or subject matter jurisdiction. I will expect you to take said legal action to vacate these orders in their entirety by Monday, February 25, 2008, or I will have no alternative to filing suit against you for damages. These defamatory Orders have lead to investigation by the Alabama State Bar Association who is considering disciplinary sanctions. In sharp contrast to your cowardice in prior litigation, I challenge you to submit to a deposition regarding your allegations.

As a courtesy, I have enclosed the following material:

a)  your defamatory Order of July 14 and 15, 2006;
b)  my letter to you dated July 20, 2006 and filed with the Court;
c)  my letter to opposing counsel addressing service of said letter dated July 21, 2006;
d)  your Order recusing yourself from 2003-CV-2830-C dated February 28, 2007 (Order on Plaintiff's Motion to Recuse);
e)  my letter to you dated March 21, 2007 threatening legal action for defamation pursuant to said Order; and
f)  your defamatory Order of March 29, 2007 alleging improper ex parte communications.

Your immediate attention is expected and appreciated.

Jason J. Deal
February 11, 2008
Page Two

Sincerely,

JENNIFER P. CLARK

cc:     Robert Lusk, Esq.
        Richard Shields, Esq.
        Risk Assessment Division, State of Georgia  (Via Certified Mail)
        Hon. Robert Struble
        E. Paul Stanley (via Hawkins & Parnell)
        Judicial Qualifications Commission
        Larry H. Clark

EXHIBIT K



ALABAMA STATE BAR
**THE DISCIPLINARY COMMISSION**
TELEPHONE 334-269-1515
P.O. BOX 671
MONTGOMERY, AL 36101

FAX: 334/261-6311

DELIVERY ADDRESS
415 DEXTER AVENUE
MONTGOMERY, AL 36104

January 4, 2008

Mr. E. Paul Stanley
3292 Thompson Bridge Rd
Gainesville, GA    30506-1561

Re:  ASB No. 08-16(A)
     Complaint against Miss Jennifer Paige Clark

Dear Mr. Stanley:

Receipt of your complaint is acknowledged.

Your complaint has been forwarded to the Mobile Bar Association for further investigation. If further information is needed, they will contact you.

Any correspondence concerning this complaint should be directed to the following address:

> Mobile Bar Association
> Attn: Barbara Rhodes
> P.O. Drawer 2005
> Mobile, AL    36652-0000

Sincerely,

Kim J. Ellis
For the Office of the General Counsel

RULE 30. ALABAMA RULES OF DISCIPLINARY PROCEDURE OF THE ALABAMA STATE BAR, ADOPTED BY THE SUPREME COURT OF ALABAMA, PROVIDES THAT ALL DISCIPLINARY PROCEEDINGS SHALL REMAIN CONFIDENTIAL UNTIL A PLEA OF GUILTY OR THE DISCIPLINARY BOARD OR DISCIPLINARY COMMISSION MAKES A FINDING OF GUILT.

DUPLICATE

Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004290
Cashier ID: brobinso
Transaction Date: 03/12/2008
Payer Name: JENNIFER P CLARK
------------------------------------
CIVIL FILING FEE
 For: JENNIFER P CLARK
 Case/Party: D-ALM-2-08-CV-000173-001
 Amount:        $350.00
------------------------------------
CASH
 Amt Tendered: $350.00
------------------------------------
Total Due:     $350.00
Total Tendered: $350.00
Change Amt:    $0.00

CLARK V. STANLEY ET AL