UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA

| | |
|---|---|
| JENNIFER P. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION FILE NO. |
| v. | ) |
| | ) 2:08-CV-173-MHT |
| E. PAUL STANLEY and | ) |
| JASON J. DEAL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**BRIEF IN SUPPORT OF JASON J. DEAL'S
PRE-ANSWER MOTION TO DISMISS**

Defendant Jason J. Deal ("Judge Deal") hereby files this Brief in Support of Jason J. Deal's Pre-Answer Motion to Dismiss.

**I. STATEMENT OF THE FACTS**

Defendant Jason J. Deal is a resident of the State of Georgia and a Judge of the Superior Court of Hall County, Georgia. Judge Deal has no ties or connections to the State of Alabama that would render him subject to the personal jurisdiction of this Court.

According to Plaintiff's First Amended Complaint, Judge Deal issued an order causing correspondence received by Judge Deal from Plaintiff to be filed of record. (Plaintiff's First Amended Complaint, paragraph 9 and Exhibit A). Pursuant to Exhibit A, Judge Deal issued his order in compliance with the

Local Rules of the Superior Court of Hall County. (See Exhibit A to Plaintiff's First Amended Complaint).

Plaintiff alleges that Defendant Paul Stanley caused Judge Deal's order to be "published" to the Alabama State Bar Association. (Plaintiff's First Amended Complaint at paragraph 12). Apparently, the Alabama State Bar Association is considering disciplinary action against Plaintiff. (Plaintiff's First Amended Complaint at paragraph 11). Finally, with respect to Judge Deal, Plaintiff alleges that Judge Deal refused to give a public retraction of his order. (Plaintiff's First Amended Complaint at paragraph 13). There are no allegations that Judge Deal has or made any contacts with the State of Alabama.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. THE COURT LACKS PERSONAL JURISDICTION OVER JUDGE DEAL.

#### 1. Alabama's Two-pronged Test For Long Arm Jurisdiction.

On a motion to dismiss for lack of personal jurisdiction, it is the Plaintiff who bears the burden of establishing the Court's jurisdiction over the Defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed.2d 1135 (1936). Time Share Vacation Club v. Atlantic Resorts, 735 F.2d 61 (3rd Cir. 1992). There are two factors for establishing personal jurisdiction upon an out-of-state resident: the forum state's long-arm statute must extend jurisdiction, and the extension of that jurisdiction must not

violate principles of due process. <u>Paolino v. Channel Home Centers</u>, 668 F.2d 721 (3rd Cir. 1981); <u>Aviles v. Kunkle</u>, 978 F.2d 201 (5th Cir. 1992); <u>Welsh v. Gibbs</u>, 631 F.2d 436 (6th Cir. 1980).

The Alabama Supreme Court has interpreted Alabama's "Long Arm Statute", Alabama Rule of Civil Procedure 4.2, to extend jurisdiction of the Alabama courts to the permissible limits of due process. <u>Dillon Equities v. Palmer & Cay, Inc.</u>, 501 So. 2d 459, 461 (Ala. 1986). Thus, in determining whether Judge Deal is subject to personal jurisdiction in Alabama, this Court must perform the two-pronged analysis outlined in <u>Morris v. S.S.E., Inc.</u>, 843 F.2d 489 (11th Cir. 1988).

> First, the defendant must purposefully establish sufficient "minimum contacts" with the forum state to satisfy due process requirements. Unilateral action by the plaintiff or a third party cannot create the requisite "minimum contacts." Rather, the defendant must perform "some act by which he purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Second, a forum's exercise of personal jurisdiction over a defendant must comport with "traditional notions of fair play and substantial justice."

<u>Id</u>. at 492. (internal citations omitted)(footnote omitted).

   2.   **The Minimum Contacts Test Has Not Been Met.**

Alabama's long-arm statute provides as follows:

   (b) **Basis for out-of-state service.** An appropriate basis exists for service of process outside of this state upon a person or entity in any action

3

>       in this state when the person or entity has such
>       contacts with this state that the prosecution of
>       the action against the person or entity in this
>       state is not inconsistent with the constitution of
>       this state or the Constitution of the United
>       States. . .

   Ala.R.Civ P.Rule 4.2(b).

   Formerly, Alabama's long arm statute contained a laundry list of the types of conduct that would subject an out-of-state defendant to personal jurisdiction in Alabama.[1]  While the former

---

[1] Sufficient Contacts:  A person has sufficient contacts with the state when that person, acting directly or by agent, is or may be legally responsible as a consequence of that person's
(A)   transacting any business in this state;
(B)   contracting to supply services or goods in this state;
(C)   causing tortious injury or damage by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle, aircraft, boat or watercraft in this state;
(D)   causing tortious injury or damage in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state;
(E)   causing injury or damage in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such other person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, ore engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(F)   having an interest in, using or possessing real property in this state;
(G)   contracting to insure any person, property, or risk located within this state at the time of contracting;
(H)   living in the marital relationship within this state notwithstanding subsequent departure from this state, as to all obligations arising from alimony, custody, child

Rule is no longer in effect, it is still instructive as to the types of conduct which establish jurisdiction in Alabama. For example, transacting business in Alabama, contracting to supply services or goods in Alabama, or causing tortious injury in Alabama, could result in the requisite contacts to convey jurisdiction.

In the instant case, it is clear from the face of this statute that allegations made against the Judge Deal do not amount to anything within the scope of the Alabama long-arm statute. Plaintiff claims that she is being investigated by the Alabama State Bar Association which is located in Montgomery, Alabama, and that this investigation is the consequence of the Alabama State Bar Association's receipt of an order issued by Judge Deal and filed in the Superior Court of Hall County, Georgia. (Plaintiff's First Amended Complaint at paragraph 11). Plaintiff specifically alleges that Defendant Paul Stanley "published" the order with the Alabama State Bar Association.

---

        support, or property settlement, if the other party to the marital relationship continues to reside in this state; or
(I)   otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirements of subdivision (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.

5

"published" the order with the Alabama State Bar Association. (Plaintiff's First Amended Complaint at paragraph 12). Plaintiff makes no allegation that Judge Deal published his order with the Alabama State Bar Association or with any other person or entity in Alabama.

> 3. **Haling Judge Deal Into This Court Does Not Comport With Traditional Notions Of Fair Play Or Substantial Justice.**

To satisfy the due process requirement of minimum contacts, the Court must consider fairness and substantial justice as a necessary condition precedent to valid service upon an out-of-state Defendant. Minimum contacts means more than the "mere fortuity that Plaintiff happens to be a forum resident." Aviles at 205 citing to Product Promotions, Inc. v. Cousteau, 495 F.2d 483 (5th Cir. 1974).

Plaintiff has not demonstrated any contact between Judge Deal and the State of Alabama, much less the type of minimum contact necessary such that haling him into this Court to defend Plaintiff's Complaint would comport with "traditional notions of fair play and substantial justice". Just because Plaintiff is being investigated by the Alabama State Bar Association does not mean that Judge Deal should be subject to the jurisdiction of the Alabama Courts. This is especially so in the instant case because everything Judge Deal allegedly did that involves this case occurred in Georgia. Thus, any cause of action asserted

6

against Judge Deal is based upon his judicial actions within the State of Georgia.

Due process requires that a non-resident Defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). A Defendant establishes minimum contact with a forum state by committing some act by which he purposefully avails himself of the privilege of conducting activities within the forum state, thus involving the benefits and protection of its laws. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958). These contacts must be of the nature such that the individual non-resident Defendant "should reasonably anticipate being hauled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2184 (1985) (citing World Wide Volkswagen, 444 U.S. at 295, 100 S.Ct. at 566).

In the instant case, Plaintiff has failed to allege that there have been sufficient contacts between Judge Deal and the State of Alabama to justify the exercise of personal jurisdiction. This case is similar in principle to Bledsoe-Colvin v. Alexander, 127 F.Supp. 2d 1326 (M.D. Ala. 2001); and Commercial Diving Services v. Vice, F.Supp. 2d, 2000 U.S. Dist. LEXIS 7671 (S.D. Ala. May 24, 2000). In these cases the court

7

lacked jurisdiction in that the facts did not establish sufficient contacts. For instance, in Bledsoe-Colvin, an out-of-state government official provided Alabama officials with information resulting in the loss of the Alabama resident's driver's license. Subsequently, the out-of-state resident was sued in Alabama. The Court determined that the out-of-state official could not be sued in Alabama.

In the instant case, Plaintiff alleges that Judge Deal's order was communicated to the State Bar of Alabama by Defendant Paul Stanley. Plaintiff does not allege that Judge Deal transmitted his order to the State Bar of Alabama. But even if the Court were to construe Plaintiff's Complaint to allege that Judge Deal transmitted his order to the State Bar of Alabama, the instant case still falls within the holding of Bledsoe-Colvin, *supra*. Thus, even if Judge Deal had transmitted his order to the State Bar of Alabama, this would not constitute sufficient minimum contacts to afford this Court with personal jurisdiction over Judge Deal. Accordingly, since there is insufficient contact by Judge Deal with Alabama, it would be inconsistent with due process for the Court to exercise jurisdiction over Judge Deal in this case. Therefore, the instant action should be summarily dismissed as to Judge Deal.

### B. VENUE IS NOT PROPER IN ALABAMA

In her First Amended Complaint, Plaintiff seeks to establish venue by relying on a subparagraph of 28 U.S.C.A. § 1391, which subparagraph provides that venue may be established "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred". With respect to Judge Deal's actions, Plaintiff specifically alleges only that he issued and entered an order in the Superior Court of Hall County, Georgia, where he is a Judge. The order was simply to cause correspondence between Plaintiff and Judge Deal to be filed of record in accordance with the Local Rules of the Superior Court of Hall County. Pointedly, there is no allegation that Judge Deal communicated or published his order to the Alabama State Bar Association. On that point, Plaintiff specifically alleges that Defendant Paul Stanley published Judge Deal's order with the Alabama State Bar Association.

Furthermore, Plaintiff's Complaint alleges that she is a resident of Mobile, Alabama, which is not in the Middle District of Alabama. Any damages she may suffer as a result of disciplinary action against her by the Alabama State Bar Association would be deemed to occur in Mobile, Alabama, not Montgomery Alabama. Thus, based upon the specific allegations of Plaintiff's Complaint, venue is not proper in this Court over Plaintiff's claim against Judge Deal.

Alternatively, the instant action should be transferred pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As demonstrated above, Plaintiff cannot establish venue in the Middle District of Alabama over her claims against Judge Deal under 28 U.S.C. § 1391(a)(2). None of the actions allegedly taken by Judge Deal occurred in Alabama and Judge Deal did not publish his order in Alabama. Accordingly, if not dismissed, the instant action should be transferred to the United States District Court for the Northern District of Georgia, Gainesville Division. 28 U.S.C. § 1406(a).

### III. CONCLUSION

**WHEREFORE,** based upon the above and foregoing, Judge Deal prays that the Court dismiss Plaintiff's claims against Judge Deal in their entirety. In the alternative, Judge Deal prays that the instant action be transferred in accordance with 28 U.S.C. § 1406(a).

This ___27___ day of March 2008.

                          Respectfully Submitted,

                          THURBERT E. BAKER    033887
                          Attorney General

        KATHLEEN M. PACIOUS   558555
        Deputy Attorney General

        LORETTA L. PINKSTON   580385
        Senior Assistant Attorney General


        /s/ Robert C. Edwards
        ROBERT C. EDWARDS   241543
        Assistant Attorney General


PLEASE ADDRESS ALL
COMMUNICATIONS TO:

ROBERT C. EDWARDS
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-3370

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served the within and foregoing BRIEF IN SUPPORT OF JASON J. DEAL'S PRE-ANSWER MOTION TO DISMISS, upon all other parties by mailing a copy of same to their counsel, postage prepaid, in the United States Mail, and addressed as follows:

Jennifer P Clark
107 Saint Francis Street
Suite 2403
Mobile, Alabama 36602

Christi Dickson Feeney
Hawkins & Parnell, LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308

This 27 day of March 2008.

/s/ Robert C. Edwards
ROBERT C. EDWARDS
ASSISTANT ATTORNEY GENERAL