IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

RECEIVED

2008 APR -1 P 12: 04

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| JENNIFER P. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. 2:08CV-173-MHT |
| | ) | |
| JASON J. DEAL and | ) | |
| E. PAUL STANLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT E. PAUL STANLEY'S PRE-ANSWER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE AND SUPPORTING BRIEF

COMES NOW E. PAUL STANLEY ("Stanley"), one of the Defendants in the above styled and numbered cause of action, and files this Pre-Answer Motion to Dismiss for Lack of Personal Jurisdiction and Venue and Supporting Brief[1] and in support thereof would hereby show this Court as follows:

### I.

### STANLEY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE

Stanley hereby moves this Court to dismiss the above styled and numbered cause of action filed against him by Plaintiff Jennifer P. Clark ("Clark") for lack of personal jurisdiction and venue. Defendant Judge Jason Deal ("Judge Deal") is a Judge of the Superior Court of Hall County, Georgia, and was at all times relevant to the matters set forth in Clark's First Amended Complaint. Any and all orders issued by Judge Deal in the case of *Larry Clark v. City of Flowery Branch, Georgia, et. al.;* Civil Action No. 2003-CV-2830-C; In the Superior Court of

---

[1] Any and all subsequent pleadings filed by Stanley in this matter are filed subject to and without waiving this Pre-Answer Motion to Dismiss for Lack of Personal Jurisdiction and Venue.

Hall County, Georgia were issued by Judge Deal in his judicial capacity and, as such, were undertaken within the scope of Judge Deal's employment as a State officer and/or employee. These are the orders which were thereafter sent to the Alabama State Bar Association as a part of a Grievance Complaint filed against Clark with the Alabama State Bar by Stanley.

Furthermore, Stanley is a resident of the State of Georgia with no ties or connections to the State of Alabama that would render him subject to the personal jurisdiction of this Court, and the orders in question which make up the basis of Clark's Complaint were issued in the State of Georgia.

## II.

## BRIEF IN SUPPORT OF STANLEY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE

In support of his Motion to Dismiss for Lack of Personal Jurisdiction and Venue, Stanley hereby files this Supporting Brief:

### A. THIS COURT LACKS PERSONAL JURISDICTION OVER STANLEY

#### 1. This Matter Does not Meet Alabama's Two Pronged Test for Long Arm Jurisdiction

The Plaintiff bears the burden of establishing the Court's jurisdiction over a defendant in response to a Motion to Dismiss for Lack of Personal Jurisdiction. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Time Share Vacation Club v. Atlanta Resorts*, 735 F.2d 61 (3d Cir. 1992). There are two factors for establishing personal jurisdiction upon an out of state resident: the forum state's long arm statute must extend jurisdiction, and the extension of that jurisdiction must not violate principles of due process. *Paolino v. Channel Home Centers*, 668 F.2d 721 (3d Cir. 1981); *Aviles v. Kunkle*, 978 F.2d 201 (5th Cir. 1992); *Welsh v. Gibbs*, 631 F.2d 436 (6th Cir. 1980).

The Alabama Supreme Court has interpreted Alabama's Long Arm Statute to extend jurisdiction of the Alabama courts to the permissible limits of due process. *Dillon Equities v. Palmer & Cay, Inc.,* 501 So.2d 459, 461 (Ala. 1986); *citing* Ala.R.Civ.P. 4.2(b). In order to determine whether a defendant is subject to personal jurisdiction in Alabama, a Court must perform a two pronged analysis. First, the defendant must purposefully establish 'minimum contacts' with the forum state to satisfy due process requirements. *Morris v. S.S.E., Inc.,* 843 F.2d 489, 492 (11th Cir. 1988). Unilateral action by the plaintiff or a third party contact cannot create the 'minimum contacts'. *Id.* Rather, the defendant must perform some act by which he purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Id.* Second, a forum's exercise of personal jurisdiction over a defendant must comport with 'traditional notions of fair play and substantial justice.' *Id.*

2.  **The Minimum Contacts Test Has Not Been Met**

Alabama's Long Arm Statute reads as follows:

(b)  Basis for out-of-state service.

> An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state where the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States.

Ala.R.Civ.P. 4.2(b).

Alabama's long arm statute previously included a list of the types of conduct that would subject an out-of-state defendant to personal jurisdiction in Alabama. While this version of the statute is no longer in effect, it is instructive with regard to the kinds of conduct which was considered sufficient to subject one to personal jurisdiction in Alabama, including: transacting

business in Alabama, contracting to supply goods and/or services in Alabama, and/or causing tortuous injury in Alabama. Each and every one of the types of conduct cited in the prior statute result in some benefit, enjoyed and/or to be enjoyed within the State of Alabama, and/or resulting in continued connection with the State of Alabama, to the party engaging in the conduct.

In this case, Clark's allegations against Stanley do not set forth a sufficient basis for application of the Alabama long arm statute. Clark is being investigated by the Alabama State Bar in response to a Grievance Complaint filed against her for her conduct in courts in the State of Georgia. Clark alleges that this investigation is the result of allegedly defamatory orders issued by Judge Deal, filed in the Superior Court of Hall County, Georgia, and allegedly "published" to the Alabama State Bar by Stanley.

3. **Application of the Alabama Long Arm Statute to Stanley Does Not Comport with Traditional Notions of Fair Play or Substantial Justice.**

In order to satisfy the due process requirement of minimum contacts, a court must consider fairness and substantial justice as a necessary condition precedent to valid service upon an out of state defendant. Minimum contacts are more than the "mere fortuity that Plaintiff happens to be a forum resident." *Aviles*, 978 F.2d at 205; *citing Product Promotions, Inc. v. Cousteau*, 495 F.2d 483 (5th Cir. 1974).

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A defendant establishes minimum contact within a forum state by committing some act by which he personally avails himself of the privilege of conducting activities within the forum state, thus involving the benefit or protection of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253

(1958). These contacts must be of the nature such that the individual non-resident defendant "should reasonably anticipate being hauled into court there." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462 (1985); *citing World Wide Volkswagen,* 444 U.S. at 295).

This case is similar in principle to a case reviewed by Alabama courts which have held that personal jurisdiction did not attach where the facts did not establish sufficient contacts. Specifically, the court held that personal jurisdiction did not attach in Alabama to an out of state government official who provided Alabama officials with information resulting in an Alabama resident's loss of his driver's license. *Bledsoe-Colvin v. Alexander,* 127 F.Supp.2d 1326 (M.D. Ala. 2001).

In this case, Clark alleges that Judge Deal's orders were communicated to the State Bar of Alabama by Stanley. Pursuant to the holding in *Bledsoe-Colvin,* Stanley's provision of Judge Deal's order to the Alabama State Bar does not rise to the level of minimum contacts required for personal jurisdiction to attach to Stanley.

Clark has not demonstrated sufficient contact between Stanley and the State of Alabama, certainly not the type of minimum contact required to rise to the level of traditional notions of fair play and substantial justice for purposes of personal jurisdiction. The fact that Clark is being investigated by the State Bar of Alabama as a result of her actions undertaken in the State of Georgia and the rulings made against her by Judge Deal in the State of Georgia does not mean that Stanley should be subject to the jurisdiction of Alabama Courts.

Furthermore, Stanley does not stand to gain from any action undertaken by the Alabama State Bar with regard to Clark, nor is any action undertaken thereby expected to result in continued contact between Stanley and Clark and/or Stanley and the Alabama State Bar. Stanley's actions in filing a Grievance Complaint against Clark with the Alabama State Bar will

not result in any privilege to Stanley, nor does the filing of the Grievance Complaint require and/or will it result in continuing activities within the State of Alabama, nor does the filing of the Grievance Complaint involve any benefit and/or protection of Alabama law to Stanley. Stanley did not anticipate, nor should he reasonably have anticipated, being hauled into Court in Alabama for filing a Grievance Complaint against Clark with the Alabama State Bar based on her actions undertaken on behalf of a client in Georgia courts, in which she is not licensed to practice law. This is particularly the case where the only orders at issue in this case were issued in the State of Georgia by a sitting Superior Court Judge of Hall County, Georgia.

Since there is insufficient contact by Stanley with the State of Alabama it is inconsistent with due process for this Court to exercise personal jurisdiction over Stanley, and Clark's allegations against him should be dismissed.

**B.    VENUE IS NOT PROPER IN THE MIDDLE DISTRICT OF ALABAMA, MONTGOMERY DIVISION**

Clark's First Amended Complaint alleges that she is a resident of Mobile, Alabama, which is not within the Middle District of Alabama. Any damages Clark may suffer as a result of any disciplinary action which may be undertaken against her by the Alabama State Bar would be deemed to occur in Mobile, Alabama, and not in Montgomery, Alabama. Thus, based upon Clark's own allegations, venue is not proper in this Court over her First Amended Complaint.

Alternatively, this action should be transferred pursuant. The district court of a district in which a case is filed laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought. to 28 U.S.C. Section 1406(a). Plaintiff cannot establish venue over Defendants in the Middle District of Alabama and, accordingly, the action should be transferred to the United States District Court for the Northern District of Georgia, Gainesville Division.

## III.

## CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Stanley prays that this Court grant his Pre-Answer Motion to Dismiss for Lack of Personal Jurisdiction and Venue and dismiss Clark's First Amended Complaint against him in its entirety. In the alternative, Stanley prays that this action be transferred in accordance with 28 U.S.C. Section 1406(a).

Respectfully submitted this 31st day of March, 2008.

HAWKINS & PARNELL, LLP

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
(404) 614-7400 Phone
(404) 614-7500 Fax

S. Christopher Collier
Alabama Bar Number ASB-2343-C56S
**Christi Dickson Feeney**
(*Pro Hac Vice Application is* forthcoming)
**COUNSEL FOR DEFENDANT**
**E. PAUL STANLEY**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| **JENNIFER P. CLARK,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. 2:08CV-173-MHT |
| | ) |
| **JASON J. DEAL and** | ) |
| **E. PAUL STANLEY,** | ) |
| | ) |
| **Defendants.** | ) |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of the forgoing **DEFENDANT E. PAUL STANLEY'S PRE-ANSWER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE AND SUPPORTING BRIEF** by depositing a copy of the same in the United States Mail in an envelope with adequate postage thereon, addressed as follows:

Jennifer P. Clark
107 Saint Francis Street, #2403
Mobile, AL 36602
(251)432-7977 Phone
(251)432-7978 Fax

**Pro Se Plaintiff**

Robert C. Edwards
Assistant Attorney General
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404)656-3370 Phone
(404)651-6920 Fax

**Counsel for Defendant Judge Jason Deal**

*[Signature on following page]*

Respectfully submitted this 31st day of March, 2008.

                                              HAWKINS & PARNELL, LLP

| | |
|---|---|
| 4000 SunTrust Plaza | **S. Christopher Collier** |
| 303 Peachtree Street, NE | Alabama Bar Number ASB-2343-C56S |
| Atlanta, GA 30308 | **Christi Dickson Feeney** |
| (404) 614-7400 Phone | (*Pro Hac Vice Application is* forthcoming) |
| (404) 614-7500 Fax | **COUNSEL FOR DEFENDANT** |
| | **E. PAUL STANLEY** |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | |
|---|---|
| JENNIFER P. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) CIVIL ACTION NO. 2:08CV-173-MHT |
| | ) |
| JASON J. DEAL and | ) |
| E. PAUL STANLEY, | ) |
| | ) |
| Defendants. | ) |

## ORDER GRANTING DEFENDANT E. PAUL STANLEY'S PRE-ANSWER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE AND SUPPORTING BRIEF

On this day came under consideration DEFENDANT E. PAUL STANLEY'S PRE-ANSWER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE AND SUPPORTING BRIEF. Upon consideration of the arguments and authorities set forth therein, this Court is of the opinion that the Motion should be GRANTED in its entirety.

IT IS THEREFORE ORDERED that Plaintiff Jennifer P. Clark's First Amended Complaint is hereby dismissed in its entirety with regard to the claims made against Defendant E. Paul Stanley.

IT IS FURTHER ORDERED that Plaintiff Jennifer P. Clark shall pay all costs of court, as well as all attorneys' fees incurred by Stanley in defending this matter.

SIGNED this _____ day of _____, 2008.

 

                                                                               **Presiding Judge**