IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 APR -3 P 1: 18

JENNIFER P. CLARK,           :
  PLAINTIFF,                 :
                             :          DEBRA P. HACKETT, CLK
                             :          U.S. DISTRICT COURT
V.                           :   2:08-CV-173-MHT   MIDDLE DISTRICT ALA
                             :
JASON J. DEAL AND            :
E. PAUL STANLEY,             :
  DEFENDANTS.                :

<u>MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JASON J. DEAL</u>

COMES NOW, the Plaintiff in the above-styled action, and moves this Court pursuant to Rule 55, F.R.C.P.  As grounds thereto, the Plaintiff respectfully submits the following:

1.  That defendant Deal was properly served with process in the above-styled action on March 13, 2008, (Exhibit A) and his answer was due by Order of Court on April 2, 2008 (Exhibit B).

2. That Rule 12(a)(1)(A) reads in pertinent part:

    a:  When Presented.

    (1)  "Unless a different time is prescribed in a statute of the United States, **a defendant shall serve an answer**

        (A)  Within 20 days after being served with the summons and complaint[.]

        (emphasis added).

1

3. Defendant Deal failed and/or refused to file an answer and instead filed a "Pre-Answer Motion to Dismiss" and brief in support thereof (Exhibit C).

4. Rule 7, F.R.C.P. governs pleadings and permitted replies. That rule reads in pertinent part:

> Rule 7(a) Pleadings.  There shall be a complaint and an answer; a reply to a counterclaim denominated as such, and answer to a cross-claim; if the answer contains a cross-claim; a third-party complaint, of a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. **No other pleading shall be allowed**, except that the court may order a reply to an answer or a third-party answer. (Emphasis added).

5. The commentary to Rule 7 goes on to describe citing legal precedent that certain responses are not "pleadings" under the Rules.  That commentary reads in pertinent part:

> The list in Rule 7(a) is exhaustive (citing Yuhasz v. Brush Wellman, Inc., 341 F.3d 559 (6th Cir.2003). Assuming no counterclaim or crossclaim is filed, the pleadings are considered closed once a complaint and answer have been filed.  (citation omitted). Consequently, the following documents- which do not

2

appear in the Rule 7(a) list – are *not* "pleadings":  a writ, **a motion to dismiss** (citing Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 216 F.3d 764, 788 (9th Cir.2000), a motion for summary judgment, a motion for sanctions, a response to a motion, **a "suggestion" under Rule 12(h)(3) of a lack of subject matter jurisdiction, a brief or memorandum** (citing Sunlight Saunas, Inc. v. Sundance Sauna, Inc. 427 F.Supp.2d 1022, 1029), [...] and special pre-answer "reports" required of defendants in certain cases. (Emphasis added).

6. That the list in Rule 7(a) is exhaustive, and assuming no counterclaim or crossclaim is filed, the pleadings are considered closed once and complaint and answer have been filed.

7. That Defendant Deal has not sought leave of court to waive filing of his answer, and none has been given.

8. That defendant Deal's "Pre-Answer Motion to Dismiss" and supporting brief is not an answer according to the Federal Rules of Civil Procedure, and accordingly the Plaintiff respectfully submits that she is entitled to Default Judgment pursuant to Rule 55, F.R.C.P., and moves for same.

9. That Rule 55, F.R.C.P. governs Default Judgments and reads in pertinent part as follows:

3

Rule 55.  Default.

(a)  Entry.  When a party against whom a judgment for affirmative relief is sought has **failed to plead or otherwise defend as provided by these rules** and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default.  (Emphasis added).

10.    That the Plaintiff has executed the attached Affidavit in support of this Motion for Default Judgment.

WHEREFORE, because defendant Jason J. Deal has failed to answer as required by Rule 7, F.R.C.P. after being properly served, the Plaintiff respectfully requests that a Default Judgment against defendant Jason J. Deal be entered in the above styled action in the amount of $10,000,000.  (Exhibit D).

Respectfully submitted,

JENNIFER P. CLARK (CLA075)
Plaintiff, Pro Se
222 Dearborn Street, South
Mobile, Alabama  36602
251-432-7977 - Telephone

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Motion for Default Judgment upon opposing

4

counsel at the following addresses this 3d day of April, 2008,
via U.S. Mail, first-class postage prepaid.

JENNIFER P. CLARK (CLA075)

# EXHIBIT A

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ Middle _____ District of _____ Alabama _____

Jennifer P. Clark,
Plaintiff,

V.

E. Paul Stanley and Jason J. Deal,
Defendants.

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: 2:08-CV-173-MHT

TO: (Name and address of Defendant)

E. Paul Stanley
3292 Thompson Bridge Road
Suite 351
Gainesville, Georgia 30506

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Jennifer P. Clark
Pro Se
107 Saint Francis Street
Suite 2403
Mobile, Alabama 36602

an answer to the complaint which is served on you with this summons, within _____ 20 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

*Debra P. Hackett*

CLERK

(By) DEPUTY CLERK

DATE  3|12|2008

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 3-13-08 | |
| NAME OF SERVER *(PRINT)* L SMITH 4619 | TITLE Deputy | |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL $0.00 |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  3-13-08
_____
Date

Signature of Server  Smith 4619

225 Green St. Gainesville, Ga
_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# EXHIBIT B

## Jennifer Clark

| | |
|---|---|
| **From:** | <efile_notice@almd.uscourts.gov> |
| **To:** | <almd_mailout@almd.uscourts.gov> |
| **Sent:** | Wednesday, March 19, 2008 1:56 PM |
| **Subject:** | Activity in Case 2:08-cv-00173-MHT-TFM Clark v. Deal et al Summons Returned Executed |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### Alabama Middle District

## Notice of Electronic Filing

The following transaction was entered on 3/19/2008 at 1:56 PM CDT and filed on 3/19/2008
**Case Name:**       Clark v. Deal et al
**Case Number:**     2:08-cv-173
**Filer:**               Jennifer P. Clark
**Document Number:** 4

**Docket Text:**
SUMMONS Returned Executed by Jennifer P. Clark. Jason J. Deal served on 3/13/2008 by process server, answer due 4/2/2008. (djy, )


**2:08-cv-173 Notice has been electronically mailed to:**

Jennifer P Clark     clarkjennifer610@bellsouth.net

**2:08-cv-173 Notice has been delivered by other means to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1053018227 [Date=3/19/2008] [FileNumber=904874-0]
[8442661a01168492726007357dc22e496e8ca62ccd67e0e07c6da66c4a7b7a9dddd2
22d51751ee178e00534ce62002e82e7372c91516e58aac68087449bb734f]]

3/27/2008

# EXHIBIT C

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA

RECEIVED

2008 MAR 31  P 2: 20

| | |
|---|---|
| JENNIFER P. CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| E. PAUL STANLEY and | ) |
| JASON J. DEAL, | ) |
| | ) |
| Defendants. | ) |
| | ) |

CIVIL ACTION FILE NO.

2:08-CV-173-MHT

JASON J. DEAL'S
PRE-ANSWER MOTION TO DISMISS

Defendant Jason J. Deal hereby moves the Court to dismiss

the above-styled lawsuit against him for lack of personal

jurisdiction and venue.  As shown more fully in Defendant Deal's

Brief in Support, Defendant Deal is a Judge of the Superior

Court of Hall County, Georgia.  Contrary to Plaintiff's repeated

protestations, it is clear from the allegations in the Complaint

that all actions taken by Judge Deal in connection with the

events alleged in Plaintiff's Complaint were taken by him in his

judicial capacity and as such, within the scope of his

employment as a State officer or employee.  Furthermore, Judge

Deal is a resident of the State of Georgia with no ties or

connections to the State of Alabama that would render him

subject to the personal jurisdiction of this Court.  Further,

the actions that form the basis of Plaintiff's allegations against Judge Deal were taken within the State of Georgia.

**WHEREFORE,** Judge Deal prays that the Court grant this motion and dismiss Plaintiff's Complaint against Judge Deal in its entirety.  In the alternative, Judge Deal prays that the action be transferred in accordance with 28 U.S.C. § 1406(a).

This _27_ day of March 2008.

THURBERT E. BAKER        033887
Attorney General

KATHLEEN M. PACIOUS      558555
Deputy Attorney General

LORETTA L. PINKSTON      580385
Senior Assistant Attorney General


ROBERT C. EDWARDS        241543
Assistant Attorney General


PLEASE ADDRESS ALL
COMMUNICATIONS TO:

ROBERT C. EDWARDS
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-3370

2

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing JASON J. DEAL'S PRE-ANSWER MOTION TO DISMISS, upon all other parties by mailing a copy of same to their counsel, postage prepaid, in the United States Mail, and addressed as follows:

Jennifer P Clark
107 Saint Francis Street
Suite 2403
Mobile, Alabama 36602

Christi Dickson Feeney
Hawkins & Parnell, LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308

This ___27___ day of March 2008.


_Robert C Edwards_
ROBERT C. EDWARDS
ASSISTANT ATTORNEY GENERAL

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
MONTGOMERY, ALABAMA

| | | |
|---|---|---|
| JENNIFER P. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | |
| | ) | 2:08-CV-173-MHT |
| E. PAUL STANLEY and | ) | |
| JASON J. DEAL, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

BRIEF IN SUPPORT OF JASON J. DEAL'S
PRE-ANSWER MOTION TO DISMISS

Defendant Jason J. Deal ("Judge Deal") hereby files this Brief in Support of Jason J. Deal's Pre-Answer Motion to Dismiss.

### I. STATEMENT OF THE FACTS

Defendant Jason J. Deal is a resident of the State of Georgia and a Judge of the Superior Court of Hall County, Georgia. Judge Deal has no ties or connections to the State of Alabama that would render him subject to the personal jurisdiction of this Court.

According to Plaintiff's First Amended Complaint, Judge Deal issued an order causing correspondence received by Judge Deal from Plaintiff to be filed of record. (Plaintiff's First Amended Complaint, paragraph 9 and Exhibit A). Pursuant to Exhibit A, Judge Deal issued his order in compliance with the

Local Rules of the Superior Court of Hall County.  (See Exhibit A to Plaintiff's First Amended Complaint).

Plaintiff alleges that Defendant Paul Stanley caused Judge Deal's order to be "published" to the Alabama State Bar Association.  (Plaintiff's First Amended Complaint at paragraph 12).  Apparently, the Alabama State Bar Association is considering disciplinary action against Plaintiff.  (Plaintiff's First Amended Complaint at paragraph 11).  Finally, with respect to Judge Deal, Plaintiff alleges that Judge Deal refused to give a public retraction of his order.  (Plaintiff's First Amended Complaint at paragraph 13).  There are no allegations that Judge Deal has or made any contacts with the State of Alabama.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. THE COURT LACKS PERSONAL JURISDICTION OVER JUDGE DEAL.

#### 1.    Alabama's Two-pronged Test For Long Arm Jurisdiction.

On a motion to dismiss for lack of personal jurisdiction, it is the Plaintiff who bears the burden of establishing the Court's jurisdiction over the Defendant. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed.2d 1135 (1936). Time Share Vacation Club v. Atlantic Resorts, 735 F.2d 61 (3rd Cir. 1992).  There are two factors for establishing personal jurisdiction upon an out-of-state resident: the forum state's long-arm statute must extend jurisdiction, and the extension of that jurisdiction must not

2

violate principles of due process.  Paolino v. Channel Home Centers, 668 F.2d 721 (3rd Cir. 1981); Aviles v. Kunkle, 978 F.2d 201 (5th Cir. 1992); Welsh v. Gibbs, 631 F.2d 436 (6th Cir. 1980).

The Alabama Supreme Court has interpreted Alabama's "Long Arm Statute", Alabama Rule of Civil Procedure 4.2, to extend jurisdiction of the Alabama courts to the permissible limits of due process.  Dillon Equities v. Palmer & Cay, Inc., 501 So. 2d 459, 461 (Ala. 1986).  Thus, in determining whether Judge Deal is subject to personal jurisdiction in Alabama, this Court must perform the two-pronged analysis outlined in Morris v. S.S.E., Inc., 843 F.2d 489 (11th Cir. 1988).

> First, the defendant must purposefully establish sufficient "minimum contacts" with the forum state to satisfy due process requirements.  Unilateral action by the plaintiff or a third party cannot create the requisite "minimum contacts."  Rather, the defendant must perform "some act by which he purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws."  Second, a forum's exercise of personal jurisdiction over a defendant must comport with "traditional notions of fair play and substantial justice."

Id. at 492. (internal citations omitted)(footnote omitted).

**2.    The Minimum Contacts Test Has Not Been Met.**

Alabama's long-arm statute provides as follows:

**(b) Basis for out-of-state service.**  An appropriate basis exists for service of process outside of this state upon a person or entity in any action

3

in this state when the person or entity has such
contacts with this state that the prosecution of
the action against the person or entity in this
state is not inconsistent with the constitution of
this state or the Constitution of the United
States. . .

Ala.R.Civ P.Rule 4.2(b).

Formerly, Alabama's long arm statute contained a laundry

list of the types of conduct that would subject an out-of-state

defendant to personal jurisdiction in Alabama.[1]  While the former

---

[1]    Sufficient Contacts:  A person has sufficient contacts with
the state when that person, acting directly or by agent, is or
may be legally responsible as a consequence of that person's
(A)    transacting any business in this state;
(B)    contracting to supply services or goods in this state;
(C)    causing tortious injury or damage by an act or omission in
       this state including but not limited to actions arising out
       of the ownership, operation or use of a motor vehicle,
       aircraft, boat or watercraft in this state;
(D)    causing tortious injury or damage in this state by an act
       or omission outside this state if the person regularly does
       or solicits business, or engages in any other persistent
       course of conduct or derives substantial revenue from goods
       used or consumed or services rendered in this state;
(E)    causing injury or damage in this state to any person by
       breach of warranty expressly or impliedly made in the sale
       of goods outside this state when the person might
       reasonably have expected such other person to use, consume,
       or be affected by the goods in this state, provided that
       the person also regularly does or solicits business, ore
       engages in any other persistent course of conduct, or
       derives substantial revenue from goods used or consumed or
       services rendered in this state;
(F)    having an interest in, using or possessing real property in
       this state;
(G)    contracting to insure any person, property, or risk located
       within this state at the time of contracting;
(H)    living in the marital relationship within this state
       notwithstanding subsequent departure from this state, as to
       all obligations arising from alimony, custody, child

Rule is no longer in effect, it is still instructive as to the types of conduct which establish jurisdiction in Alabama. For example, transacting business in Alabama, contracting to supply services or goods in Alabama, or causing tortious injury in Alabama, could result in the requisite contacts to convey jurisdiction.

In the instant case, it is clear from the face of this statute that allegations made against the Judge Deal do not amount to anything within the scope of the Alabama long-arm statute. Plaintiff claims that she is being investigated by the Alabama State Bar Association which is located in Montgomery, Alabama, and that this investigation is the consequence of the Alabama State Bar Association's receipt of an order issued by Judge Deal and filed in the Superior Court of Hall County, Georgia. (Plaintiff's First Amended Complaint at paragraph 11). Plaintiff specifically alleges that Defendant Paul Stanley "published" the order with the Alabama State Bar Association.

---

support, or property settlement, if the other party to the marital relationship continues to reside in this state; or
(I) otherwise having some minimum contacts with this state and, under the circumstances, it is fair and reasonable to require the person to come to this state to defend an action. The minimum contacts referred to in this subdivision (I) shall be deemed sufficient, notwithstanding a failure to satisfy the requirements of subdivision (2), so long as the prosecution of the action against a person in this state is not inconsistent with the constitution of this state or the Constitution of the United States.

"published" the order with the Alabama State Bar Association.

(Plaintiff's First Amended Complaint at paragraph 12).

Plaintiff makes no allegation that Judge Deal published his

order with the Alabama State Bar Association or with any other

person or entity in Alabama.

3.   **Haling Judge Deal Into This Court Does Not Comport
     With Traditional Notions Of Fair Play Or Substantial
     Justice.**

To satisfy the due process requirement of minimum contacts,

the Court must consider fairness and substantial justice as a

necessary condition precedent to valid service upon an

out-of-state Defendant.  Minimum contacts means more than the

"mere fortuity that Plaintiff happens to be a forum resident."

Aviles at 205 citing to Product Promotions, Inc. v. Cousteau,

495 F.2d 483 (5th Cir. 1974).

Plaintiff has not demonstrated any contact between Judge

Deal and the State of Alabama, much less the type of minimum

contact necessary such that haling him into this Court to defend

Plaintiff's Complaint would comport with "traditional notions of

fair play and substantial justice".  Just because Plaintiff is

being investigated by the Alabama State Bar Association does not

mean that Judge Deal should be subject to the jurisdiction of

the Alabama Courts.  This is especially so in the instant case

because everything Judge Deal allegedly did that involves this

case occurred in Georgia.  Thus, any cause of action asserted

6

against Judge Deal is based upon his judicial actions within the State of Georgia.

Due process requires that a non-resident Defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). A Defendant establishes minimum contact with a forum state by committing some act by which he purposefully avails himself of the privilege of conducting activities within the forum state, thus involving the benefits and protection of its laws. Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240 (1958). These contacts must be of the nature such that the individual non-resident Defendant "should reasonably anticipate being hauled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 2184 (1985) (citing World Wide Volkswagen, 444 U.S. at 295, 100 S.Ct. at 566).

In the instant case, Plaintiff has failed to allege that there have been sufficient contacts between Judge Deal and the State of Alabama to justify the exercise of personal jurisdiction. This case is similar in principle to Bledsoe-Colvin v. Alexander, 127 F.Supp. 2d 1326 (M.D. Ala. 2001); and Commercial Diving Services v. Vice, F.Supp. 2d, 2000 U.S. Dist. LEXIS 7671 (S.D. Ala. May 24, 2000). In these cases the court

7

lacked jurisdiction in that the facts did not establish sufficient contacts. For instance, in Bledsoe-Colvin, an out-of-state government official provided Alabama officials with information resulting in the loss of the Alabama resident's driver's license. Subsequently, the out-of-state resident was sued in Alabama. The Court determined that the out-of-state official could not be sued in Alabama.

In the instant case, Plaintiff alleges that Judge Deal's order was communicated to the State Bar of Alabama by Defendant Paul Stanley. Plaintiff does not allege that Judge Deal transmitted his order to the State Bar of Alabama. But even if the Court were to construe Plaintiff's Complaint to allege that Judge Deal transmitted his order to the State Bar of Alabama, the instant case still falls within the holding of Bledsoe-Colvin, *supra*. Thus, even if Judge Deal had transmitted his order to the State Bar of Alabama, this would not constitute sufficient minimum contacts to afford this Court with personal jurisdiction over Judge Deal. Accordingly, since there is insufficient contact by Judge Deal with Alabama, it would be inconsistent with due process for the Court to exercise jurisdiction over Judge Deal in this case. Therefore, the instant action should be summarily dismissed as to Judge Deal.

## B. VENUE IS NOT PROPER IN ALABAMA

In her First Amended Complaint, Plaintiff seeks to establish venue by relying on a subparagraph of 28 U.S.C.A. § 1391, which subparagraph provides that venue may be established "in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred". With respect to Judge Deal's actions, Plaintiff specifically alleges only that he issued and entered an order in the Superior Court of Hall County, Georgia, where he is a Judge. The order was simply to cause correspondence between Plaintiff and Judge Deal to be filed of record in accordance with the Local Rules of the Superior Court of Hall County. Pointedly, there is no allegation that Judge Deal communicated or published his order to the Alabama State Bar Association. On that point, Plaintiff specifically alleges that Defendant Paul Stanley published Judge Deal's order with the Alabama State Bar Association.

Furthermore, Plaintiff's Complaint alleges that she is a resident of Mobile, Alabama, which is not in the Middle District of Alabama. Any damages she may suffer as a result of disciplinary action against her by the Alabama State Bar Association would be deemed to occur in Mobile, Alabama, not Montgomery Alabama. Thus, based upon the specific allegations of Plaintiff's Complaint, venue is not proper in this Court over Plaintiff's claim against Judge Deal.

9

Alternatively, the instant action should be transferred pursuant to 28 U.S.C. § 1406(a), which provides that "[t]he district court of a district in which is filed a case laying in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." As demonstrated above, Plaintiff cannot establish venue in the Middle District of Alabama over her claims against Judge Deal under 28 U.S.C. § 1391(a)(2). None of the actions allegedly taken by Judge Deal occurred in Alabama and Judge Deal did not publish his order in Alabama. Accordingly, if not dismissed, the instant action should be transferred to the United States District Court for the Northern District of Georgia, Gainesville Division. 28 U.S.C. § 1406(a).

### III. CONCLUSION

**WHEREFORE**, based upon the above and foregoing, Judge Deal prays that the Court dismiss Plaintiff's claims against Judge Deal in their entirety. In the alternative, Judge Deal prays that the instant action be transferred in accordance with 28 U.S.C. § 1406(a).

This 27 day of March 2008.

Respectfully Submitted,

THURBERT E. BAKER        033887
Attorney General

10

KATHLEEN M. PACIOUS      558555
Deputy Attorney General

LORETTA L. PINKSTON      580385
Senior Assistant Attorney General

ROBERT C. EDWARDS        241543
Assistant Attorney General

PLEASE ADDRESS ALL
COMMUNICATIONS TO:

ROBERT C. EDWARDS
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 656-3370

11

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the within and foregoing BRIEF IN SUPPORT OF JASON J. DEAL'S PRE-ANSWER MOTION TO DISMISS, upon all other parties by mailing a copy of same to their counsel, postage prepaid, in the United States Mail, and addressed as follows:

Jennifer P Clark
107 Saint Francis Street
Suite 2403
Mobile, Alabama 36602

Christi Dickson Feeney
Hawkins & Parnell, LLP
303 Peachtree Street, NE
Suite 4000
Atlanta, Georgia 30308

This _27_ day of March 2008.

ROBERT C. EDWARDS
ASSISTANT ATTORNEY GENERAL

# EXHIBIT D

<u>AFFIDAVIT</u>

BEFORE ME, under oath appeared JENNIFER P. CLARK, and deposes as follows:

My name is Jennifer P. Clark, and I am the named Plaintiff in Jennifer P. Clark v. Jason J. Deal and E. Paul Stanley in a cause of action pending in the United States District Court, Middle District of Alabama, Northern Division.  That case number is 2:08-CV-173-MHT.

Defendant was properly served with process in the above-styled case on March 13, and his answer due on April 2, 2008.  I have not been served with an Answer in the above-styled case from defendant Jason J. Deal, and upon information and belief, none has been filed with the District Court Clerk's office.   After reading the Federal Rules of Civil Procedure governing pleadings in civil matters and those cited in the attached Motion for Default, I believe that Deal's pleadings are deficient according to the rules governing civil procedure, and accordingly, that the Plaintiff is entitled to judgment in the amount of $10,000,000.00 as set forth in the Complaint and First Amended Complaint.

FURTHER THE DEPONENT SAYETH NOT.

JENNIFER P. CLARK (CLA075)
Plaintiff, Pro Se

State of Alabama)
County of Mobile)

NOTARY PUBLIC
My Commission Expires:  07 - 05 - 10