IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MONTGOMERY DIVISION

| | | |
|---|---|---|
| JENNIFER P. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. 2:08CV-173-MHT |
| | ) | |
| JASON J. DEAL and | ) | |
| E. PAUL STANLEY, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT E. PAUL STANLEY'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES (SUBJECT TO AND WITHOUT WAIVING DEFENDANT E. PAUL STANLEY'S PRE-ANSWER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE)

COMES NOW E. PAUL STANLEY ("Stanley"), one of the Defendants in the above styled and numbered cause of action, and files this Original Answer to the Second Amended Complaint filed against him by Plaintiff Jennifer P. Clark ("Clark") and Affirmative Defenses (Subject to and Without Waiving Stanley's Pre-Answer Motion to Dismiss for Lack of Personal Jurisdiction and Venue) and in support thereof would hereby show this Court as follows:

### I.

### ORIGINAL ANSWER

Each and every allegation contained in Clark's Second Amended Complaint which is not herein expressly admitted is hereby denied. In response to the allegations set forth in Clark's Second Amended Complaint, Stanley specifically answers as follows:

## JURISDICTION

1.     Stanley acknowledges Clark's citation to various Federal statutes and rules and admits, based upon information and belief available to him at the time of filing this Answer, that her citations accurately transcribe same as reflected in the United States Code Annotated. Stanley denies that the application of same is appropriate in this case. Stanley admits that he is a resident of Hall County, Georgia and a citizen of the State of Georgia and admits, , based upon information and belief available to him at the time of filing this Answer, that Defendant Jason J. Deal ("Judge Jason Deal") is a Hall County, Georgia resident and a citizen of the State of Georgia. Stanley is without information or personal knowledge to enable him to form a belief as to the truth of Clark's statements regarding her own residence and citizenship. Stanley denies the remaining statements set forth in Paragraph 1 of Clark's Second Amended Complaint.

2.     Stanley admits that Clark is suing Defendants for damages in the joint amount of $20,000,000, but denies that this figure is appropriate and/or valid.

3.     Stanley admits, based upon information and belief available to him at the time of filing this Answer, that Clark is over the age of nineteen years and is licensed to practice law in the State of Alabama, but is without information or personal knowledge to enable him to form a belief as to the truth of Clark's statements regarding her own residence and citizenship.

4.     Stanley admits, based upon information and belief available to him at the time of filing this Answer, that the Alabama State Bar Association is headquartered in Montgomery, Alabama. Stanley admits, based upon information and belief available to him at the time of filing this Answer, that Montgomery, Alabama lies within Alabama's Middle District

of the United States District Court. Stanley denies the remaining statements set forth in Paragraph 4 of Clark's Second Amended Complaint.

5.    Stanley admits the statements set forth in Paragraph 5 of Clark's Second Amended Complaint, based upon information and belief available to him at the time of filing this Answer.

6.    Stanley admits the statements set forth in Paragraph 6 of Clark's Second Amended Complaint.

7.    Stanley admits, based upon information and belief available to him at the time of filing this Answer, that such action was taken by Clark. Stanley denies that said action is and/or was appropriate in this case, and denies the remaining statements set forth in Paragraph 7 of Clark's Second Amended Complaint.

## DEFAMATION

8.    Stanley adopts and incorporates by reference his responses to the allegations set forth in Paragraphs 1-7 of Clark's Second Amended Complaint.

9.    Stanley admits that Judge Jason Deal issued an Order in the case of *Larry Clark v. City of Flowery Branch, Georgia, et. al.;* Civil Action No. 2003-CV-2830-C; In the Superior Court of Hall County, Georgia on March 29, 2007. Stanley denies the remainder of the statements set forth in Paragraph 9 of Clark's Second Amended Complaint.

10.    Stanley admits that the order issued by Judge Jason Deal on March 29, 2007 in the case of *Larry Clark v. City of Flowery Branch, Georgia, et. al.;* Civil Action No. 2003-CV-2830-C; In the Superior Court of Hall County, Georgia was part of the public record in Hall County, Georgia Superior Court at the time it was issued. Stanley admits that the order issued by Judge Jason Deal on March 29, 2007 in the case of *Larry Clark v. City of*

*Flowery Branch, Georgia, et. al.;* Civil Action No. 2003-CV-2830-C; In the Superior Court of Hall County, Georgia was sent to the Alabama State Bar Association as a part of a Grievance Complaint filed against Clark with the Alabama State Bar by Stanley. Stanley denies the remainder of the statements set forth in Paragraph 10 of Clark's Second Amended Complaint.

11.    Stanley admits that the order issued by Judge Jason Deal on March 29, 2007 in the case of *Larry Clark v. City of Flowery Branch, Georgia, et. al.;* Civil Action No. 2003-CV-2830-C; In the Superior Court of Hall County, Georgia was sent to the Alabama State Bar Association as a part of a Grievance Complaint filed against Clark with the Alabama State Bar by Stanley. Stanley denies that the order issued by Judge Deal and sent to the Alabama State Bar by Stanley was "defamatory" and/or contained any statements which were defamatory with regard to Clark and/or any other person. Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the remaining statements contained in Paragraph 11 of Clark's Second Amended Complaint.

12.    Stanley denies that the order issued by Judge Deal and sent to the Alabama State Bar by Stanley was "defamatory" and/or contained any statements which were defamatory with regard to Clark and/or any other person. Stanley denies that he has made false and baseless allegations against Clark at any time and/or in any jurisdiction. Stanley admits that he refused to give a public retraction of the order issued by Judge Deal and sent to the Alabama State Bar. Stanley denies the remainder of the statements set forth in Paragraph 12 of Clark's Second Amended Complaint.

13.     Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the remaining statements contained in Paragraph 13 of Clark's Second Amended Complaint.

14.     Stanley denies the statements set forth in Paragraph 14 of Clark's Second Amended Complaint.

### REQUEST FOR PRELIMINARY AND PERMANENT INJUNCTION

15.     Stanley adopts and incorporates by reference his responses to the allegations set forth in Paragraphs 1-14 of Clark's Second Amended Complaint.

16.     Stanley denies that the orders issued by Judge Deal were "defamatory" and/or contained any statements which were defamatory with regard to Clark.  Stanley admits that Clark requests injunctive relief.  Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the remaining statements contained in Paragraph 16 of Clark's Second Amended Complaint, but admits that the exhibits attached to Clark's Second Amended Complaint support those statements.

17.     Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the statements contained in Paragraph 17 of Clark's Second Amended Complaint.

18.     Stanley denies that Judge Jason Deal's order dated July 14 and 15, 2006, attached as exhibits to Clark's Second Amended Complaint, were defamatory.  Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the remaining statements contained in Paragraph 18 of Clark's Second Amended Complaint.

19.    Stanley denies that Judge Jason Deal "arrogantly entered a second defamatory order". Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the remaining statements contained in Paragraph 19 of Clark's Second Amended Complaint.

20.    Stanley denies that Judge Jason Deal's Orders, attached as exhibits to Clark's Second Amended Complaint, were defamatory.  Stanley denies that Judge Jason Deal's Orders are not legitimate.  Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the remaining statements contained in Paragraph 20 of Clark's Second Amended Complaint.

21.    Stanley denies that the allegations of Clark's professional misconduct and her *pro hac vice* status set forth in Judge Jason Deal's Orders were false.  Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the remaining statements contained in Paragraph 21 of Clark's Second Amended Complaint.

22.    Stanley denies that Clark is entitled to injunctive relief in this matter, denies that she has a substantial likelihood of success on the merits of the underlying case when it is ultimately tried, denies that irreparable injury will be suffered by Clark unless an injunction is issued immediately, denies that the threatened injury to Clark outweighs whatever damage the proposed injunction may cause Defendants (particularly where Clark continues to attempt to litigate on the matters set forth in the Order in the State of Georgia); denies that an injunction would not be adverse to the public interest, and denies that there is no other adequate remedy at law available to Clark.  Stanley denies the remainder of the statements set forth in Paragraph 22 of Clark's Second Amended Complaint.

23.  Stanley admits the statements set forth in Paragraph 23 of Clark's Second Amended Complaint

## DAMAGES – DEFENDANT STANLEY

24.  Stanley adopts and incorporates by reference his responses to the allegations set forth in Paragraphs 1-23 of Clark's Second Amended Complaint.

25.  Stanley admits that orders issued by Judge Jason Deal in the case of *Larry Clark v. City of Flowery Branch, Georgia, et. al.;* Civil Action No. 2003-CV-2830-C; In the Superior Court of Hall County, Georgia were sent by him to the Alabama State Bar Association as a part of a Grievance Complaint filed against Clark with the Alabama State Bar by Stanley.  Stanley denies that the orders issued by Judge Deal were "defamatory" and/or contained any statements which were defamatory with regard to Clark.  Stanley denies that he engaged in knowing or reckless disregard for the truth and/or made false accusations against Clark.  Stanley admits that Clark served him with a request for public retraction, and admits that he refused to make a public retraction of his Grievance Complaint filed against Clark with the Alabama State Bar.  Stanley denies that Clark is entitled to punitive damages against him.  Stanley denies that he committed and/or engaged in defamation against Clark and/or any other person.  Stanley denies the remainder of the statements set forth in Paragraph 25 of Clark's Second Amended Complaint.

26.  Stanley denies that Clark is entitled to any damages whatsoever in this matter.  Stanley denies that his allegations against Clark, as set forth in the Grievance Complaint filed against Clark with the Alabama State Bar, are baseless.  Stanley denies the remainder of the statements set forth in Paragraph 26 of Clark's Second Amended Complaint.

27.     Stanley denies that Clark is entitled to any damages whatsoever in this matter.

## DAMAGES - DEFENDANT DEAL

28.     Stanley adopts and incorporates by reference his responses to the allegations set forth in Paragraphs 1-27 of Clark's Second Amended Complaint.

29.     Stanley admits that, upon information and belief, the Alabama State Bar is conducting a full investigation of his Bar Grievance Complaint filed against Clark. Stanley admits that he provided copies of the relevant Orders entered by Judge Jason Deal to the Alabama State Bar as evidence in support of his Bar Grievance Complaint filed against Clark. Stanley denies that Judge Jason Deal published false allegations about Clark knowingly and/or with reckless disregard for the truth. Stanley denies the remainder of the statements set forth in Paragraph 29 of Clark's Second Amended Complaint.

30.     Stanley is without information or personal knowledge to enable him to form a belief as to the truth of the statements contained in Paragraph 30 of Clark's Second Amended Complaint.

31.     Stanley denies that Clark is entitled to any damages whatsoever in this matter.

Stanley reserves the right to amend his Answer with regard to the Paragraphs set forth above and/or in response to allegations made by Clark currently and/or at any time in the future as may become necessary.

## II.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Clark's Second Amended Complaint fails to state a cause of action upon which relief may be granted against Stanley.

### SECOND DEFENSE

Clark's Second Amended Complaint is or may be barred, in whole or in part, by the applicable statutes of limitations.

### THIRD DEFENSE

Clark's Second Amended Complaint is barred by the doctrine of laches.

### FOURTH DEFENSE

Stanley denies that Clark has incurred any injury or damages; however, as to any injury or damages alleged to have been incurred. Clark voluntarily and knowingly assumed the risk of incurring any of the injuries or damages alleged in Clark's Second Amended Complaint, and, therefore, Clark is not entitled to recover from Stanley.

### FIFTH DEFENSE

Stanley denies that Clark has incurred any damages. However, as to any injury or damages alleged to have been incurred, Clark failed to exercise ordinary care and such failure on its part proximately caused any alleged damages complained of and, therefore, Clark is not entitled to recover from Stanley.

## SIXTH DEFENSE

No act or omission of Stanley either proximately caused or contributed to whatever damage Clark may have sustained and on account thereof, Clark is not entitled to recover any sum of Stanley.

## SEVENTH DEFENSE

Clark proximately caused or contributed to the alleged damages complained of in Clark's Second Amended Complaint.

## EIGHTH DEFENSE

The claims asserted in Clark's Second Amended Complaint are barred or reduced by the doctrines of contributory negligence or comparative negligence.

## NINTH DEFENSE

The occurrence complained of was caused, produced and brought about directly and proximately by the acts and/or omissions of some person, persons or entity for whom Stanley was not responsible, and on account thereof, Clark is not entitled to recover any sum from Stanley.

## TENTH DEFENSE

If there is any actionable liability of Stanley, which liability is specifically denied, such liability should be compared to the fault of Clark and other parties and actors involved in the matters alleged in Clark's Second Amended Complaint. Stanley alleges that any award made to Clark in this action must be proportionately allocated among Clark and any other parties or actors found to be culpable in accordance with the percentage of any negligence or fault attributable to each of said Clark and other parties and actors. Stanley further alleges that any party or actor found to be negligent or at fault with respect to Clark's alleged claims must be

required to satisfy any such claim only in accordance with its proportional share of negligence or fault to be determined in this action.

## ELEVENTH DEFENSE

If Clark has received, or is now or subsequently becomes entitled to recover, any compensation or benefits from any source in connection with the harm alleged in Clark's Second Amended Complaint, the amount of damages, if any, which may be recoverable from this suit shall be diminished by the amount of said recovery, compensation or benefits.

## TWELFTH DEFENSE

Clark is estopped from asserting any claim against Stanley because of her own actions and inactions.

## THIRTEENTH DEFENSE

Because of the generality of the allegations in Clark's Second Amended Complaint, Stanley reserves the right to amend his Answer and Affirmative Defenses if investigation, discovery and further information should warrant such amendment, and, further, to assert any applicable matters of law during the pendency of this action.

## FOURTEENTH DEFENSE

The instant action is barred by the doctrines of *res judicata* or collateral estoppel.

## FIFTEENTH DEFENSE

The instant action is barred by waiver and estoppel.

## SIXTEENTH DEFENSE

The instant action is barred by unclean hands.

## SEVENTEENTH DEFENSE

Stanley asserts all affirmative defenses available which may be supported by any evidence in this action.

## EIGHTEENTH DEFENSE

Stanley is entitled to recover its attorney's fees for defending this action due to the bad faith of Clark and also due to her stubborn litigiousness.

Stanley reserves the right to amend his Answer with regard to the Affirmative Defenses set forth above as may become necessary.

WHEREFORE, Defendant E. Paul Stanley respectfully demands judgment in his favor, all costs and attorney's fees for defending the action, and such other and further relief as the Court deems just and proper.

Respectfully submitted this 18th day of April, 2008.

HAWKINS & PARNELL, LLP

S. Christopher Collier
Alabama Bar Number ASB-2343-C56S
**Christi Dickson Feeney**
Admitted *Pro Hac Vice* in this matter

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
(404) 614-7400 Phone
(404) 614-7500 Fax

**COUNSEL FOR DEFENDANT
E. PAUL STANLEY**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### MONTGOMERY DIVISION

| | | |
|---|---|---|
| **JENNIFER P. CLARK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **CIVIL ACTION NO. 2:08CV-173-MHT** |
| | ) | |
| **JASON J. DEAL and** | ) | |
| **E. PAUL STANLEY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all counsel of record in the foregoing matter with a copy of the forgoing **DEFENDANT E. PAUL STANLEY'S ORIGINAL ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES (SUBJECT TO AND WITHOUT WAIVING DEFENDANT E. PAUL STANLEY'S PRE-ANSWER MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND VENUE)** both via electronic service, and also by depositing a copy of the same in the United States Mail in an envelope with adequate postage thereon, addressed as follows:

Jennifer P. Clark
107 Saint Francis Street, #2403
Mobile, AL 36602
(251)432-7977 Phone
(251)432-7978 Fax

**Pro Se Plaintiff**

Robert C. Edwards
Assistant Attorney General
Office of the Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
(404)656-3370 Phone
(404)651-6920 Fax

**Counsel for Defendant Judge Jason Deal**

Respectfully submitted this 18th day of April, 2008.

HAWKINS & PARNELL, LLP

_____
S. Christopher Collier
Alabama Bar Number ASB-2343-C56S
**Christi Dickson Feeney**
Admitted *Pro Hac Vice* in this matter

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA 30308
(404) 614-7400 Phone
(404) 614-7500 Fax

**COUNSEL FOR DEFENDANT
E. PAUL STANLEY**