IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

JENNIFER P. CLARK,  :
   PLAINTIFF, :
    :
V. : 2:08-CV-173-MHT
    :
JASON J. DEAL AND :
E. PAUL STANLEY, :
   DEFENDANTS. :

PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

COMES NOW, the Plaintiff in the above-styled case, and moves this Court to deny the defendants' respective Motions to Dismiss. As grounds thereto, the Plaintiff respectfully submits the following:

DEFENDANT DEAL
JURISDICTION AND VENUE

Defendant Deal asserts that he has no ties or connections to the State of Alabama than would render him subject to the personal jurisdiction of this Court. Richard Shields is an attorney licensed in the State of Alabama, and was assigned by the Alabama State Bar to investigate Deal's and Stanley's claim of improper ex parte communications between the Plaintiff and Deal.

Defendant Deal contacted attorney Richard Shields regarding said investigation of Plaintiff effectively encouraging sanctions against Plaintiff and creating the minimum contacts

1

within the forum state necessary to invoke personal and subject matter jurisdiction over the defendant and thereby satisfying the due process requirement.

Alabama law further holds that in order for the courts of Alabama to exercise in personam jurisdiction over a nonresident defendant, it is not necessary that he actually have any physical presence in Alabama, *so long as his conduct is such that he should foresee that his actions would have effects in this state.* Millette v. O'Neal Steel, Inc., 613 So.2d 1225 (Ala.1992). (Emphasis added). It is certainly foreseeable that Deal's purported order alleging professional misconduct could compromise the status of the Plaintiff's law license.

Both Stanley and Deal effectively sought and encouraged sanctions against the Plaintiff by the Alabama State Bar. Defendant Deal lied in his purported order alleging ex parte communications dated March 29, 2007, and does not deny it. Stanley knew or should have known that the grievance he filed with the Alabama State Bar was false and defamatory. Both were given the opportunity to make public retraction and evidence in support of same, and both refused.

Ironically, Defendant Deal asserts that the notion of "fair play and substantial justice" is compromised by requiring his appearance in the Middle District of Alabama. Perhaps he should have considered the notion of fair play and substantial justice

2

before he entered a purported order falsely accusing the Plaintiff of professional misconduct, and then encouraging investigation of same by the Alabama State Bar.

Finally, venue is proper in the Middle District of Alabama due to Deal's contact with the Alabama State Bar's investigator and his purported order which was published with the Alabama State Bar which is located in Montgomery, Alabama, lying within the middle district of Alabama. (Exhibit D).

28 U.S.C. §1391 provides that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. The Alabama State Bar is considering disciplinary sanctions against the Plaintiff based upon Deal's false allegations of ex parte communications. Venue is proper in the Middle District of Alabama.

### DEFENDANT DEAL IS NOT ENTITLED TO JUDICIAL IMMUNITY

Defendant Deal, employed as a Hall County, Georgia Superior Court judge, acted in the clear absence of all jurisdiction when he entered a purported order dated March 29, 2007, (Exhibit A), accusing the Plaintiff of improper ex parte communications. Deal is not entitled to judicial immunity. The Plaintiff relies on Georgia law on this issue due to the fact that defendant Deal is employed in Hall County Georgia, and entered the referenced purported order of March 29, 2007 in the Hall County Superior

Court Clerk's office as a matter of public record in 2003-CV-2830-C.

Judicial immunity does not apply in two circumstances: (1) when the judge commits a nonjudicial act, or an act not taken in the judge's judicial capacity, and (2) when the judge acts in a judicial capacity, but completely without jurisdiction. Robinson v. Becker, 265 Ga.App. 692. On March 29, 2007, Deal entered a defamatory purported order alleging improper ex parte communications based upon the Plaintiff's letter dated March 21, 2007 (Exhibit B) after he had recused himself from the litigation on February 28, 2007 (Exhibit C). He was no longer assigned this case, and had no authority over the parties, nor jurisdiction over the litigation whatsoever. Defendant Deal acted in the clear absence of all jurisdiction, is thereby not entitled to judicial immunity and should be held responsible for his actions.

### DEFENDANT STANLEY
### JURISDICTION AND VENUE

Defendant Stanley subjected himself to the jurisdiction of this Court when he filed a defamatory grievance against the Plaintiff with the Alabama State Bar located in Montgomery, Alabama. Stanley and his attorney, Christi Dickson Feeney, have both contacted Richard Shields, the attorney assigned by the Alabama State Bar to investigate alleged improper ex parte

communications by the Plaintiff referenced in Deal's purported order of March 29, 2007, and have encouraged continued investigation and sanctions against the Plaintiff. (Exhibit D). Stanley has established the "minimum contacts" within the state of Alabama to satisfy due process requirements required by 28 U.S.C. §1391 by filing said defamatory grievance with the Alabama State Bar located in Montgomery, Alabama, refusing to give public retraction, and having his attorney encourage investigation and sanctions on his behalf after being given notice and evidence of its defamatory content.

Stanley availed himself to the jurisdiction of the State of Alabama when he sought and continually encouraged investigation and sanctions against the Plaintiff by filing said defamatory grievance with the Alabama State Bar.

Venue is proper in the Middle District of Alabama, Northern Division based upon Stanley's filing of a defamatory grievance with the Alabama State Bar located in Montgomery, Alabama which lies within the Northern Division of the Middle District of Alabama. 28 U.S.C. §1391 holds that venue is proper in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. Stanley's defamatory grievance and the false allegations contained in Deal's purported order filed with the Alabama State Bar, along with their contacts with the Alabama State Bar encouraging

investigation and sanctions of the Plaintiff are the acts giving rise to this cause of action. The appropriate venue to hear this matter is the Middle District of Alabama, Northern Division.

WHEREFORE, the Plaintiff respectfully asks this Court to deny the defendants' respective Motions to Dismiss, or in the alternative/ Motion for Transfer of Venue and/or for any other relief deemed appropriate, these premises considered.

Respectfully submitted,

_____
JENNIFER P. CLARK (CLA075)
Plaintiff, Pro Se
222 Dearborn Street, South
Mobile, Alabama  36602
251-432-7977

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Response to Defendants' Respective Motions to Dismiss, via electronic mail, this 18th day of April, 2008, at the following addresses.

Stephen Christopher Collier at ccollier@hplegal.com; and
Robert C. Edwards at bedwards@law.ga.gov

_____
JENNIFER P. CLARK (CLA075)

# EXHIBIT A

IN THE SUPERIOR COURT OF HALL COUNTY

STATE OF GEORGIA

FILED
HALL CO., GA
2007 MAR 29  PM 4: 27

DWIGHT S. WOOD, CLERK
SUPERIOR STATE COURT
BY_____

| | |
|---|---|
| LARRY H. CLARK, § | |
| § | |
| Plaintiff, § | CIVIL ACTION |
| § | |
| vs. § | FILE NO. 03-CV-2830-C |
| § | |
| THE CITY OF FLOWERY BRANCH, § | |
| GEORGIA, GENE REED, ITS MAYOR, § | |
| DENNIS BERGIN, ITS CITY MANAGER, § | |
| JOHN THOMAS, CITY SERVICE § | |
| SUPERVISOR, POND & COMPANY, § | |
| CHUCK WARBINGTON, LARRY § | |
| PRITCHETT, ACTING MAYOR & CITY § | |
| COUNCILMAN, ED LEZAJ, CITY § | |
| COUNCILMAN, JIM HEROLD, CITY § | |
| COUNCILMAN, JAN SMITH, CITY § | |
| COUNCILMAN and BRYAN PUCKETT, § | |
| MAYOR OF FLOWERY BRANCH, § | |
| § | |
| Defendants. § | |

## ORDER PURSUANT TO UNIFORM SUPERIOR COURT RULE 4.1

Communication regarding this case was received by Court from Jennifer P. Clark. Pursuant to Uniform Superior Court Rule 4.1, which prohibits ex parte communications, any communication with the Court must be revealed to parties and their counsel and for this purpose the Court orders said written materials to be made a part of the record in the case and served upon the other party.

SO ORDERED, this 29 day of March, 2007.

_____
JASON J. DEAL, JUDGE
SUPERIOR COURTS
NORTHEASTERN JUDICIAL CIRCUIT

cc: Mr. Larry Clark, Pro Se
cc: Jennifer Clark, Esq.
cc: William J. Casey, Esq.
cc: Richard A. Carothers, Esq./Christopher J. Hamilton, Esq.


EXHIBIT
H

# EXHIBIT B

JENNIFER P. CLARK
Attorney
222 Dearborn Street, South
Mobile, Alabama 36602

251.432.7977 – Telephone                                                                   251.432.7978 – Facsimile

March 21, 2007



Jason J. Deal
Hall County Superior Court
Post Office Box 49
Gainesville, Georgia 30503

Re: *Order Dated July 14, 2006 Denying Application For Admission*
*Case No. 2003-CV-2830-C*

Dear Mr. Deal,

    This correspondence will be my final attempt to have you correct your Order dated July 14, 2006 denying my Application For Admission in the above-styled case. You denied that Application based on the following statements:

    "Reviewing the procedural history of the instant matter, Plaintiff filed this suit for damages on October 30, 2003. Thereafter, Ms. Clark was permitted to appear pro hac vice by order of the Court dated November 12, 2003. The Court notes that since that time, the proceedings have been marked by combative behavior between the parties as well as repeated delay in the progression of discovery, scheduling of mediation and compliance with the Court's instructions. The parties have been admonished by the undersigned and Judge John E. Girardeau, to whom the case was formerly assigned, through recurring orders of contempt, protective orders and orders compelling discovery or quashing discovery motions."

    As I have previously stated to you, those allegations are not true. I have never been combative in your courtroom, nor has there been a repeated delay in progression of discovery on my part or the Plaintiff's. Moreover, I have never been the cause of a delay in the scheduling of

Jason J. Deal
March 21, 2007
Page Two

mediation, nor have I failed to abide by a legitimate court order, and I have certainly never been held in contempt of court in this, nor any other jurisdiction. Lastly, I have never been admonished by former Judge Girardeau, and never by this Court prior to this order.

I have addressed this issue with you numerous times in open court, via correspondence, and with the Judicial Qualifications Commission, however you refuse to identify the conduct made the basis of that Order. As a member of a State Bar Association, I find your refusal to address these issues, and more importantly, your refusal to correct your error, to be most unprofessional. Also, your conduct and baseless order has seriously jeopardized the Plaintiff's posture with respect to legal representation. I have given you several opportunities to correct yourself, and you have refused to do so.

It appears from your Order that you have published it with the Office of the General Counsel of the State Bar of Georgia, and it remains a public record in the Hall County court file. I believe those allegations to be slanderous and/or libelous to my professional reputation, as I take great pride in my professional conduct, and accordingly, am left with no choice but to file suit against you if those statements are not withdrawn, and a formal apology made to me immediately. If I do not hear from you regarding this matter by March 30, 2007, I intend to file a civil suit against you based upon your statements.

If you wish to discuss this matter further, you may call me at the number above.

Sincerely,

JENNIFER P. CLARK

cc:  Office of the General Counsel, State Bar of Georgia
     Judicial Qualifications Commission

# EXHIBIT C

IN THE SUPERIOR COURT OF HALL COUNTY

STATE OF GEORGIA

LARRY H. CLARK,   )
　　　　　　　　　　)
　　Plaintiff　　　)
　　　　　　　　　　)
v.　　　　　　　　　)   CASE NO. 2003-CV-2830-C
　　　　　　　　　　)
THE CITY OF FLOWERY BRANCH,   )
GEORGIA, et al,   )
　　　　　　　　　　)
　　Defendants.   )

## ORDER ON PLAINTIFF'S MOTION TO RECUSE

The Plaintiff having filed a Motion for Trial Court to Recuse and non-party Jennifer Clark having filed a complaint with the Judicial Qualifications Commission against the undersigned regarding Civil Action File No. 03-CR-2830-C, the Court hereby finds that although there does not appear to be a valid legal basis requiring recusal, out of an abundance of caution and in the interest of propriety, pursuant to Uniform Superior Court Rule 25.1 et seq., the case is hereby transferred to Chief Judge C. Andrew Fuller for reassignment.

SO ORDERED this 28 day of Feb, 2007.

　　　　　　　　　　　　　　　The Honorable Jason J. Deal
　　　　　　　　　　　　　　　Judge, Superior Courts
　　　　　　　　　　　　　　　Northeastern Judicial Circuit

cc:　Larry Clark, Plaintiff pro se
　　　Christopher Hamilton, Attorney for the Defendant

# EXHIBIT D

<u>AFFIDAVIT</u>

The deponent, JENNIFER P. CLARK, hereby declares under oath the following:

My name is Jennifer P. Clark and I am the named Plaintiff in a cause of action currently pending in the United States District Court for the Middle District of Alabama, case number 2:08-CV-173. I am an attorney licensed in the State of Alabama. Attorney Richard Shields was assigned by the Alabama State Bar to investigate me regarding a grievance filed by E. Paul Stanley alleging improper ex parte communications between me and Jason Deal which is made the basis of this litigation. Upon information and belief, both Jason J. Deal and E. Paul Stanley have contacted Mr. Shields regarding said investigation thereby encouraging further investigation and sanctions. Moreover, it is my understanding that on Stanley's behalf, his lawyer, Christi Dickson Feeney, has also contacted Mr. Shields in an effort to encourage sanctions.

I did not engage in ex parte communications with Jason Deal and have asked both Deal and Stanley to make public retraction of their statements, but they have refused.

FURTHER THE DEPONENT SAYETH NOT.

_____
JENNIFER P. CLARK

State of Alabama)
AT Large)

_____  4/17/08
NOTARY PUBLIC

My Commission Expires: _____

NOTARY PUBLIC STATE OF ALABAMA AT LARGE
MY COMMISSION EXPIRES: AUGUST 19, 2009
BONDED THRU WESTERN SURETY COMPANY