IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2008 JUN 24 A. 11: 06
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JENNIFER P. CLARK,
   PLAINTIFF,

V.                                                            08-CV-173-MHT

JASON J. DEAL AND
E. PAUL STANLEY,
   DEFENDANTS.

## NOTICE OF FILING

COMES NOW, the Plaintiff in the above-styled action, and gives notice of filing of correspondence to Richard Shields, Esq. and Anthony McLain of the Alabama State Bar dated June 23, 2008 with four exhibits attached, to wit:

1. Consent Order dated November 14, 2005;

2. Letter from Chris Hamilton to E. Paul Stanley dated December 7, 2005;

3. Email from E. Paul Stanley to Blake Lowe dated January 19, 2006; and

4. E. Paul Stanley's billing statement pertaining to Clark v. City of Flowery Branch, et al, 2003-CV-2830-C.

                                  Respectfully submitted,

                                  JENNIFER P. CLARK (CLA075)
                                  Plaintiff, Pro Se
                                  222 Dearborn Street, South

```
                              Mobile, Alabama  36602
                              251-432-7977 - Telephone
```

CERTIFICATE OF SERVICE

I hereby certify that I have served a true and correct copy of the foregoing Motion for Default Judgment upon opposing counsel at the following addresses this 23d day of ~~April~~ June, 2008, via U.S. Mail, first-class postage prepaid.

Hawkins & Parnell, LLP
ATTN: Christopher Collier
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308

Georgia Department of Law
ATTN:  Robert Edwards
40 Capitol Square, SW
Atlanta, GA  30334-1300

_____
JENNIFER P. CLARK (CLA075)

**Jennifer P. Clark**
Attorney
222 Dearborn Street, South
Mobile, Alabama 36602

251-432-7977 – Telephone                                          251-432-7978 – Facsimile

June 23, 2008

Richard Shields, Esq.                    Anthony McLain
McCleave, Denson & Shields, LLC          Alabama State Bar
507 Church Street                        ATTN: Disciplinary Commission
Mobile, Alabama 36602                    415 Dexter Avenue
                                         Montgomery, Alabama 36104

***Re: Stanley Grievance***

Gentlemen,

    It is my understanding that the Alabama State Bar did not dismiss Stanley's grievance and is, therefore, seeking disciplinary sanctions against me regarding same. There is no basis for that finding. I have attached four documents for your review regarding the facts surrounding this grievance:

1. A Consent Order executed on Plaintiff's and Defendant's behalf by E. Paul Stanley dated November 14, 2005. I had never met Stanley and the client who is my Dad, Larry Clark, had never met Stanley. He had never spoken to me, Dad or Mr. Casey about attorneys withdrawal. I refused to withdraw and responded to the defendant's Motion to Revoke Pro Hac Vice Status, but Stanley refused to accept that. He had not been hired, and had absolutely no authority to eliminate me or Mr. Casey as counsel from that case, nor did he have the authority to enroll as Plaintiff's counsel without meeting the client.

2. Letter dated December 7, 2005 from defense counsel to E. Paul Stanley, re: my refusal to withdraw from the case. After I asked the client about withdrawing from the case, he absolutely refused, and thereafter I responded to the defendant's Motion to Revoke Pro Hac Vice status. I never made the final decision to withdraw. Stanley knew on November 23, 2005 that I had refused to withdraw from Dad's case, however, he had already eliminated me and Mr. Casey from the case. Stanley never told me or the client about the Consent Order until the hearing of February 27, 2006. Stanley never told me or the client about this letter he received from Hamilton threatening suit against Stanley for abusive litigation and sanctions. This demonstrates complete financial conflict of

Richard Shields, Esq.
Anthony McLain, Esq.
June 23, 2008
Page Two

>   interests between Stanley and the client due to Stanley's independent actions without the client's knowledge or consent. Stanley eliminated two lawyers without ever having met the client. I sent a letter to the Alabama State Bar addressing what I thought, at the time, to be possible unethical conduct regarding attorney's fees to Stanley, to wit: allowing Dad to pay Stanley $5,000 instead of $1,500 in attorney's fees. I did not know about this 12-7-2005 letter from Hamilton to Stanley and the obvious conflict of interest, nor did I know about the following email from Stanley to Lowe until after I had accepted Dad's Power of Attorney. ***Stanley was not hired, and in fact, the client never met Stanley until February 27, 2006.***

3. Email from Stanley to Lowe dated January 19, 2006. Stanley had never met Mr. Clark, and was demanding attorney's fees from Lowe on the client's behalf. Blake hired Stanley for $5,000, but instead of paying it himself or at the very least, disclosing to the client what had transpired without his or my knowledge, he waited until one hour before the hearing of February 27, 2006 to introduce Dad to Stanley. At that meeting Stanley demanded an attorney's fee of $7,500 after Mr. Casey and I were asked to leave the room. I never knew about this email until after I had accepted Dad's Power of Attorney.

4. Stanley's billing statement setting out their intent to have me withdrawn from the case without ever having met the client. Please read this statement in its entirety. It demonstrates the secrecy and intent to deceive both me and the client.

There is no merit to Stanley's grievance against me despite any "findings" by the Disciplinary Commission. Stanley's actions left my Dad, his client, without legal representation after he had hired four lawyers and paid them in full, including: Paul Stanley in the amount of $5,000 and Blake Lowe in the amount of $7,500. It was under those circumstances created by Paul Stanley that Dad asked me to accept his Power of Attorney in 2003-CV-2830-C, *Clark v. City of Flowery Branch, et al.* That case settled while I had Dad's Power of Attorney.

I stood in the stead of Mr. Clark having absolute Power of Attorney, and filed suit against Stanley in Hall County Magistrate Court for legal malpractice and fraud (*Larry Clark v. E. Paul Stanley*, MV-2007-10716) based upon his conduct in representing my Dad in *Clark v. Flowery Branch, et al.* Stanley filed this grievance against me in retaliation for that lawsuit. I do not know your recommendation to the State Bar, and the State Bar will not disclose its intentions other than the fact that Stanley's grievance was not dismissed. I spoke to Mr. McLain with the Alabama State Bar on Wednesday, June 18, 2008, and requested a copy of the investigative file. He told me unequivocally that I was not entitled to that information. Please review the attached documents, and I am asking that the Disciplinary Commission dismiss Stanley's grievance in its entirety. If you have questions, please call me at the number above.

Richard Shields, Esq.
Anthony McLain, Esq.
June 23, 2008
Page Three

                              Sincerely,

                              JENNIFER P. CLARK

c:  Georgia State Bar, Office of General Counsel
    File; Clark v. Deal & Stanley; 2:08-CV-173-MHT

APR-3-2007 04:35A FROM: TO:12514327978 P.1

CAROTHERS&MITCHELL    7709828348    11/14/05 04:14pm P. 001

IN THE SUPERIOR COURT OF HALL COUNTY
STATE OF GEORGIA

LARRY H. CLARK,

    Plaintiff,

v.

THE CITY OF FLOWERY BRANCH,
GEORGIA; GENE REED, ITS FORMER
MAYOR; DENNIS BERGIN, ITS
FORMER CITY MANAGER; JOHN
THOMAS, ITS CITY SERVICE
SUPERVISOR; JAN SMITH, CITY
COUNCILWOMAN; LARRY
PRITCHETT, CITY COUNCILMAN;
ED LEZAJ, CITY COUNCILMAN;
JIM HEROLD, CITY COUNCILMAN;
BRYAN PUCKETTE, ITS MAYOR;
POND & COMPANY; FICTITIOUS
PARTIES I, J, K, L, M, N, O, AND P;

    Defendants.

CIVIL ACTION FILE
NO. 2003CV2830C



## CONSENT ORDER

This matter is before the Court based upon the consent of the parties. The parties have agreed as follows:

1.

The hearing scheduled for November 15, 2005 will be continued until the next calendar. The parties are directed to schedule and mediate the case within sixty (60) days.

2.

E. Paul Stanley, Esq., will be substituted as lead counsel in the case.

APR-3 2007 04:35A FROM:                       TO:12514327978    P.2

CAROTHERS&MITCHELL    7709526948       11/14/05  04:14pm  P. 002

3.

Jennifer Clark, Esq. and William Casey, Esq. will withdraw from the case as counsel for the Plaintiff by ~~January~~ *November* 15, 2005 or as soon as practicable thereafter and will have no further involvement in the proceedings in this case.

SO ORDERED this __14__ day of November, 2005

                                         HONORABLE JASON J. DEAL, Judge
                                         Hall County Superior Court.

Consented to by:

*[signature]*
E. Paul Stanley
Georgia Bar No. 675080

The Stanley Firm
3630 Thompson Br. Rd.
Suite 15, Box 351
Gainesville, GA 30506
770-287-2221

Counsel for Plaintiff

*[signature] by Express Permission*
Christopher J. Hamilton
Georgia Bar No. 320853

Carothers & Mitchell, LLC
278 W. Main Street
Buford, GA 30518
770-932-3552

Counsel for Defendants

*Paul Stanley*

# CAROTHERS & MITCHELL, LLC
## ATTORNEYS AT LAW

RICHARD A. CAROTHERS (GA & OH)
THOMAS M. MITCHELL
REGINA BENTON REID
E. RONALD BENNETT, JR.
MARK E. SCOTT (GA, NJ & PA)

278 WEST MAIN STREET
BUFORD, GEORGIA 30518

TELEPHONE (770) 932-3552
FACSIMILE (770) 932-6348
E-MAIL CARMITCH@CARMITCH.COM

CHRISTOPHER J. HAMILTON
Of Counsel

WRITER'S EMAIL: CHRISTOPHER.HAMILTON@CARMITCH.COM
WRITER'S DIRECT DIAL: (678) 730-0436

December 7, 2005

**VIA FACSIMILE AND U.S. MAIL**
E. Paul Stanley, Esq.
3630 Thompson Bridge Road
Suite 15-351
Gainesville, GA 30506

Re: <u>Larry H. Clark v. City of Flowery Branch, Georgia, et al.</u>
Civil Action File No. 2003CV2830C

Dear Mr. Stanley:

I have received recent voice mails from Mr. Lowe and you concerning the November 17, 2005 pleading filed by Jennifer Clark entitled Plaintiff's Counsel's Response to Defendant's Motion to Revoke Pro Hac Vice Status. This pleading is filed with complete disregard to and in violation of the Court's order of November 14, 2005 which stated that Ms. Clark and Mr. Casey were to 1) withdraw as counsel for the Plaintiff by November 15, 2005 or as soon as practicable thereafter and 2) were to have no further involvement with this case.

I was informed by you and Mr. Lowe in your respective voice mails that this would be handled. However, as of this date, Ms. Clark's November 17, 2005 pleading has not been withdrawn. Moreover, her motion to withdraw as counsel for the Plaintiff in this case is not in compliance with Uniform Superior Court Rule 4.3. Though nearly a month has passed, there has been no motion filed by Mr. Casey whatsoever.

If the aforementioned November 17, 2005 pleading is not withdrawn by you as lead counsel and motion(s) to withdraw in compliance with Uniform Superior Court Rule 4.3 are not submitted by Ms. Clark and Mr. Casey within five business days, we will ask the court for relief and seek attorney's fees pursuant to O.C.G.A. § 9-15-14. Please also accept this as notice that my client will seek damages for abusive litigation pursuant to O.C.G.A. § 51-7-84 in the event that the aforementioned actions have not been taken within that time.

Dec 07 05 10:50a    Carothers & Mitchell    770-932-6348    p.3

E. Paul Stanley, Esq.
December 7, 2005
Page 2

Finally, I have also received your proposed Order for mediation that was sent to Judge Deal. While I do not have any objection as to the form, please be advised that if Jennifer Clark in any way attempts to participate or is even present at the mediation, we will view this as further evidence of the Plaintiff's bad faith in this case and will seek appropriate sanctions pursuant to O.C.G.A. § 9-15-14, O.C.G.A. § 51-7-84, and all other applicable laws.

It is not customary for me to write with such force and insistence but the continuing unprofessional conduct of your client's daughter and "former" counsel have given us no choice. I look forward to hearing from you.

Sincerely,

CAROTHERS & MITCHELL, LLC

Christopher J. Hamilton

CJH/jb

cc: Ms. Tara Bennett (Claim No. 010474-12535-GD-01)
    Richard A. Carothers, Esq.

## Print Message

Close this window

From: "Paul Stanley" <paul@thestanleyfirm.com> Add to Address Book
Date: 2006/01/19 Thu PM 06:24:06 EST
To: <bblowepc@bellsouth.net>
CC: <robin@thestanleyfirm.com> Add to Address Book
Subject: RE: 03-CV-2830-C

Love you man, but I need to get paid! Now I need $5,000 from Mr. Clark to continue representation. Attached is a pdf of the invoice I sent almost a month ago. The difference will go into trust account. No offense intended, but I have a business to run and I won't make an exception for this case. If I don't have $5,000 in hand by 1-23-06 I will take the order over for the judge to sign.

E. Paul Stanley
The Stanley Firm, LLC
3630 Thompson Bridge Rd.
Suite 15-351
Gainesville, GA 30506
770-287-2221
Fax 678-623-5747
paul@thestanleyfirm.com

-----Original Message-----
From: bblowepc@bellsouth.net [mailto:bblowepc@bellsouth.net]
Sent: Thursday, January 19, 2006 4:17 PM
To: paul@thestanleyfirm.com
Subject: 03-CV-2830-C

Download Attachment: invoice 909 12-8-05.pdf

http://webmail.bellsouth.net/agent/mobmain?msgvw=AGIAEAA3AC4AIwAvAB0AJwBf... 1/23/2006

Billing for Clark, Larry H. (2003-CV-2830-C)

| Date | Description | Time | Rate | Value |
|---|---|---|---|---|
| Tue 1/8/05 | Met with Attorney Lowe to discuss the matter. Drafted Application for Special Admission for Attorney Lowe. Drafted Entry of Appearance. Hand filed and served a copy of the documents upon Judge Deal's office. Added new matter to computer database. Updated computer database with contacts for new Client, co-counsel, and opposing counsel. Telephone call to Hamilton, Christopher J. -- voice mail -- Told him that I am now in the case, that I had signed an application for Blake Lowe to be counsel pro hac vice, and that I had a conflict for the 15th. I asked whether he would agree to a continuance and an order to mediation. Asked him to call me and gave him my cell phone number. Faxed my entry of appearance and the Attorney Lowe's Application to Attorney Hamilton. Drafted an order granting Attorney Lowe's application for admission pro hac vice. | 3.8 | $150 | $570.00 |
| 11/3/05 | Telephone call from Lowe, Braxton Blake -- Spoke -- Discussed the status of the continuance. He wants the attorney's fee motions withdrawn, and we will get Jennifer out of the case. We want the case to go to mediation ASAP. I will float the idea about mediation with Attorney Hamilton. Telephone call to Hamilton, Christopher J. -- voice mail re: withdrawal of prior attorney and continuance of the motion for summary judgment. Telephone call to Hamilton, Christopher J. -- spoke re: pending attorney's fees motions, and a continuance on the motion for summary judgment. Telephone call to Lowe, Braxton Blake -- spoke re: continuance of the motion for summary judgment and withdrawal of Attorney Clark. | 0.8 | $150 | $120.00 |
| Mon 11/14/05 | Telephone call from Attorney Hamilton confirming that I have his correct fax number. Review file and update computer database with correct fax number for Attorney Hamilton. Receipt and review of faxed letter from Attorney Hamilton confirming our conversations. Receipt of telephone message from Attorney Lowe stating that Attorney Clark has agreed to withdraw from the matter. Telephone call to Attorney Hamilton re: Attorney Clark withdrawing from the matter and the matter being continued. Telephone call to Attorney Lowe re: Attorney Hamilton agreement to continue the matter. Telephone call to Judge Deal's office re: the matter being continued. The Judge might not accept the matter being continued without an order for mediation. Telephone call from Attorney Hamilton re: his partner requesting that they receive something today showing the withdraw of Attorney Clark from case before the matter is continued. Telephone call to Attorney Lowe re: status of the withdraw notification papers. He is working on them right now and asked that I check on the order allowing him in the case. Told him the order has been signed. Telephone call to Deal, Jason -- spoke -- Called to ask if the Order Granting Application for Special Admission to Enroll as Counsel for Plaintiff has been signed. The order is in the out box to be picked up. Notified Marlene that I am also bringing over an Order for Continuance and Order for Mediation for the Judge's signature. Draft an Order for Continuance for the Judge's Signature. | 2.3 | $150 | $345.00 |
| Tue 11/15/05 | Draft letter to Attorney Hamilton with a copy of the standard Order for Mediation for his review. Fax letter and Order to Attorney Hamilton. | 0.4 | $150 | $60.00 |
| Fri 11/18/05 | Receipt and review of voicemail message from Attorney Hamilton stating that he is fine with the proposed Order for Mediation. He also asked that I forward him a list of the neutrals from the ADR office. Finalized the Order for Mediation for the Judge's signature. | 0.7 | $150 | $105.00 |
| Wed 11/23/05 | Receipt and review of Plaintiff's Counsel Response to Defendant's Motion to Revoke Pro Hac Vice Status. Receipt and review of mail returned as undeliverable that has been sent to Attorney Clark. Receipt and review of letter from Attorney Hamilton. Receipt and review of the Order on Defendant Pond & Company's Motion for Summary Judgement. Receipt and review of reply to Christopher J. Hamilton. Telephone call to Lowe, Braxton Blake -- voice mail -- Told him that I just reviewed Attorney Clark's response to motion to revoke her pro hac vice status in the case. Told him that it appears we have a real problem. Telephone call to Hamilton, Christopher J. -- voice mail -- Told him that I was shocked by the response from Attorney Clark and that I had calls out to determine what is going on. Receipt and review of message from Blake Lowe advising me that he also received the pleadings from Jennifer Clark and that he is going to contact her to discuss the matter. | 1.4 | $150 | $210.00 |
| Tue 11/29/05 | Draft letter to the Judge with proposed Order for Mediation. Hand-deliver order to the Judge for signature. Fax copy of letter and proposed order to Attorney Lowe and Attorney Hamilton. | 0.6 | $150 | $90.00 |

Printed on 4/26/2006 at 8:03:23AM                    Exhibit A                                                    1

Billing for Clark, Larry H. (2003-CV-2830-C)

| Date | Description | Time | Rate | Value |
|---|---|---|---|---|
| Thu 12/1/05 | Receipt and review of message from Attorney Lowe re: approval of the proposed mediation order. | 0.2 | $150 | $30.00 |
| Wed 12/7/05 | Receipt and review of letter from Attorney Hamilton complaining that Attorney Clark has not withdrawn from the matter as of this date. Left voice mail message with Attorney Lowe re: issues with Attorney Clark withdrawing from the matter. | 0.4 | $150 | $60.00 |
| Thu 12/8/05 | Telephone call to Administrative Dispute Resolution -- spoke -- Called to ask for a list of neutrals for Attorney Hamilton. The list can be accessed through their website at www.adr9.com. The mediator I have used in another matter is Joe Gardner and can be reached at 678-642-4566. Drafted a certificate of service for the Order for Mediation and served upon Attorney Hamilton and emailed to Attorney Lowe. Telephone call to Lowe, Braxton Blake -- spoke -- re: substitution of counsel for Attorney Clark. | 0.8 | $150 | $120.00 |
| Wed 12/28/05 | Telephone call to Lowe, Braxton Blake -- spoke -- re: outstanding billing; mediation needed in January; and withdrawl of Attorney Clark. | 0.2 | $150 | $30.00 |
| Tue 1/10/06 | Telephone call to Lowe, Braxton Blake -- left message -- Told him that I have not yet received a check or any response to my bill nor a substitution of counsel in the case, so I will send a notice of intent to withdraw from the matter. Drafted a notice of intent to withdraw. Drafted a certificate of intent to withdraw. Drafted an order of withdrawal. | 1.7 | $150 | $255.00 |
| Thu 1/19/06 | Receipt and review returned mail from Albert Norton's address. Receipt and review of email message from Attorney Lowe regarding my continued representation in the matter. Drafted email response to him asking for $5000. Attached a copy of the 12-8-05 invoice for his review. | 0.6 | $150 | $90.00 |
| Fri 1/20/06 | Drafted a letter to the Judge with a copy of Order Permitting Counsel to Withdraw. | 0.4 | $150 | $60.00 |
| Fri 1/20/06 | Drafted a letter to Clerk for filing with copy of Certificate of Notice to Client of Intent to Withdraw and Counsel's Request to the Court for Permission to Withdraw. | 0.3 | $150 | $45.00 |
| Fri 2/3/06 | Receipt and review stamp filed copy of Certificate of Notice to Client of Intent to Withdraw adn Counsel's Request to the Court for Permission to Withdraw from Clerk's Office. | 0.2 | $150 | $30.00 |
| Sat 2/11/06 | Receipt and review letter from Judge Deal setting matter for a hearing on 2-27-06 for all attorneys to attend. Updated the trial calendar with the 2-27-06 hearing date. | 0.4 | $150 | $60.00 |
| Mon 2/20/06 | Review file and calendar to obtain style of case for use in drafting Conflict Letter for Week of 2-27-06. Drafted Conflict Letter for Week of 2-27-06. Copy Conflict Letter and mail to all parties. Fax Conflict Letter to the Judge and opposing attorneys. | 0.4 | $150 | $60.00 |
| Mon 2/27/06 | Telephone call to Coleman, Bob -- voice mail -- Asked if he would be available to handle a mediation this afternoon. Asked him to call the office if available. Clark Consolidated Motions Hearing (Deal) - Attended hearing on the matter on the issues of which attorneys will be handling the matter. Client agreed that Attorney Lowe and I will be the attorneys and Attorney Clark and the other attorney will be removed from the case. Review file in preparation for hearing this afternoon. Organize all documents in file and print document separators for pleadings. Open new file with labels. | 2.7 | $150 | $405.00 |
| Mon 2/27/06 | Telephone call to Administrative Dispute Resolution -- spoke -- Called Amanda to ask if there is any way to get a mediation lined up for this afternoon. Explained the situation and apologized for the urgency. Unfortunately, on staff member is out today and she is going into mediation now, so nobody is available to schedule it, especially with no notice. She gave me the names of local mediators to try to call: Rob Chambers; Bob Coleman; David Fox; Lucy Henry; and Mike Weaver. Clark Meeting with Client and Attorneys about the matter. Agreed to handle the case for a flat fee of $5000. | 1.7 | $150 | $255.00 |
| Thu 3/2/06 | Receipt and review returned mail from Jennifer P. Clark's address. | 0.2 | $150 | $30.00 |

*[handwritten: Notice that he]*

Billing for Clark, Larry H. (2003-CV-2830-C)

| Date | Description | Time | Rate | Value |
|---|---|---|---|---|
| Wed 3/29/06 | Telephone call to Marlene – Judge Deal's Office – spoke – Called her to talk about her message. She said that she had not received any of the orders yet and was checking on them. I told her that I had circulated my order for withdrawal on the matter but had not heard back yet. Nor had I seen Mr. Hamilton's proposed order either. She also alerted me to the fact that the mediation was to be held within 60 days and 30 days had already passed. Told her I would get with the parties and set it up right away. | 0.2 | $150 | $30.00 |
| Mon 4/3/06 | Receipt and review of the proposed order from the opposing attorney in the matter. | 0.2 | $150 | $30.00 |
| Wed 4/19/06 | Telephone conference with Attorney Lowe to get dates for mediation. Telephone conference with ADR to set up mediation. Receipt and review of the fax to set up mediation. Completed the fax and returned to ADR office. | 0.6 | $150 | $90.00 |
| Thu 4/20/06 | Receipt and review of the mediation schedule from the ADR office. Updated the trial calendar with the mediation date. | 0.4 | $150 | $60.00 |
| Tue 4/25/06 | Telephone call to Lowe, Braxton Blake – left message – Told his assistant that I was just checking to make sure Attorney Blake was going to be here for mediation tomorrow afternoon. She said that she would check with him and get back with me. Updated the contact list with the telephone number for Attorney Clark. Telephone call to Clark, Jennifer P. – voice mail – Told her that mediation is set for 1:30 tomorrow because we got no response from Attorney Hamilton as to mediators or dates for mediation. Telephone call from Clark, Jennifer P. – spoke – Talked to her about the matter. She said that her father has not received any communication from Blake Lowe about the matter since the last court date. I got the proper contact information from her for her father and told her that I would take a more active role in communicating with him in the future. The contact information is as follows: 770-967-6307 Home; 770-843-1807 Cell; P.O. Box 446, FB, GA 30542. Telephone call to Clark, Larry H – spoke – He accused me and Blake of conspiring with him to scam him out of the case, and that some of the money is going back to Blake. I told him that there is no scam and that Blake was responsible for contacting him about the matter. I told him that the matter was set for mediation but he would not stop hollering long enough for me to tell him what time the case is going to mediation. He wanted an hour and a half to find another attorney to represent him. I offered to give him his money back right now but he wanted more time to think about it. Telephone call to Lowe, Braxton Blake – spoke – Told him about the telephone call that I just had with the Client. Told him that I did not feel that it was a good idea for me to attend the mediation tomorrow. Told him that I was going to get out of the case. Gave him Client's cell phone number and he is going to call the Client to see if there is anything that he can do. Drafted a notice of intent to withdraw. Drafted a motion to withdraw. Drafted an order granting the motion to withdraw. Telephone conversation with the Client where he notified me he was going to come to the office to sign the affidavit of withdrawal and was going to pick up the check for the retainer. Drafted the consent to withdrawal for the Client to review on the matter. Met with the Client at the office. Walked to the office to the courthouse to see if the judge will sign the order permitting withdrawal. | 3.9 | $150 | $585.00 |
| Wed 4/26/06 | Clark Hearing on Motion to Withdraw - Attended hearing requested by the Client. Asked to be allowed to withdraw. The judge was going to permit the withdrawal AFTER the 10 day waiting period. Clark Mediation (Mike Weaver) - Attended mediation on the matter (reduced time by .25 due to juvenile emergency matter handled on a break). | 5.8 | $150 | $870.00 |
| Tue 5/9/06 | Receipt of telephone call from Judge's office requesting the order from mediation be faxed as soon as possible. | 0.2 | $150 | $30.00 |
| Mon 5/15/06 | Drafted Certificate Of Service for Order Permitting Cousel to Withdraw for Christopher Hamilton- opposing attorney, Braxton Lowe- co-cousel, Larry Clark- plaintiff. | 1.5 | $150 | $225.00 |

Grand Total:    33.0                                                                                                    $4,950.00

Mobile, Alabama  36602
251-432-7977 - Telephone


CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of the foregoing Notice of Filing upon opposing counsel at the following addresses this 23d day of June, 2008, via U.S. Mail, first-class postage prepaid.

Hawkins & Parnell, LLP
ATTN: Christopher Collier
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308

Georgia Department of Law
ATTN:  Robert Edwards
40 Capitol Square, SW
Atlanta, GA  30334-1300

JENNIFER P. CLARK (CLA075)

2