IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| JENNIFER P. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-173-MHT-TFM |
| | ) | |
| JASON J. DEAL, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION TO QUASH OR FOR A PROTECTIVE ORDER**

Comes now the Alabama State Bar, by and through its Office of General Counsel, and in response to the deposition subpoenas duces tecum directed to the Alabama State Bar, Attention Anthony McLain and Robert Lusk, copies of which are attached hereto as Exhibits 1 and 2, moves this Honorable Court to quash said subpoena and deny enforcement of same or for a protective order that the discovery not be had.

As grounds therefor, the Alabama State Bar submits:

1.      The undersigned has not conferred or attempted to confer with the plaintiff in an effort to resolve this dispute, as conversations between the Office of General Counsel and the plaintiff prior to service of the subpoenas duces tecum indicate that further conferences and attempts to conference would be futile and that court intervention is necessary.

2. J. Anthony McLain is scheduled to be out of the United States of America on the date scheduled and requiring his attendance at that time would be unduly burdensome and unreasonable.

3. The deposition subpoenas duces teum requires the disclosure of privileged or other protected matters and there is no exception or waiver applicable, to wit:

a. The plaintiff is currently admitted to practice law in the State of Alabama and, as such, a member of the Alabama State Bar and subject to the disciplinary jurisdiction of the Alabama Supreme Court and Disciplinary Commission and Disciplinary Board of the Alabama State Bar; see Rule 1, Alabama Rules of Disciplinary Procedure;

b. There is currently pending before the Disciplinary Commission an ongoing investigation into allegations that the plaintiff engaged in conduct that violates the Alabama Rules of Professional Conduct;

c. The disciplinary investigation is proceeding in accordance with the procedure established by Rule 12, Ala. R. Disc. P.;

d. The plaintiff has previously made demands upon the Alabama State Bar for production of its entire investigative file, including documents that are subject to privilege;

e. The plaintiff's demands have been denied by the Office of General Counsel because the investigation is ongoing and there is no right to discovery at this stage in the proceedings, and because some of the information sought is privileged;

f. The Supreme Court of Alabama, in the case of *Lewis V. Gerald*, 236 Ala. 91, 181 So. 306 (Ala. 1938), addressed the request of an attorney seeking a writ of mandamus requiring a local grievance committee investigating that attorney to allow his attorney to inspect and examine "…all letters, writings, notes, memoranda, reports of investigators, affidavits and evidence of all kinds and character relating to the undersigned (petitioner) in the investigation and charge of unprofessional conduct of the undersigned, and any information, complaint or charge on which the same is based." The Alabama Supreme Court likened the disciplinary investigation to that of a grand jury investigation and determined that the information sought was not subject to disclosure at that state of the proceedings;

g. Pursuant to Rule 12(e), Ala. R. Disc. P., should the disciplinary investigation proceed to formal charges, then, at that time, the plaintiff would be entitled to discovery in accordance with the Alabama Rules of Disciplinary Procedure and the applicable Alabama Rules of Civil Procedure.

4. Plaintiff is using these federal civil proceedings as a means to interfere with ongoing state court judicial proceedings and to circumvent state court jurisdiction over lawyer discipline and applicable state court rules of procedure; as such this Court

should abstain. *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). Notions of comity and federalism underlie the fundamental policy against federal interference with state court proceedings. Accordingly, "the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions." *Younger*, 401 at 46. *Younger* and its progeny require federal courts to abstain from granting injunctive relief that would interfere with pending state court judicial proceedings. See also, *Butler v. Alabama Judicial Inquiry Commission*, 261 F.3d 1154 (11th Cir. 2001).

For these reasons, the Alabama State Bar prays this Honorable Court will quash the subpoenas duces tecum and/or issue a protective order that discovery not be had.

Respectfully submitted this 8th day of July 2008.

**/s/ Robert E. Lusk, Jr.**
J. ANTHONY MCLAIN (ASB-1339-N73J)
General Counsel

ROBERT E. LUSK, JR. (ASB-1270-K52R)
Assistant General Counsel

**OF COUNSEL:**

Alabama State Bar
Post Office Box 671
Montgomery, AL  36101
(334) 269-1515
(334) 261-6311 (Fax)
robert.lusk@alabar.org

CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2008, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

                                                **/s/Robert E. Lusk, Jr.**
                                                ROBERT E. LUSK, JR. (ASB-1270-K52R)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Middle | DISTRICT OF | Alabama |

Jennifer P. Clark, Plaintiff,

V.

Jason J. Deal and E. Paul Stanley, Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:08-CV-173-MHT

TO: Alabama State Bar
ATTN: Mr. Robert Lusk
415 Dexter Avenue
Montgomery, Alabama 36104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  415 Dexter Avenue, Montgomery, Alabama 36104 | DATE AND TIME  7/18/2008 1:00 pm |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The entire investigative file pertaining to the grievance filed by E. Paul Stanley against Jennifer P. Clark and the Alabama State Bar's position pertaining to same. This subpoena includes the production of all materials relied upon in taking said position, and all written recommendations by the Mobile Bar Association and the Alabama State Bar, and the names of all people interviewed pertaining to said grievance

| PLACE  415 Dexter Avenue, Montgomery, Alabama 36104 | DATE AND TIME  7/18/2008 1:00 pm |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  /s/ Jennifer P. Clark, Pro Se | DATE  6/26/2008 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jennifer P. Clark, 222 Dearborn Street, South, Mobile, AL 36602
251-432-7977

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

| PROOF OF SERVICE | |
|---|---|
| DATE | PLACE |

SERVED

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

Middle DISTRICT OF Alabama

Jennifer P. Clark, Plaintiff,

V.

Jason J. Deal and E. Paul Stanley, Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 2:08-CV-173-MHT

TO: Alabama State Bar
ATTN: Mr. Anthony McLain
415 Dexter Avenue
Montgomery, Alabama 36104

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| 415 Dexter Avenue, Montgomery, Alabama 36104 | 7/18/2008 9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

The entire investigative file pertaining to the grievance filed by E. Paul Stanley against Jennifer P. Clark and the Alabama State Bar's position pertaining to same. This subpoena includes the production of all materials relied upon in taking said position, and all written recommendations by the Mobile Bar Association and the Alabama State Bar, and the names of all people interviewed pertaining to said grievance

| PLACE | DATE AND TIME |
|---|---|
| 415 Dexter Avenue, Montgomery, Alabama 36104 | 7/18/2008 9:00 am |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Jennifer P. Clark, Pro Se | 6/26/2008 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Jennifer P. Clark, 222 Dearborn Street, South, Mobile, AL 36602
251-432-7977

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
　　　　　　　　　　DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).