IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2008 JUL 11  A 10: 52

JENNIFER P. CLARK,      :
    PLAINTIFF,          :
                        :
V.                      :   2:08-CV-173-MHT
                        :
JASON J. DEAL AND       :
E. PAUL STANLEY,        :
    DEFENDANTS.         :

PLAINTIFF'S RESPONSE TO ALABAMA STATE BAR'S
MOTION TO QUASH SUBPOENAS OR REQUEST FOR PROTECTIVE ORDER

COMES NOW, the Plaintiff in the above-styled case, and
moves this Court to deny the Alabama State Bar's motion to quash
subpoenas and deny its request for protective order.  As grounds
thereto, the Plaintiff submits the following argument.

Anthony McLain and Robert Lusk of the Alabama State Bar
("ASB") are material witnesses in the above-styled case as they
ordered and participated in the investigation of E. Paul
Stanley's grievance against the undersigned.  There is no merit
to Stanley's grievance despite any "finding" to the contrary by
the Alabama State Bar.

**ALABAMA STATE BAR'S ALLEGATION OF "INTERFERENCE WITH STATE COURT
PROCEEDINGS"**

Not only, has the ASB refused to disclose its
recommendation or findings pertaining to Stanley's grievance,
but has now accused the undersigned of "interference" with its
investigation.  Nothing could be further from the truth.  In

1

fact, the undersigned has, on numerous occasions, requested a hearing pertaining to said grievance, and immediately supplied all information requested pertaining to this investigation. **EXHIBIT A** is the undersigned's letter to the Alabama State Bar and the State Bar of Georgia addressing the baseless and malicious allegations of professional misconduct by Stanley and my request for hearing.  **EXHIBIT B**, dated February 1, 2008, is my letter to Robert Lusk requesting a hearing on Stanley's baseless and malicious grievance, and my request to subpoena witnesses, including Stanley, Deal and Blake Lowe, to testify under oath.  **EXHIBIT C**, dated February 1, 2008, is Mr. Lusk's response to said request.  He informed me that I would be notified "promptly" of Disciplinary Commission's position.

Defending myself from Stanley's baseless allegations, I sent volumes of evidence to Richard Shields of the Mobile Bar Association as well as to Robert Lusk of the Alabama State Bar pertaining to Stanley's allegations.  In fact, **EXHIBIT D**, dated February 1, 2008, is a letter from Mr. Lusk asking me to stop sending information to him.

After the Mobile Bar Association completed its investigation, I was informed by a staff member of the Alabama State Bar that Stanley's grievance was to be heard by the Disciplinary Commission on Wednesday, June 18, 2008.  At that meeting, which I understand was conducted via conference call,

2

the ASB's position would be determined. Around noontime on June 18, I contacted the ASB regarding the outcome of that meeting. Anthony McLain informed me that the **case was not dismissed and that a decision had been made pertaining to Stanley's grievance, but he would not tell me their decision.** He went on to explain that their recommendation would be sent to the Mobile Bar as a courtesy due to their participation in the investigation, and that the Mobile Bar could petition the Disciplinary Commission for change or alteration to their decision. McLain told me that I may know their decision within one week. To this date, the ASB has refused to disclose its findings and position regarding Stanley's grievance other than to inform me that it had not been dismissed. I have not been given notice that the ASB's investigation has been reopened. (Plaintiff' Affidavit attached as **EXHIBIT G**).

The ASB has no protectable interest demanding confidentiality on its part assuming that its investigation is legitimate and conducted in good faith. The spirit of the requirement for confidentiality during disciplinary proceedings is in place to protect the target of the investigation. By virtue of this lawsuit, I am waiving confidentiality protection and have requested the entire investigative file from the ASB.

I have done everything possible to cooperate with both the Mobile Bar and the ASB, and have provided volumes of evidence

demonstrating the malicious and false allegations made by Deal and Stanley in Stanley's grievance. The ASB's asinine position that I have "interfered" with their investigation is absolutely false.

In fact, it is the ASB that is "interfering with judicial process" by its failure to dismiss Stanley's grievance, refusing to disclose to me its findings and the basis for same, and then attempting to avoid a deposition subpoena pertaining to its "investigation" after instructing me to stop sending information to them pertaining to this matter. If the Mobile Bar recommended dismissal of Stanley's grievance, and the ASB refused to follow that recommendation, it demonstrates a fundamental bias by the ASB due to Lusk's instruction to me to stop sending him information about this grievance in his letter of February 1, 2008. That bias has a direct impact on my lawsuit against Deal and Stanley. If the Alabama State Bar's investigation is legitimate and conducted in good faith, it should be honored to answer questions, under oath, pertaining to its findings.

## ALLEGATIONS MADE IN STANLEY GRIEVANCE

In his grievance to the ASB, Stanley falsely accused me of: (1) improper ex parte communications and (2) unauthorized practice of law.

4

1.  **ALLEGATION OF IMPROPER EX PARTE COMMUNICATIONS**

*Incorporated by reference is the Complaint, with Exhibits, in this case demonstrating that there was no ex parte communications with Jason Deal.  Deal refused to make full and public retraction of his allegation.*

2.  **ALLEGATION OF UNAUTHORIZED PRACTICE OF LAW**

**Exhibit E** is the Financial Power of Attorney which my Dad executed in my favor, and which I accepted, on May 23, 2007. Same was duly recorded with the Hall County Probate Court on May 24, 2007, at Book 6060, and Page 146-151.  This Financial Power of Attorney mirrors O.C.G.A. §10-6-142.  That statute is attached as **EXHIBIT F**.

*Certain responsibilities accompany said Power* including commencement of Disputes and Proceedings and the broad powers of the Agent.  It reads at Paragraph 10:

> "10.  Disputes and Proceedings: *To commence, prosecute, discontinue, or defend all actions or other legal proceedings* touching my property, real or personal, or any part thereof, or touching any matter in which I or my property, real or personal, may be in any way concerned.  To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims, and

5

> demands whatsoever that now, or hereafter shall be,
> pending between me and any person, firm, corporation,
> or other legal entity in such manner and all respects
> as my Agent shall deem proper."

Paragraph 13 reads:

> "13.  Broad Powers: **Without, in any way, limiting the
> foregoing, generally to do, execute, and perform any
> other act, deed, matter, or thing whatsoever,** that
> should be done, executed, or performed, including, but
> not limited to, powers conferred by Code Section 53-
> 12-232 of the official Code of Georgia Annotated, or
> **that in the opinion of my Agent, should be done,
> executed, or performed, for my benefit or the benefit
> of my property, real or personal, and in my name of
> every nature and kind whatsoever, as fully and**
>
> **effectually as I could do if personally present**."

Moreover, this Power of Attorney, not only allows, **but
requires**, the Agent to exercise of a duty of loyalty and good
faith to the Principal.  That Acceptance of Appointment reads in
pertinent part:

> "I, Jennifer Paige Clark, have read the foregoing
> Power of Attorney and am the person identified therein
> as Agent for Larry Hanes Clark (name of grantor of

power of attorney), the Principal named therein.   I
hereby acknowledge the following:

I owe a duty of loyalty and good faith to the
Principal, and must use the powers granted to me only
for the benefit of the Principal.

[…]

I hereby accept the foregoing appointment as Agent for
the Principal **with full knowledge of the
responsibilities imposed on me**, and I will faithfully
carry out my duties to the best of my ability."

In accordance to that responsibility, and in my Dad's stead
as a pro se litigant, I filed a lawsuit against Stanley for
fraud based upon his conduct in Larry Clark v. City of Flowery
Branch, et al., 2003-CV-2830-C.  The lawsuit against Stanley was
filed in the Magistrate Court of Hall County, Georgia, Case
Number MV2007-100716-P.  In retaliation for that lawsuit,
Stanley filed this defamatory grievance against me.  His
grievance has no merit whatsoever.

The ASB's failure to dismiss Stanley's grievance, and its
refusal to consider additional information from me, demonstrates
its ignorance of, or disinterest in, learning the facts
surrounding it.  These witnesses should be deposed to determine
why they are intent on attorney discipline based upon Stanley's
grievance, as this is the basis of my lawsuit againt Deal and

Stanley.  The ASB is so disinterested in the facts pertaining to
this grievance despite the volumes of information sent to them.
It is perplexing that the ASB finds Deal and Stanley credible on
these facts after asking me to stop sending them information
pertaining to this matter.

Defendants Deal and Stanley are maliciously attempting to
damage my legal career.  Those attempts resulted in an ASB
investigation and the ASB's apparent intent of professional
disciplinary action which is a material component of my lawsuit
filed against Deal and Stanley.

Lusk and McLain are material witnesses in the above-styled
case as I have spoken to both of them regarding Stanley's
grievance.  Rule 30, F.R.C.P. governs deposition subpoenas and
applies to parties and nonparties alike, allowing for the
deposition of public officials, attorneys, and other
governmental subdivisions.  There is no exception for the
Alabama State Bar.

This pending case is separate and distinct from the ASB's
"investigation" of Stanley's grievance, and they should be
treated as any other material witness.  I respectfully ask that
this Honorable Court deny the ASB's motion to quash subpoenas
and deny its request for a protective order.

Respectfully submitted,

8

JENNIFER P. CLARK (CLA075)
Plaintiff, Pro Se
222 Dearborn Street, South
Mobile, Alabama  36602
251-432-7977 - Telephone


CERTIFICATE OF SERVICE

        I hereby certify that I have served a true and correct copy
of the foregoing RESPONSE TO ALABAMA STATE BAR'S MOTION TO QUASH
SUBPOENAS OR REQUEST FOR PROTECTIVE ORDER upon opposing counsel
at the following addresses this 10th day of July, 2008, via U.S.
Mail, first-class postage prepaid.


Hawkins & Parnell, LLP
ATTN: Christopher Collier
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, GA  30308

Georgia Department of Law
ATTN:  Robert Edwards
40 Capitol Square, SW
Atlanta, GA  30334-1300

Alabama State Bar
ATTN:  Anthony McLain/Robert Lusk
415 Dexter Avenue
Montgomery, Alabama  36104

JENNIFER P. CLARK (CLA075)

EXHIBIT A

# Jennifer P. Clark

Attorney at Law
107 Saint Francis Street, #2403
Mobile, Alabama 36602

251.432.7977 – Telephone

251.432.7978 - Facsimile

December 10, 2007

Alabama State Bar
Disciplinary Commission
Post Office Box 671
Montgomery, Alabama 36101-0671

State Bar of Georgia
Unlicensed Practice of Law Dept.
Suite 100
104 Marietta Street, NW
Atlanta, Georgia 30303

*Re: Response to Grievance Filed by Paul Stanley*

Dear Sir or Madam,

I received correspondence from the law firm of Hawkins & Parnell, LLP, addressing a grievance filed with both the Alabama State Bar and the State Bar of Georgia against the undersigned by E. Paul Stanley. Please accept this correspondence in response to those baseless allegations. I have attached for your convenience the Financial Power of Attorney which has been duly executed, accepted and recorded in the Hall County Probate Court by my father, Larry H. Clark. I have also attached Jason Deal's Order dated February 28, 2007, recusing himself from Clark v. Flowery Branch, Georgia, et al, 2003-CV-2830-C, and my letter to him dated March 21, 2007, requesting that he amend his defamatory order of July 14 and 15, 2006.

I welcome the opportunity to be heard by both administrative bodies on Mr. Stanley's malicious allegations, and request a hearing. I intend to call witnesses, including Mr. Stanley, and request scheduling consideration in order to issue subpoenas. Based upon Mr. Stanley's allegations and case file references to 2003-CV-2830-C, the undersigned asks that the State Bar of Georgia reopen Mr. Clark's grievance against Stanley, and reserve its right to enter disciplinary sanctions against Stanley after a hearing on the evidence. If you have questions or need additional information pertaining to this matter, please call me at the number above.

Sincerely,

JENNIFER P. CLARK

Enclosure
cc: E. Paul Stanley via Hawkins & Parnell, LLP

EXHIBIT B

# Jennifer P. Clark
## Attorney
### 107 Saint Francis Street, #2403
### Mobile, Alabama 36602

251-432-7977 – Telephone                                               251-432-7978 – Facsimile

February 1, 2008

Alabama State Bar
ATTN: Mr. Robert Lusk
Disciplinary Commission
Post Office Box 671
Montgomery, Alabama 36101

*Via Facsimile and Certified Mail*
*334-261-6311*

Re: *Complaint Filed by E. Paul Stanley*
*ASB No. 08-16(A)*

Dear Mr. Lusk,

I am aware of this Commission's assignment of the above-referenced matter to Richard Shields of the Mobile Bar Association for investigation, however, due to the defamatory and baseless allegations made by Paul Stanley, I respectfully ask that this Commission set this matter for immediate hearing, and order Paul Stanley, Blake Lowe and Jason Deal to appear for testimony under oath, and under penalty of perjury.

This request is made with all due respect to Mr. Shields obligations in this matter as he has been exceptionally courteous and apparently diligent with his investigation, and I will continue to supply any information that he needs.

If you have questions or need additional information pertaining to this request, please call me at the number above.

Sincerely,

JENNIFER P. CLARK

cc:    Larry H. Clark
       Richard Shields

EXHIBIT C



ALABAMA STATE BAR
**THE DISCIPLINARY COMMISSION**
TELEPHONE 334-269-1515
P.O. BOX 671
MONTGOMERY, AL 36101

FAX: 334/261-6311

DELIVERY ADDRESS
415 DEXTER AVENUE
MONTGOMERY, AL 36104

February 1, 2008

### VIA FACSIMILE & U.S. MAIL

Ms. Jennifer P. Clark
Attorney at Law
107 Saint Francis Street, #2403
Mobile, AL 36602

      Re:    ASB 08-16(A)
              Complaint of E. Paul Stanley

Dear Ms. Clark:

      Your letter dated February 1, 2008 was received via facsimile this date. Your request that this matter be set for an immediate hearing for the purpose of securing testimony under oath is premature. Rule 12, Alabama Rules of Disciplinary Procedure, establishes the procedure that must be followed for investigations of allegations of attorney misconduct. This is the procedure that is followed in every case and yours will be no exception. As soon as the local grievance committee concludes its investigation, it will be reported to the Disciplinary Commission for further action. As soon as the Disciplinary Commission completes its review of the matter, you will be notified promptly, again in accordance with the applicable rules of disciplinary procedure. In the meantime, you should continue to cooperate with Mr. Shields. You may also contact me at any time with your concerns.

              Sincerely,

              Robert E. Lusk, Jr.
              Assistant General Counsel

REL/clr

RULE 30. ALABAMA RULES OF DISCIPLINARY PROCEDURE OF THE ALABAMA STATE BAR, ADOPTED BY THE SUPREME COURT OF ALABAMA, PROVIDES THAT ALL DISCIPLINARY PROCEEDINGS SHALL REMAIN CONFIDENTIAL UNTIL A PLEA OF GUILTY OR THE DISCIPLINARY BOARD OR DISCIPLINARY COMMISSION MAKES A FINDING OF GUILT.

EXHIBIT D



ALABAMA STATE BAR
**THE DISCIPLINARY COMMISSION**
TELEPHONE 334-269-1515
P.O. BOX 671
MONTGOMERY, AL 36101

FAX: 334/261-6311

DELIVERY ADDRESS
415 DEXTER AVENUE
MONTGOMERY, AL 36104

February 1, 2008

Ms. Jennifer P. Clark
Attorney at Law
107 Saint Francis Street, #2403
Mobile, AL  36602

   Re: ASB 08-16(A)
      Complaint of E. Paul Stanley

Dear Ms. Clark:

  We are in receipt of the numerous items of correspondence you have recently sent to this office concerning the above-referenced matter.  As you are aware, this matter was assigned to the local grievance committee of the Mobile Bar Association for investigation.  Therefore, please send all correspondence directly to them.

      Sincerely,

      Robert E. Lusk, Jr.
      Assistant General Counsel

REL/clr

EXHIBIT E

Jennifer P. Clark
222 South Dearborn Street
Mobile, AL 36602          **000146**
                    015122

# FINANCIAL POWER OF ATTORNEY

I, ***Larry Hanes Clark***, (hereinafter 'Principal'), a resident of Hall County, Georgia, do hereby constitute and appoint ***Jennifer Paige Clark*** my true and lawful attorney-in-fact (hereinafter "Agent") for me and give such person the power(s) specified below to act in my name, place, and stead in any way which I, myself, could do if I were personally present with respect to the following matters:

1. Bank and Credit Union Transactions: To make, receive, sign, endorse, execute, acknowledge, deliver, and possess checks, drafts, bills of exchange, letters of credit, notes, stock certificates, withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit of banks, savings and loans, credit unions, or other institutions or associations.

2. Payment Transactions: To pay all sums of money, at any time or times, that may hereafter be owing by me upon any account, bill or exchange, check, draft, purchase, contract, note, or trade acceptance made, executed, endorsed, accepted, and delivered by me or for me in my name, by my Agent.

3. Real Property Transactions: To lease, sell, mortgage, purchase, exchange, and acquire, and to agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any interest in real property whatsoever, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, tear down, alter, rebuild, improve, manage, insure, move, rent, lease, sell, convey, subject to liens, mortgages, and security deeds, and in any way or manner deal with all or any part of any interest in real property whatsoever, including specifically, but without limitation, real property lying and being situate in the State of Georgia, under such terms and conditions, and under such covenants, as my Agent shall deem proper and may for all deferred payments accept purchase money notes payable to me and secured by mortgages or deeds to secure debt, and may from time to time collect and cancel any of said notes, mortgages, security interests, or deeds to secure debt.

4. Personal Property Transactions: To lease, sell, mortgage, purchase, exchange, and acquire, and to agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any personal property whatsoever, tangible or intangible, or interest thereto, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, improve, manage, insure, rent, lease, sell, convey, subject to liens or mortgages, or to take any other security interests in said property which are recognized under the Uniform Commercial Code as adopted at that time under the laws of Georgia or any applicable state, or otherwise hypothecate, and in any way or manner deal with all or any part of any real or personal property whatsoever, tangible or intangible, or any interest therein, that I own at the time of

GEORGIA, HALL COUNTY, CLERK
SUPERIOR COURT FILED IN OFFICE
AND RECORDED IN BOOK
PAGE (S) 146 - 157  THIS 24
DAY OF ___ 20 07  AT 10:53 AM
DWIGHT S. WOOD, CLERK BY

000147

execution or may thereafter acquire, under such terms and conditions, as my Agent shall deem proper.

5. **Stock and Bond Transactions:** To purchase, sell exchange, surrender, assign, redeem, vote at any meeting, or otherwise transfer any and all shares of stock, bonds, or other securities in any business, association, corporation, partnership, or other legal entity, whether private or public, now or hereafter belonging to me.

6. **Safe Deposits:** To have free access at any time or times to any safe-deposit box or vault to which I might have access.

7. **Borrowing:** To borrow from time to time such sums of money as my Agent may deem proper and execute promissory notes, security deeds or agreements, financing statements, or other security instruments in such form as the lender may request and renew said notes and security instruments from time to time in whole or in part.

8. **Business Operating Transactions:** To conduct, engage in, and otherwise transact the affairs of any and all lawful business ventures of whatever nature or kind that I may now or hereafter be involved in.

9. **Insurance Transactions:** To exercise or perform any act, power duty, right, or obligation, in regards to any contract of life, accident, health, disability, liability, or other type of insurance or any combination of insurance; and to procure new or additional contracts of insurance for me and to designate the beneficiary of same; provided, however, that my Agent cannot designate herself as beneficiary of any such insurance contracts.

10. **Disputes and Proceedings:** To commence, prosecute, discontinue, or defend all actions or other legal proceedings touching my property, real or personal, or any part thereof, or touching any matter in which I or my property, real or personal, may be in any way concerned. To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims, and demands whatsoever that now are, or hereafter shall be, pending between me and any person, firm, corporation, or other legal entity in such manner and in all respects as my Agent shall deem proper.

11. **Hiring Representatives:** To hire accountants, attorneys at law, consultants, clerks, physicians, nurses, agents, servants, workmen, and others and to remove them, and to appoint others in their place, and to pay and allow the persons so employed such salaries, wages, or other remunerations, as my Agent shall deem proper.

12. **Tax, Social Security, and Unemployment:** To prepare, to make elections, to execute and to file all tax, social security, unemployment insurance, and

**000148**

informational returns required by laws of the United States, or of any state or subdivision thereof, or of any foreign government; to prepare, to execute, and to file all other papers and instruments which the Agent shall think to be desirable or necessary for safeguarding of me against excess or illegal taxation or against penalties imposed for claimed violation of any law or other governmental regulation; and to pay, to compromise, or to contest or to apply for refunds in connection with any taxes or assessments for which I am or may be liable.

13. **Broad Powers:** Without, in any way, limiting the foregoing, generally to do, execute, and perform any other act, deed, matter, or thing whatsoever, that should be done, executed, or performed, including, but not limited to, powers conferred by Code Section 53-12-232 of the official Code of Georgia Annotated, or that in the opinion of my Agent, should be done, executed, or performed, for my benefit or the benefit of my property, real or personal, and in my name of every nature and kind whatsoever, as fully and effectually as I could do if personally present.

14. **Effective Date:** This document will become effective upon the date of the Principal's signature.

It is my desire and intention that this power of **attorney** shall not be affected by my subsequent disability, incapacity, or mental incompetence. However, I understand that it shall be revoked and the Agent's power cancelled in the event a guardian is appointed for my property. As long as no such guardian is appointed, any and all acts done by the Agent pursuant to the powers conveyed herein during any period of my disability, incapacity, or mental incompetence shall have the same force and effect as if I were not disabled, incapacitated, or mentally incompetent.

I may, at any time revoke this power of **attorney**, and it shall be canceled by my death. Otherwise, unless a guardian is appointed for my property, this power of **attorney** shall be deemed to be in full force and effect as to all persons, institutions, and organizations which shall act in reliance thereon prior to the receipt of written revocation thereof signed by me and prior to my death.

I do hereby ratify and confirm all acts whatsoever which my Agent shall do, or cause to be done, in or about the premises, by virtue of this power of **attorney**.

All parties dealing in good faith with my Agent may fully rely upon the power of and authority of my Agent to act for me on my behalf and in my name, and may accept and rely on agreements and other instruments entered into or executed by the agent pursuant to this power of **attorney**.

000149

This instrument shall not be effective as a grant of powers to my Agent
until my Agent has executed the Acceptance of Appointment appearing at the end
of this instrument. This instrument shall remain effective until revocation by me
or my death, whichever occurs first.

My Agent shall receive no compensation for services rendered. _____

IN WITNESS WHEREOF, I have hereunto set my hand and seal on this
_23_ day of _May_, 2007.

_____
Principal

_____
WITNESS    Kimberly Leone
4827 Netherlands Pl.
Address
Flowery Branch, GA 30542
Address

_____
WITNESS
5443 Hennington Mill Dr
Address
Flowery Branch GA 30542
Address

I, _C Thomas Coppedge_, a Notary Public, do hereby certify that
_Lorna Hanes Clark_ personally appeared before me this date
and acknowledged the due execution of the foregoing Power of Attorney.

_____
Notary Public

State of _Georgia_

County of _____

C THOMAS COPPEDGE
Notary Public
Jackson County,
State of Georgia
My Commission Expires Dec 2___

## ACCEPTANCE OF APPOINTMENT

I, *Jennifer Paige Clark*, have read the foregoing Power of Attorney and am the person identified therein as Agent for *Larry Hanes Clark* (name of grantor of power of attorney), the Principal named therein. I hereby acknowledge the following:

I owe a duty of loyalty and good faith to the Principal, and must use the powers granted to me only for the benefit of the Principal.

I must keep the Principal's funds and other assets separate and apart from my funds and other assets and titled in the name of the Principal. I must not transfer title to any of the Principal's funds or other assets into my name alone. My name must not be added to the title of any funds or other assets of the Principal, unless I am specifically designated as Agent for the Principal in the title.

I must protect, conserve, and exercise prudence and caution in my dealings with the Principal's funds and other assets.

I must keep a full and accurate record of my acts, receipts, and disbursements on behalf of the Principal, and be ready to account to the Principal for such acts, receipts, and disbursements at all times. I must provide an annual accounting to the Principal of my acts, receipts, and disbursements to the personal representative of the Principal's estate within 90 days after the date of death of the Principal.

I have read the Compensation of Agent paragraph in the Power of Attorney and agree to abide by it.

I acknowledge my authority to act on behalf of the Principal ceases at the death of the Principal.

I hereby accept the foregoing appointment as Agent for the Principal with full knowledge of the responsibilities imposed on me, and I will faithfully carry out my duties to the best of my ability.

May 23, 2007
Date

Jennifer Paige Clark

000151

156 Dearborn St. S.
Address
Mobile, AL 36602
Address

I, _C. Thomas Coppedge_, a Notary Public, do hereby certify that _Scott Jennifer Raven Clark_ personally appeared before me this date and acknowledged the due execution of the foregoing Power of **Attorney**.

Notary Public

State of _Georgia_

County of _Hall_

G THOMAS COPPEDGE
Notary Public
Jackson County
State of Georgia
My Commission Expires Dec 21, 2009

EXHIBIT F

**10-6-142**

## Statutes and Session Law
### TITLE 10. COMMERCE AND TRADE
### Chapter 10-6 Agency
**10-6-142 Georgia statutory form for financial power of attorney**

---

**10-6-142 Georgia statutory form for financial power of attorney.**

The Georgia Statutory Form for **Financial Power** of **Attorney** shall be substantially as follows:

**FINANCIAL POWER OF ATTORNEY**

County of _____

State of Georgia

I, _____, (hereinafter "Principal"), a resident of _____
County, Georgia, do hereby constitute and appoint _____ my true and lawful
**attorney-in-fact** (hereinafter "Agent") for me and give such person the **power**(s) specified below to act
in my name, place, and stead in any way which I, myself, could do if I were personally present with
respect to the following matters:

(Directions: To give the Agent the powers described in paragraphs 1 through 13, place your initials
on the blank line at the end of each paragraph. If you DO NOT want to give a **power** to the Agent, strike
through the paragraph or a line within the paragraph and place your initials beside the stricken paragraph
or stricken line. The powers described in any paragraph not initialed or which has been struck through
will not be conveyed to the Agent. Both the Principal and the Agent must sign their full names at the end
of the last paragraph.)

1. Bank and Credit Union Transactions: To make, receive, sign, endorse, execute, acknowledge,
deliver, and possess checks, drafts, bills of exchange, letters of credit, notes, stock certificates,
withdrawal receipts and deposit instruments relating to accounts or deposits in, or certificates of deposit
of banks, savings and loans, credit unions, or other institutions or associations.

2. Payment Transactions: To pay all sums of money, at any time or times, that may hereafter be
owing by me upon any account, bill or exchange, check, draft, purchase, contract, note, or trade
acceptance made, executed, endorsed, accepted, and delivered by me or for me in my name, by my
Agent.

Note: If you initial paragraph 3 or paragraph 4 which follow, a notarized signature will be required
on behalf of the Principal.

3. Real Property Transactions: To lease, sell, mortgage, purchase, exchange, and acquire, and to
agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept,
take, receive, and possess any interest in real property whatsoever, on such terms and conditions, and
under such covenants, as my Agent shall deem proper; and to maintain, repair, tear down, alter, rebuild,
improve, manage, insure, move, rent, lease, sell, convey, subject to liens, mortgages, and security deeds,
and in any way or manner deal with all or any part of any interest in real property whatsoever, including
specifically, but without limitation, real property lying and being situate in the State of Georgia, under

such terms and conditions, and under such covenants, as my Agent shall deem proper and may for all deferred payments accept purchase money notes payable to me and secured by mortgages or deeds to secure debt, and may from time to time collect and cancel any of said notes, mortgages, security interests, or deeds to secure debt.

4. Personal Property Transactions: To lease, sell, mortgage, purchase, exchange, and acquire, and to agree, bargain, and contract for the lease, sale, purchase, exchange, and acquisition of, and to accept, take, receive, and possess any personal property whatsoever, tangible or intangible, or interest thereto, on such terms and conditions, and under such covenants, as my Agent shall deem proper; and to maintain, repair, improve, manage, insure, rent, lease, sell, convey, subject to liens or mortgages, or to take any other security interests in said property which are recognized under the Uniform Commercial Code as adopted at that time under the laws of Georgia or any applicable state, or otherwise hypothecate, and in any way or manner deal with all or any part of any real or personal property whatsoever, tangible or intangible, or any interest therein, that I own at the time of execution or may thereafter acquire, under such terms and conditions, and under such covenants, as my Agent shall deem proper.

5. Stock and Bond Transactions: To purchase, sell, exchange, surrender, assign, redeem, vote at any meeting, or otherwise transfer any and all shares of stock, bonds, or other securities in any business, association, corporation, partnership, or other legal entity, whether private or public, now or hereafter belonging to me.

6. Safe Deposits: To have free access at any time or times to any safe-deposit box or vault to which I might have access.

7. Borrowing: To borrow from time to time such sums of money as my Agent may deem proper and execute promissory notes, security deeds or agreements, financing statements, or other security instruments in such form as the lender may request and renew said notes and security instruments from time to time in whole or in part.

8. Business Operating Transactions: To conduct, engage in, and otherwise transact the affairs of any and all lawful business ventures of whatever nature or kind that I may now or hereafter be involved in.

9. Insurance Transactions: To exercise or perform any act, **power**, duty, right, or obligation, in regard to any contract of life, accident, health, disability, liability, or other type of insurance or any combination of insurance; and to procure new or additional contracts of insurance for me and to designate the beneficiary of same; provided, however, that my Agent cannot designate himself or herself as beneficiary of any such insurance contracts.

10. Disputes and Proceedings: To commence, prosecute, discontinue, or defend all actions or other legal proceedings touching my property, real or personal, or any part thereof, or touching any matter in which I or my property, real or personal, may be in any way concerned. To defend, settle, adjust, make allowances, compound, submit to arbitration, and compromise all accounts, reckonings, claims, and demands whatsoever that now are, or hereafter shall be, pending between me and any person, firm, corporation, or other legal entity, in such manner and in all respects as my Agent shall deem proper.

11. Hiring Representatives: To hire accountants, attorneys at law, consultants, clerks, physicians, nurses, agents, servants, workmen, and others and to remove them, and to appoint others in their place, and to pay and allow the persons so employed such salaries, wages, or other remunerations, as my Agent shall deem proper.

12. Tax, Social Security, and Unemployment: To prepare, to make elections, to execute and to file all tax, social security, unemployment insurance, and informational returns required by the laws of the United States, or of any state or subdivision thereof, or of any foreign government; to prepare, to execute, and to file all other papers and instruments which the Agent shall think to be desirable or necessary for safeguarding of me against excess or illegal taxation or against penalties imposed for claimed violation of any law or other governmental regulation; and to pay, to compromise, or to contest or to apply for refunds in connection with any taxes or assessments for which I am or may be liable.

13. Broad Powers: Without, in any way, limiting the foregoing, generally to do, execute, and perform any other act, deed, matter, or thing whatsoever, that should be done, executed, or performed, including, but not limited to, powers conferred by Code Section 53-12-232 of the Official Code of Georgia Annotated, or that in the opinion of my Agent, should be done, executed, or performed, for my benefit or the benefit of my property, real or personal, and in my name of every nature and kind whatsoever, as fully and effectually as I could do if personally present.

14. Effective Date: This document will become effective upon the date of the Principal's signature unless the Principal indicates that it should become effective at a later date by completing the following, which is optional.

The powers conveyed in this document shall not become effective until the following time or upon the occurrence of the following event or contingency:

Note: The Principal may choose to designate one or more persons to determine conclusively that the above-specified event or contingency has occurred. Such person or persons must make a written declaration under penalty of false swearing that such event or contingency has occurred in order to make this document effective. Completion of this provision is optional.

The following person or persons are designated to determine conclusively that the above-specified event or contingency has occurred:

_____

_____

Signed: _____

Principal

_____

Agent

It is my desire and intention that this **power** of **attorney** shall not be affected by my subsequent disability, incapacity, or mental incompetence. However, I understand that it shall be revoked and the Agent's **power** canceled in the event a guardian is appointed for my property. As long as no such guardian is appointed, any and all acts done by the Agent pursuant to the powers conveyed herein during any period of my disability, incapacity, or mental incompetence shall have the same force and effect as if I were not disabled, incapacitated, or mentally incompetent.

I may, at any time, revoke this **power** of **attorney**, and it shall be canceled by my death. Otherwise,

unless a guardian is appointed for my property, this **power** of **attorney** shall be deemed to be in full force and effect as to all persons, institutions, and organizations which shall act in reliance thereon prior to the receipt of written revocation thereof signed by me and prior to my death.

I do hereby ratify and confirm all acts whatsoever which my Agent shall do, or cause to be done, in or about the premises, by virtue of this **power** of **attorney**.

All parties dealing in good faith with my Agent may fully rely upon the **power** of and authority of my Agent to act for me on my behalf and in my name, and may accept and rely on agreements and other instruments entered into or executed by the agent pursuant to this **power** of **attorney**.

This instrument shall not be effective as a grant of powers to my Agent until my Agent has executed the Acceptance of Appointment appearing at the end of this instrument. This instrument shall remain effective until revocation by me or my death, whichever occurs first.

Compensation of Agent. (Directions: Initial the line following your choice.)

1. My Agent shall receive no compensation for services rendered. _____

2. My Agent shall receive reasonable compensation for services rendered. _____

3. My Agent shall receive $ _____ for services rendered. _____

IN WITNESS WHEREOF, I have hereunto set my hand and seal on this ____ day of
_____, _____.


_____

Principal

WITNESSES

_____


_____

Signature and Address

_____


_____

Signature and Address

Note: A notarized signature is not required unless you have initialed paragraph 3 or 4 regarding property transactions.

I, _____, a Notary Public, do hereby certify that _____
personally appeared before me this date and acknowledged the due execution of the foregoing **Power** of **Attorney**.

Notary Public

State of Georgia

County of _____

ACCEPTANCE OF APPOINTMENT

I, _____ (print name), have read the foregoing **Power** of **Attorney** and am the person identified therein as Agent for _____ (name of grantor of **power** of **attorney**), the Principal named therein. I hereby acknowledge the following:

I owe a duty of loyalty and good faith to the Principal, and must use the powers granted to me only for the benefit of the Principal.

I must keep the Principal's funds and other assets separate and apart from my funds and other assets and titled in the name of the Principal.

I must not transfer title to any of the Principal's funds or other assets into my name alone. My name must not be added to the title of any funds or other assets of the Principal, unless I am specifically designated as Agent for the Principal in the title.

I must protect, conserve, and exercise prudence and caution in my dealings with the Principal's funds and other assets.

I must keep a full and accurate record of my acts, receipts, and disbursements on behalf of the Principal, and be ready to account to the Principal for such acts, receipts, and disbursements at all times. I must provide an annual accounting to the Principal of my acts, receipts, and disbursements, and must furnish an accounting of such acts, receipts, and disbursements to the personal representative of the Principal's estate within 90 days after the date of death of the Principal.

I have read the Compensation of Agent paragraph in the **Power** of **Attorney** and agree to abide by it.

I acknowledge my authority to act on behalf of the Principal ceases at the death of the Principal.

I hereby accept the foregoing appointment as Agent for the Principal with full knowledge of the responsibilities imposed on me, and I will faithfully carry out my duties to the best of my ability.

Dated: _____, _____.

_____

(Signature)

_____

(Address)

Note: A notarized signature is not required unless the Principal initialed paragraph 3 or paragraph 4 regarding property transactions.

I, _____, a Notary Public, do hereby certify that _____ personally appeared before me this date and acknowledge the due execution of the foregoing Acceptance of Appointment.


_____

Notary Public

Lawriter Corporation. All rights reserved.

The Casemaker Online database is a compilation exclusively owned by Lawriter Corporation. The database is provided for use under the terms, notices and conditions as expressly stated under the online end user license agreement to which all users assent in order to access the database.

EXHIBIT  G

MOBILE COUNTY)
STATE OF ALABAMA)

### AFFIDAVIT

JENNIFER P. CLARK, APPEARING BEFORE ME PERSONALLY HEREBY
DEPOSES UNDER OATH THE FOLLOWING:

My name is Jennifer P. Clark.  I am the Plaintiff in Clark
v. Jason J. Deal and E. Paul Stanley, 2:08-CV-173-MHT, which is
currently pending in the United States District Court, Middle
District of Alabama, Northern Division.

The Alabama State Bar conducted an investigation against me
based upon a grievance filed by E. Paul Stanley alleging
improper ex parte communications and unauthorized practice of
law.  I did not engage in improper ex parte communications with
Jason Deal nor did I engage in the unauthorized practice of law.
I sent information to both the Mobile Bar Association and the
Alabama State Bar pertaining to this grievance.  The Alabama
State Bar ultimately asked me to stop sending information to
them via its letter dated February 1, 2008.

I was informed by a staff member of the Alabama State Bar
that it would decide my case on June 18, 2008.  I was told that
this meeting would be conducted via conference call with various
disciplinary commission members.  On June 18, at around noon, I
called the Alabama State Bar inquiring about the result of that

meeting and whether Stanley's grievance had been dismissed. Anthony McLain informed me that a decision had been made, and the grievance had not been dismissed.  He further informed me that the Mobile Bar would have the opportunity to request reconsideration or alteration to its decision as a courtesy due to its participation in this investigation.  I requested the investigative file, and McLain told me that I "was not entitled to that."

To this date, the ASB has refused to inform me of its findings or the basis for its refusal to dismiss Stanley's grievance.

FURTHER THE DEPONENT SAYETH NOT.

JENNIFER P. CLARK (CLA075)

I, _Tara Wargo_, A Notary Public, do hereby certify that JENNIFER P. CLARK, appeared before me this date and I hereby acknowledge her signature to the foregoing Affidavit.

NOTARY PUBLIC    July 10, 2008

Commission Expires . 7/11/11