IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JENNIFER P. CLARK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:08-cv-173-MHT |
| | ) | |
| JASON J. DEAL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## **ORDER**

Pending before the Court are Defendants' *Motion to Quash or for a Protective Order* (Doc. 40, filed July 8, 2008) and *Plaintiff's Response to Alabama State Bar's Motion to Quash Subpoenas or Request Protective Order* (Doc. 42, filed July 11, 2008).

The Court has diversity jurisdiction, therefore the Court must apply Alabama substantive law and federal procedural law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). A question of privilege is substantive in nature, thus Alabama law determines the applicability of privilege. *See Somer v. Johnson*, 704 F.2d 1473, 1478 (11th Cir. 1983) (application of state attorney-client privilege); *see also Hyde Constr. Co. v. Koehring*, 455 F.2d 337, 340 (5th Cir. 1972) (in a diversity case legislative privileges must be treated as substantive and state law controls).[1]

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Applying Alabama Rule 12 of the Alabama Rules of Disciplinary Procedure, the information sought by Plaintiff is currently privileged and no exception exists to permit the discovery of said materials. Further, as noted by Defendants in their motion, the Alabama Supreme Court addressed this exact issue in *Lewis v. Gerald*. 236 Ala. 91, 181 So. 306 (1938).

Consequently, for good cause, it is **ORDERED** that the motion to quash is **GRANTED** and the subpoenas at issues are hereby quashed.

DONE this 14th day of July, 2008.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE